1
2
3
4

Mohammad Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Tel: (213) 977-9500

5
6

(Additional counsel continued on next page)

7
8
9
10
11

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

12
13
14

ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH,

15

     *Plaintiffs*,

16
17

v.

18
19
20
21
22
23
24
25
26
27

ALEJANDRO MAYORKAS,
Secretary of the U.S. Department of
Homeland Security, in his official
capacity; CHRIS MAGNUS,
Commissioner of U.S. Customs and
Border Protection, in his official
capacity; TAE D. JOHNSON, Acting
Director of U.S. Immigration and
Customs Enforcement, in his official
capacity; and STEVE K. FRANCIS,
Acting Executive Associate Director,
Homeland Security Investigations, in
his official capacity,

     *Defendants*.

**JOINT CASE MANAGEMENT
STATEMENT**

No. 2:22-cv-01916-FWS-GJS

28

Ashley Gorski (*pro hac vice*)
agorski@aclu.org
Scarlet Kim (*pro hac vice*)
scarletk@aclu.org
Sarah Taitz (*pro hac vice*)
staitz@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500

Daniel Mach (*pro hac vice*)
dmach@aclu.org
Heather L. Weaver (SBN 226853)
hweaver@aclu.org
American Civil Liberties Union Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Tel: (202) 675-2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
American Civil Liberties Union of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Tel: (651) 645-4097

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice

JOINT CASE MANAGEMENT STATEMENT

1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email:  leslie.vigen@usdoj.gov

*Counsel for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties submit this joint case management statement pursuant to the Court's Order issued on April 27, 2022. Dkt. No. 35.

**a.** Plaintiffs filed this action on March 24, 2022. *See* Compl., Dkt. No. 1.

**b.** Plaintiffs Imam Abdirahman Aden Kariye, Mohamad Mouslli, and Hameem Shah are Muslim U.S. citizens. Compl. ¶¶ 8–10. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security ("DHS"). *Id.* at ¶ 12. Defendant Chris Magnus is the Commissioner of U.S. Customs and Border Protection ("CBP").[1] *Id.* at ¶ 13. Defendant Tae D. Johnson is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"). *Id.* at ¶ 14. Defendant Steve K. Francis is the Acting Executive Associate Director of Homeland Security Investigations ("HSI"), a subcomponent of ICE. *Id.* at ¶¶ 11, 15. Each defendant is sued in his official capacity. *Id.* at ¶¶ 12–15.

**c.** Plaintiffs bring six claims against Defendants.

**i. Claim One—Violation of the First Amendment Establishment Clause:** Plaintiffs allege that at U.S. border crossings, federal border officers have subjected Plaintiffs to questioning about "their religious beliefs, practices, and associations," Compl. ¶¶ 1, 147; that "Defendants engage in a policy and/or practice of singling out and targeting Muslims, including Plaintiffs, for religious questioning during secondary

---

[1] Chris Magnus is substituted for Mark Morgan pursuant to Fed. R. Civ. P. 25(d).

inspections because of their adherence to Islam," *id.* at ¶ 147; that "Defendants retain records that reflect answers to religious questions," *id.*; and that this alleged conduct violates the Establishment Clause, *see id.* at ¶¶ 11, 144–53.

ii. **Claim Two—Violation of the First Amendment Free Exercise Clause:** Plaintiffs allege that Defendants' alleged conduct violates the Free Exercise Clause. *See* Compl. ¶¶ 154–61.

iii. **Claim Three—Violation of the First Amendment Right to Free Association:** Plaintiffs allege that Defendants' alleged conduct violates the First Amendment right to free association. *See* Compl. ¶¶ 162–70.

iv. **Claim Four—Violation of the First Amendment—Retaliation:** This claim is brought solely by Plaintiff Shah. He alleges that Defendants' border officers took retaliatory adverse actions against him, allegedly because he engaged in constitutionally protected activities. *See* Compl. ¶¶ 171–76.

v. **Claim Five—Violation of the Fifth Amendment Due Process Right to Equal Protection:** Plaintiffs allege that Defendants' alleged targeting of Muslims, including Plaintiffs, for religious questioning violates the equal protection component of the Due Process Clause of the Fifth Amendment. *See* Compl. ¶¶ 177–85.

vi. **Claim Six—Violation of the Religious Freedom Restoration Act**

**("RFRA"):** Plaintiffs allege that Defendants' alleged conduct violates RFRA, 42 U.S.C. 2000bb *et seq. See* Compl. ¶¶ 186–89.

