BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants*. | CASE NO. 2:22-CV-1916-FWS-GJS <br><br> **DEFENDANTS' UNOPPOSED MOTION TO CONTINTUE THE SCHEDULING CONFERENCE AND RELATED DEADLINES** <br><br> **Hearing:** <br> Date: July 28, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 10D <br><br> Honorable Fred W. Slaughter <br> **United States District Judge** |

PLEASE TAKE NOTICE that Defendants, Alejandro Mayorkas, Secretary of the Department of Homeland Security, in his official capacity; Chris Magnus, Commissioner of U.S. Customs and Border Protection, in his official capacity; Tae D. Johnson, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and Steve K. Francis, Acting Executive Associate Director, Homeland Security Investigations, in his official capacity, will, and hereby do, move this Court to continue the Scheduling Conference currently set for September 1, 2022. *See* ECF No. 42. Defendants seek a continuance of the Conference until at least 30 days after the issuance of an order on Defendants' pending motion to dismiss, *see* ECF No. 40, assuming any of the complaint's counts survives dismissal. By operation of Federal Rule of Civil Procedure 26(f) and the Court's Civil Standing Order, such a continuance will also continue the deadlines for the parties' Rule 26(f) conference to 21 days before the new Scheduling Conference date, and for the joint Rule 26(f) report to 14 days before the new Scheduling Conference date.

This motion is based on this Notice and Motion and the attached Declaration of Leslie Cooper Vigen. Counsel for Plaintiffs has indicated that Plaintiffs do not intend to oppose it. In support of this motion, Defendants state as follows:

1. Plaintiffs filed a complaint in this suit on March 24, 2022. *See* ECF No. 1.

2. On May 31, 2021, Defendants filed a motion to dismiss the complaint in full pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 40.

3. Plaintiffs' response to the motion to dismiss is due June 27, 2022, and Defendants' reply in support of the motion is due July 14, 2022. *See* ECF Nos. 39 & 41. The motion is noticed for hearing on July 28, 2022. *See* ECF No. 40.

4. The initial Scheduling Conference in this matter is set for September 1, 2022. *See* ECF No. 42. The parties are therefore required to complete the Rule 26(f) conference by August 11, 2022—21 days prior to the Scheduling Conference—and

to submit the joint Rule 26(f) report by August 18, 2022—14 days prior to the Scheduling Conference. *See id.*

5. Given that the Rule 26(f) conference must be held two weeks after the hearing on Defendants' motion to dismiss at the latest, it is unlikely that an order on the motion to dismiss will issue prior to that deadline.

6. Parties may seek to continue an initial scheduling conference and other case management obligations for "good cause." *See* Fed. R. Civ. P. 16(b)(4); Civil Standing Order, ECF No. 38; *see also* Fed. R. Civ. P. 26(c)(1). District courts also "have 'inherent power' to control their dockets." *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2020 WL 2220207, at *3 (C.D. Cal. Jan. 7, 2020) (quoting *So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002)).

7. Here, good cause exists for a brief continuance of the Scheduling Conference until at least 30 days after the issuance of an order on Defendants' motion to dismiss. Defendants seek to dismiss each of the complaint's six counts. The resolution of that motion could result in a determination that Plaintiffs' complaint fails to state any claim upon which relief may be granted, or that certain claims warrant dismissal. It could thus render all or some initial disclosures or discovery unnecessary, or serve to reduce the number or scope of potential discovery disputes. For these reasons, a continuance of the initial Scheduling Conference, and the resulting continuance of other initial case management obligations under Rule 26(f) would promote efficiency and prevent the unnecessary expenditure of time or effort by the parties or the Court.

8. Courts within this District have granted analogous requests for stays of discovery obligations in similar situations where a potentially dispositive motion is pending. *See, e.g., SSI (US), Inc. v. Ferry*, 2021 WL 4812952, at *3 (C.D. Cal. May 25, 2021); *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*,

2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019); *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013).

9. There have been no previous requests for continuances in this matter. This motion is made in good faith and is not intended to interpose unnecessary delay in this action.

10. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 13, 2022. During that conference, counsel for Plaintiffs indicated that Plaintiffs were unwilling to enter into a joint stipulation, but represented that Plaintiffs do not intend to oppose this motion and take no position on the relief requested herein.

11. Accordingly, Defendants make the unopposed request for a continuance of the initial Scheduling Conference in this matter until a date convenient to the Court at least 30 days after the issuance of an order resolving the pending motion to dismiss, should any of Plaintiffs' claims remain following such order. A proposed order granting this motion is attached.

Dated: June 27, 2022

                                    Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Principal Deputy Assistant Attorney General
                                    Civil Division

                                    BRIGHAM J. BOWEN
                                    Assistant Branch Director
                                    Federal Programs Branch, Civil Division

                                    */s/ Leslie Cooper Vigen*
                                    LESLIE COOPER VIGEN
                                    Trial Attorney (DC Bar No. 1019782)
                                    Civil Division, Federal Programs Branch

United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for Defendants*