BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
          (202) 598-3869
Email:  Robert.W.Meyer@usdoj.gov
        Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, *et al.*, | CASE NO. 2:22-CV-1916-FWS-GJS |
|     *Plaintiffs*, | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
|     *Defendants*. | |

Pursuant to Federal Rule of Civil Procedure 8, Defendants hereby answer the First Amended Complaint (Dkt. No. 61 ("Complaint")) in the above-captioned action as follows, using the paragraph numbering of the Complaint.[1]

1.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

2.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

3.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

4.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

5.    The allegations in this paragraph constitute argument and conclusions of law, to which no response is required. To the extent a response is required, the allegations within this paragraph are denied.

---

[1] Defendants have not responded to or included here the headings in the Complaint on the grounds that they are not factual allegations. To the extent a response is required to the headings, Defendants deny them.

6.     The allegations in this paragraph constitute conclusions of law, to which no response is required.

7.     The allegations within the first sentence of this paragraph constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants admit that officers of the United States are sued in their official capacities in this lawsuit. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within the second sentence of this paragraph. To the extent a response is required, the remaining allegations within the second sentence of this paragraph are denied.

8.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

11.     Defendants admit that the heads of DHS and its agencies, CBP and ICE

(of which HSI is a subcomponent), are Defendants. Defendants deny that ICE is responsible for the challenged alleged religious questioning and retention of related information. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

12.    Defendants deny that Alejandro Mayorkas is the current Secretary of DHS. The remaining allegations within this paragraph constitute argument and conclusion of law, to which no response is required. To the extent a response is required, the remaining allegations within this paragraph are denied.

13.    Defendants deny that Troy Miller is the current Acting Commissioner of CBP. The remaining allegations within this paragraph constitute argument and conclusion of law, to which no response is required. To the extent a response is required, the remaining allegations within this paragraph are denied.

14.    Defendants deny that Tae Johnson is the current Acting Director of ICE. The remaining allegations within this paragraph constitute argument and conclusion of law, to which no response is required. To the extent a response is required, the remaining allegations within this paragraph are denied.

15.    Defendants deny that Steve K. Francis is the current Acting Executive Associate Director of HSI. The remaining allegations within this paragraph constitute argument and conclusion of law, to which no response is required. To the

4

extent a response is required, the remaining allegations within this paragraph are denied.

16.     The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

17.     Defendants admit that CRCL sent a letter to the ACLU dated May 3, 2011. The remaining allegations within this paragraph are based on complaints submitted to CRCL and on the May 3, 2011, letter, which speak for themselves and are a complete and accurate statement of their contents.

18.     Defendants admit that CRCL sent a memorandum to the CBP Commissioner dated May 3, 2011. The remaining allegations within this paragraph are based on that memorandum, which speaks for itself and is a complete and accurate statement of its contents.

19.     The allegations within this paragraph are based on the memorandum CRCL sent to the CBP Commissioner dated May 3, 2011, which speaks for itself and is a complete and accurate statement of its contents.

20.     Defendants admit that CRCL sent correspondence to the ACLU and the National Security Project dated July 12, 2012. The remaining allegations within this paragraph are based on that correspondence, which speaks for itself and is a complete and accurate statement of its contents.

21.     Defendants admit that in a February 26, 2019, memorandum, CRCL stated that it had opened more than two dozen complaints on the subject of religious questioning. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

23.     The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

24.     The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants deny the allegations within the second sentence of this paragraph. Defendants admit that DHS has a policy for maintaining records that describe how an individual exercises his or her, First Amendment rights titled the Memorandum Concerning Information Regarding First Amendment Protected Activities. Defendants deny the remaining allegations within the third sentence of this paragraph. Defendants deny the allegations within the fourth sentence of this

paragraph.

25.    Defendants deny the allegations within this paragraph.

26.    Defendants admit that CBP may question travelers as part of any inspection and that a secondary inspection is a continuation of the inspection process but deny the remaining allegations within this paragraph.