Defendants' deadline to respond to the complaint has not yet arisen. By signing this joint case management statement, Defendants agree only that the complaint contains the foregoing claims, and expressly do not admit that this Court has jurisdiction to hear these claims, or that Plaintiffs have stated any claim for relief.

**d.** Plaintiffs allege that "federal border officers" ask them "deeply personal and religiously intrusive questions . . . when they return home to the United States from international travel." Compl. ¶ 1. The complaint alleges that "CBP officers have questioned [Plaintiff] Kariye about his Muslim faith" on five occasions between September 2017 and January 2022, *id.* at ¶ 32, *see id.* at ¶¶ 33–57; that "[o]n the last four occasions [Plaintiff] Mouslli has traveled internationally," between August 2018 and June 2021, "CBP officers have subjected him to religious questioning upon his return home," *id.* at ¶ 74, *see id.* at ¶¶ 75–93; and that "[o]n May 7, 2019, CBP officers subjected [Plaintiff] Shah to religious questioning during secondary inspection at LAX," *id.* at ¶ 108, *see id.* at ¶¶ 109–30. Plaintiffs further allege that "Americans who practice other faiths are not routinely subject to similar questioning about their beliefs and practices during secondary inspection." *Id.* at ¶ 148. Plaintiffs allege that "[b]order officers ask these questions pursuant to a broader policy

and/or practice by [CBP] and [HSI] of targeting Muslim American travelers for questioning about their religious beliefs, practices, and associations, and retaining the answers in a law enforcement database for up to 75 years." *Id.* at ¶ 1. Defendants' deadline to respond to the complaint has not yet arisen. By signing this joint case management statement, Defendants agree only that the complaint contains the foregoing allegations, and expressly do not admit to any of the allegations in the complaint, including those quoted or referenced herein.

e. Plaintiffs do not seek damages. They request the following relief from this Court, as set forth in the complaint's request for relief, *see* Compl. at 35:

   i. Declare that the religious questioning of Plaintiffs, as well as the policies and practices of DHS and CBP described in the complaint, violate the First and Fifth Amendments to the U.S. Constitution and RFRA;

   ii. Enjoin DHS and CBP and their agents, employees, successors, and all others acting in active concert with them from questioning Plaintiffs about their religious beliefs, practices, and First Amendment-protected religious associations during future border inspections;

   iii. Order Defendants and their agents, employees, successors, and all others acting in active concert with them to expunge all records they have retained regarding the unlawful religious questioning of Plaintiffs, including records reflecting the substance of information that Plaintiffs

were unlawfully compelled to disclose;

iv. Order Defendants and their agents, employees, successors, and all others acting in active concert with them to expunge all records that were collected as a result of retaliatory action against Plaintiff Shah;

v. Award Plaintiffs' counsel reasonable attorneys' fees and litigation costs, including but not limited to fees, costs, and expenses pursuant to 28 U.S.C. § 2412; and

vi. Grant such other and further relief as the Court deems proper.

Defendants' deadline to respond to the complaint has not yet arisen. By signing this joint case management statement, Defendants agree only that the complaint contains the foregoing requests for relief, and expressly do not admit that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

**f.** Discovery has not yet commenced.

**g.** After being originally assigned to Judge Otis D. Wright II, the case was reassigned to Judge Fred W. Slaughter. *See* Dkt. Nos. 5, 34. The district court granted several motions by Plaintiffs' counsel to proceed pro hac vice. No other motions have been submitted, and there have been no other proceedings in the case.

**h.** Defendants' response to Plaintiffs' complaint is due May 31, 2022.

**i.** There is no request to modify this date.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**j.** The parties do not consent to a magistrate judge for trial.

**k.** There is no immediate need for a case management conference to be scheduled in this action.

**l.** Neither party seeks immediate relief regarding the case schedule.


Dated: May 12, 2022               Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

AMERICAN CIVIL LIBERTIES UNION OF
    MINNESOTA

ACLU FOUNDATION OF SOUTHERN
    CALIFORNIA


By:   */s/ Ashley Gorski*_____
    Ashley Gorski
    American Civil Liberties Union Foundation

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   */s/ Leslie Cooper Vigen*
        LESLIE COOPER VIGEN
        Trial Attorney
        Civil Division, Federal Programs Branch
        United States Department of Justice

*Counsel for Defendants*