27.    Defendants admit that law enforcement personnel may carry weapons, identify themselves as law enforcement officers or agents, may wear uniforms, and may direct travelers to inspection and secondary inspection areas. The remaining allegations within sub-paragraph (a) constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within sub-paragraph (a) are denied. The allegations within sub-paragraph (b) constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within sub-paragraph (b) are denied. Defendants admit the allegations within sub-paragraph (c). Defendants admit that CBP officers may examine items a traveler has on their person to determine admissibility or any national security or safety concerns but deny the remaining allegations within sub-paragraph (d).

28.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

29.    The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants admit that law enforcement personnel may document encounters and retain records consistent with the applicable System of Records Notice but deny the remaining allegations within the second sentence of this paragraph. The allegations within the third sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the third sentence of this paragraph are denied. Defendants admit that when HSI agents are involved in secondary inspections, they routinely create and maintain records of the secondary inspection but deny the remaining allegations within the fourth sentence of this paragraph.

30.    Defendants admit that there is a database titled TECS, that is an overarching law enforcement information collection, analysis, and sharing environment that securely links telecommunications devices and personal computers to a central system and database. Defendants admit that some ICE personnel maintain user access to CBP's TECS program. Defendants further admit that the retention period for information maintained in TECS is seventy-five (75) years from the date of the collection of the information or for the life of the law enforcement

matter to support that activity and other enforcement activities that may become related. Defendants deny any remaining allegations regarding TECS inconsistent with the description of the database found at https://www.govinfo.gov/content/pkg/FR-2008-12-19/html/E8-29807.htm, which provides complete and accurate statement of the contents of the TECS database.

31.    The allegations in the first sentence are denied. With respect to the second sentence, Defendants admit that law enforcement personnel may document encounters and retain records consistent with the applicable System of Records Notice but deny the remaining allegations within this paragraph.

32.    The allegations in this paragraph constitute conclusions of law, to which no response is required.

33.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

34.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

35.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

36.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

37.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

38.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

39.    The allegations in this paragraph constitute conclusions of law, to which no response is required.

40.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the last sentence of this paragraph are based on the Supreme Court's decision in *Everson v. Board of Education of Ewing Township*, 330 U.S. 1 (1947), which speaks for itself and is a complete and accurate statement of its contents.

41.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the last sentence of this paragraph are based on James Madison's *Memorial and Remonstrance Against Religious Assessment*, which speaks for itself and is a complete and accurate

statement of its contents.

42.    Plaintiffs' allegations within this paragraph are based on James Madison's *Memorial and Remonstrance Against Religious Assessment*, which speaks for itself and is a complete and accurate statement of its contents.

43.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the last sentence of this paragraph are based on the Supreme Court's decision in *Larson v. Valente*, 456 U.S. 228 (1982), which speaks for itself and is a complete and accurate statement of its contents.

44.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the last sentence of this paragraph are based on the Supreme Court's decision in *Everson v. Board of Education of Ewing Township*, 330 U.S. 1 (1947), which speaks for itself and is a complete and accurate statement of its contents.

45.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the second sentence of this paragraph are based on Thomas Jefferson's autobiography, which speaks for itself and is a complete and accurate statement of its contents.

46.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the last sentence of this

11

paragraph are based on the Supreme Court's decision in *McCreary County v. ACLU of Kentucky*, 545 U.S. 844 (2005), which speaks for itself and is a complete and accurate statement of its contents.

47.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within this paragraph are based on Justice Gorsuch's concurrence in *Shurtleff v. City of Boston,* 142 S. Ct. 1583 (2022), which speaks for itself and is a complete and accurate statement of its contents.

48.    The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within this paragraph are based on the Supreme Court's decision in *Larson v. Valente*, 456 U.S. 228 (1982), which speaks for itself and is a complete and accurate statement of its contents.

49.    The allegations in this paragraph constitute conclusions of law, to which no response is required.

50.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

51.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

53.     The allegations in this paragraph constitute conclusions of law, to which no response is required. Plaintiffs' allegations within the last sentence of this paragraph are based on 13 U.S.C. § 221(c), which speaks for itself and is a complete and accurate statement of its contents.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

55.     Defendants admit that Plaintiff Kariye was referred to secondary inspection on at least five occasions but deny the remaining allegations within the first sentence of this paragraph. The allegations within the second sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the second sentence of this paragraph are denied. Defendants deny the allegations within the third sentence of this paragraph. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

56.    Defendants admit that CBP encountered Plaintiff Kariye on September 12, 2017, following a return trip from Saudi Arabia. The remaining allegations within this paragraph are Plaintiffs' characterization of the Hajj, which speaks for itself.

57.    Defendants admit that CBP encountered Plaintiff Kariye at the Seattle-Tacoma International Airport and that Plaintiff Kariye was referred to secondary inspection. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

58.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

59.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

60.    Defendants admit that there is a record of an inspection with Plaintiff Kariye for September 12, 2017. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

61.     Defendants admit that CBP encountered Plaintiff Kariye at the Peace
Arch Border Crossing on February 3, 2019, but lack knowledge or information
sufficient to form a belief about the truth of the remaining allegations within the first
sentence of this paragraph. To the extent a response is required, the remaining
allegations within the first sentence of this paragraph are denied. Defendants admit
that Plaintiff Kariye was returning from Vancouver, British Columbia with other
individuals but lack knowledge or information sufficient to form a belief about the
truth of the remaining allegations within the second sentence of this paragraph. To
the extent a response is required, the remaining allegations within the second
sentence of this paragraph are denied. Defendants lack knowledge or information
sufficient to form a belief about the truth of the remaining allegations within this
paragraph. To the extent a response is required, the remaining allegations within this
paragraph are denied.

62.     Defendants lack knowledge or information sufficient to form a belief
about the truth of the allegations within this paragraph. To the extent a response is
required, the allegations within this paragraph are denied.

63.     The allegations within this paragraph constitute argument and a
characterization of Plaintiffs' claims, which require no response. To the extent a
response is required, the allegations within this paragraph are denied.

64.     Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

65.    Defendants admit that CBP encountered Plaintiff Kariye on November 24, 2019 at the Ottawa International Airport but deny the remaining allegations within the first sentence of this paragraph. Defendants admit that there is an Ottawa Preclearance but deny the remaining allegations within the second sentence of this paragraph. Defendants admit that Plaintiff Kariye stated he was returning to the United States after attending a wedding in Canada but deny the remaining allegations within the fourth sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within the fifth sentence of this this paragraph. To the extent a response is required, the allegations within the fifth sentence of this paragraph are denied. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

66.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within the first, third, and fourth sentence of this paragraph. To the extent a response is required, the allegations within the first, third, and fourth sentence of this paragraph are denied. Defendants neither confirm nor deny the allegations within the second sentence of this paragraph because the

existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

67.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

68.    Defendants admit that there is a record of an inspection with Plaintiff Kariye for November 24, 2019. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

69.    Defendants admit that CBP encountered Plaintiff Kariye on August 16, 2020 at the Seattle-Tacoma International Airport and that he was referred to secondary inspection but deny the remaining allegations within the first sentence of this paragraph. Defendants admit that as part of that encounter, Plaintiff Kariye stated that he was traveling to Seattle, Washington, from Turkey via the Netherlands. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is

required, the allegations within this paragraph are denied.

71.     Defendants lack sufficient information regarding why Plaintiff Kariye answered the alleged questions.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

73.     The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

74.     Defendants admit that there is a record of an inspection with Plaintiff Kariye for August 16, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

75.     Defendants admit that CBP personnel conducted a pat-down search of Plaintiff Kariye during the encounter. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

76.     Defendants admit that CBP encountered Plaintiff Kariye on December

31, 2021, at the Minneapolis-Saint Paul Airport, but deny the remaining allegations within the first sentence of this paragraph. Defendants admit that Kariye was encountered following a return trip from the United Arab Emirates, Somalia, and Kenya with a connecting flight in the Netherlands. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

77.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

78.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

79.    Defendants admit that there is a record of an inspection with Plaintiff Kariye for December 31, 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

80.    Defendants admit the allegations within this paragraph.

81.    The allegations within this paragraph constitute argument and a

characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

82.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

83.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

84.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

85.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

86.    The allegations within the first and fifth sentences of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first and fifth sentences of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations

within this paragraph are denied.

87.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph.

88.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

89.    With respect to the first, second, third, and fourth sentences, Defendants admit only that the Department of Homeland Security operates the DHS Traveler Redress Inquiry Program ("DHS TRIP"), which is the redress process for individuals who have inquiries or seek resolution regarding difficulties they experienced during their travel screening at transportation hubs, including travelers who have been denied or delayed airline boarding; have been denied or delayed entry into or exit from the U.S. at a port of entry or border crossing; or have been repeatedly referred to additional (secondary) screening; otherwise, denied. The allegations within the fifth sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response; to the extent a response is required, the allegations in the fifth sentence are denied.

90.    To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. The remaining allegations

within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

91.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within the first, second, and third sentences of this paragraph. To the extent a response is required, the allegations within the first, second, and third sentences of this paragraph are denied. Defendants admit that "SSSS" means "Secondary Security Screening Selection," but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within the fourth sentence of this paragraph. To the extent a response is required, the remaining allegations within the fourth sentence of this paragraph are denied. Defendants neither confirm nor deny the allegations within the fifth sentence of this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

92.    Defendants admit that Plaintiff Kariye was referred to secondary inspection between 2020-2022. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

93.    Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations within the first, second, and third sentences of this paragraph. To the extent a response is required, the allegations within the first, second, and third sentences of this paragraph are denied. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

94.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

95.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

96.    Defendants admit that CBP maintains any records consistent with the Privacy Act and relevant systems of records notices (SORNS) but deny the remaining allegations within the first sentence of this paragraph. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

97.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

98.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

99.    The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

100.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

101.   The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are

denied.

102.   The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

103.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within the first, second, third, and fourth sentences of this paragraph. To the extent a response is required, the allegations within the first, second, third, and fourth sentences of this paragraph are denied. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

104.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

105.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

107.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

108.    Defendants admit that CBP encountered Plaintiff Moussli on August 8, 2018, at the Lukeville, AZ land port of entry. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

109.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

111.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

112.    Defendants admit that there is a record of an inspection with Plaintiff Mouslli for August 9, 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

113.    Defendants admit that CBP encountered Plaintiff Moussli and his son on August 6, 2019, at Los Angeles International Airport following a trip to Dubai with a connecting flight from the Netherlands. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

115.    The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the

extent a response is required, the remaining allegations within this paragraph are denied.

116.    Defendants admit that there is a record of an inspection with Plaintiff Mouslli for August 6, 2019. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

117.    Defendants admit that CBP encountered Plaintiff Mouslli on March 11, 2020 at the Los Angeles International Airport following travel to Dubai. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within the first sentence of this paragraph. To the extent a response is required, the remaining allegations within the first sentence of this paragraph are denied. Defendants admit that Plaintiff Mouslli stated that he was visiting his parents in the United Arab Emirates. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

119.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

120.    Defendants admit that there is a record of an inspection with Plaintiff Mouslli for March 11, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

122.    Defendants admit that CBP encountered Plaintiff Mouslli on June 5, 2021 at the Los Angeles International Airport. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within the first sentence of this paragraph. To the extent a response is required, the remaining allegations within the first sentence of this paragraph are denied. Defendants admit that Plaintiff Mouslli stated that he was visiting his parents in the United Arab Emirates. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within the second sentence of this paragraph. To the extent a response is required, the remaining allegations within

the second sentence of this paragraph are denied. Defendants admit that Plaintiff was with his daughter on June 5, 2021 at the Los Angeles International Airport. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

123.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

124.    The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

125.    Defendants admit that there is a record of an inspection with Plaintiff Mouslli for June 5, 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

126.    Defendants admit the allegations within this paragraph.

127.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

129.    To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

130.    Defendants incorporate by reference their responses to the allegations in paragraphs 83-89

131.    To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the

remaining allegations within this paragraph are denied.

132.   Defendants neither confirm nor deny the allegations within the first and last sentences of this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

133.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

134.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

135.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

136.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

137.   The allegations within this paragraph constitute argument and a

characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

138.   Defendants admit that CBP maintains any records consistent with the

Privacy Act and relevant systems of records notices (SORNS) but deny the

remaining allegations within the first sentence of this paragraph. The remaining

allegations within this paragraph constitute argument and a characterization of

Plaintiffs' claims, which require no response. To the extent a response is required,

the remaining allegations within this paragraph are denied.

139.   The allegations within this paragraph constitute argument and a

characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

140.   The allegations within this paragraph constitute argument and a

characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

141.   The allegations within the first sentence of this paragraph constitute

argument and a characterization of Plaintiffs' claims, which require no response. To

the extent a response is required, the allegations within the first sentence of this

paragraph are denied. Defendants lack knowledge or information sufficient to form

a belief about the truth of the remaining allegations within this paragraph. To the

extent a response is required, the remaining allegations within this paragraph are

denied.

142.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within the first, second, third, and fourth sentences of this paragraph. To the extent a response is required, the allegations within the first, second, third, and fourth sentences of this paragraph are denied. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

143.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

144.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

145.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

146.   Defendants admit that CBP encountered Plaintiff Shah on May 7, 2019 at Los Angeles International Airport following a return trip from Bosnia and Serbia. Defendants lack knowledge or information sufficient to form a belief about the truth

of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

147. Defendants admit that Plaintiff Shah was referred to secondary inspection. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

148. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

149. Defendants admit that Plaintiff Shah was referred to secondary inspection. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

150. Defendants admit that Plaintiff Shah was referred to secondary inspection. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

151. Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

152.   Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

153.   Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

154.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

155.   Defendants admit only that CBP conducted an examination of Plaintiff Shah's phone in his presence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

156.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

157.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

158.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

159.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

160.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

161.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

162.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

163.    The allegations within the first sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first sentence of this paragraph are denied. Defendants admit that CBP conducted an examination of Plaintiff Shah's phone, which was done in his presence. Defendants lack knowledge

37

or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

164.    Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

165.    Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

166.    Defendants deny that Officer 3 was an HSI agent. Defendants neither confirm nor deny the remaining allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

167.    Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

168.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

169.    Defendants admit that at the end of the encounter, Plaintiff Shah was

released without incident. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

170.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

171.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

172.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

173.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

174.    Defendants admit the allegations within this paragraph.

175.    Defendants admit that it provided redacted responsive documents to Plaintiff Shah in response to a FOIA request. The remaining allegations within this paragraph are based on those documents, which speak for themselves and is a

complete and accurate statement of their contents.

176. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

177. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

178. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

179. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

180. Defendants admit that during inspections of travelers, CBP may query law enforcement systems, including TECS, as part of its national security-related mission and to facilitate lawful travel. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

181. Defendants lack knowledge or information sufficient to form a belief

40

about the truth of the allegations within this paragraph. To the extent a response is required, the allegations within this paragraph are denied.

182.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

183.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

184.    Defendants admit that CBP maintains any records consistent with the Privacy Act and relevant systems of records notices (SORNS) but deny the remaining allegations within the first sentence of this paragraph. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied

185.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

186.    The allegations within the first and last sentence of this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within the first and last

sentence of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations within this paragraph. To the extent a response is required, the remaining allegations within this paragraph are denied.

187.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

188.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

189.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

190.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

191.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

192.   As Count One of the Complaint has been dismissed and no appeal

pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

193.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

194.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

195.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

196.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

197.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

198.   As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

199.  As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

200.  As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

201.  As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

202.  As Count One of the Complaint has been dismissed and no appeal pursued of its dismissal, *see* Dkt. 89 at 2 n.1, no response to the allegations in this paragraph is required.

203.  Defendants incorporate by reference their responses to the allegations above.

204.  The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

205.  Defendants admit that CBP encountered Plaintiffs on at least ten separate occasions and that CBP maintains any records consistent with the Privacy Act and relevant SORNs. The remaining allegations within this paragraph constitute

argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

206.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

207.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

208.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

209.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

210.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

211.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

212.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

213.   Defendants incorporate by reference their responses to the allegations above.

214.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

215.   Defendants admit that in the course of encountering travelers, officers and agents may question travelers and that CBP maintains any records consistent with the Privacy Act and relevant SORNs. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

216.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

217.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

218. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

219. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

220. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

221. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

222. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

223. Defendants in corporate by reference their responses to the allegations above.

224. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

225. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

226. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

227. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

228. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

229. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

230. Defendants incorporate by reference their responses to the allegations above.

231. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a

response is required, the allegations within this paragraph are denied.

232. Defendants admit that CBP encountered Plaintiffs on at least ten separate occasions and that CBP maintains any records consistent with the Privacy Act and relevant SORNs. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

233. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

234. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

235. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

236. The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

237. The allegations within this paragraph constitute argument and a

characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

238.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

239.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

240.   Defendants incorporate by reference their responses to the allegations above.

241.   Defendants admit that in the course of encountering travelers, officers and agents may question travelers and that CBP maintains any records consistent with the Privacy Act and relevant SORNs, consistent with any relevant retention period. The remaining allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the remaining allegations within this paragraph are denied.

242.   The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

243.   The allegations within this paragraph constitute argument and a

characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

244.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

245.    The allegations within this paragraph constitute argument and a characterization of Plaintiffs' claims, which require no response. To the extent a response is required, the allegations within this paragraph are denied.

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and that Plaintiffs are entitled to any relief by this Court as to Defendants.

Defendants deny all allegations in the Complaint not expressly admitted or denied.

First Defense

Plaintiffs cannot demonstrate a policy and/or practice by Defendants of religious questioning

Second Defense

Plaintiffs cannot demonstrate a burden to their religious beliefs.

Third Defense

51

Plaintiffs cannot demonstrate a substantial burden to their religious beliefs.

Fourth Defense

Defendants' actions are religiously neutral and/or generally applicable.

Fifth Defense

Defendants' actions are justified by a sufficiently important and/or compelling government interest.

Sixth Defense

Defendants' actions are narrowly tailored to a sufficiently important and/or compelling government interest.

Seventh Defense

Plaintiffs cannot demonstrate a violation of their free association rights.

Eighth Defense

Plaintiff Shah cannot demonstrate that he was subject to retaliation by Defendants for exercising his rights to freedom of religion and/or freedom of speech.

Tenth Defense

Plaintiffs cannot demonstrate that Defendants' actions violate their equal protection rights and discriminate against them on the basis of their Muslim religious beliefs.

Eleventh Defense

Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction over this lawsuit.

<u>Twelfth Defense</u>

Defendants reserve the right to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record subsequent to the close of discovery in the instant action.

Dated: January 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

*/s/ Yuri S. Fuchs*

ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
                  (202) 598-3869
Email:  Robert.W.Meyer@usdoj.gov
             Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

53