Ashley Gorski (*pro hac vice*)
agorski@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500

*Counsel for Plaintiffs*
(Additional counsel continued on next page)

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, *et al.*,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*,<br><br>        *Defendants*. | **PARTIES' AGREED ORDER FOR THE PRODUCTION OF DOCUMENTS AND ESI**<br><br>No. 2:22-cv-01916-FWS-GJS |

Mohammad Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Tel: (213) 977-9500

Daniel Mach (*pro hac vice*)
dmach@aclu.org
Heather L. Weaver (SBN 226853)
hweaver@aclu.org
American Civil Liberties Union Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Tel: (202) 675-2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
American Civil Liberties Union of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Tel: (651) 645-4097

John H. Hemann (SBN 165823)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000

Brett de Jarnette (SBN 292919)
Alexander K. Brehnan (SBN 317776)
Taylor J. Boyle (SBN 353178)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000

*Counsel for Plaintiffs*

YAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN

PARTIES' AGREED ORDER FOR THE PRODUCTION OF DOCUMENTS AND ESI

Assistant Branch Director
Federal Programs Branch, Civil Division

ROBERT W. MEYER
Robert.W.Meyer@usdoj.gov (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
              (202) 598-3869

*Counsel for Defendants*

1. **Purpose**

This Order governs discovery of electronically stored information in this case effective as of its entry by the Court. It shall not be interpreted to require production of irrelevant information or disclosures beyond those required by the Federal Rules of Civil Procedure. To the extent a Party reasonably believes that compliance with this Order imposes an undue burden with respect to any protocol or source, the parties shall promptly confer in an effort to resolve the issue.

The parties agree to make a good faith effort to identify discoverable sources of ESI and to ensure that this Order provides for production of all information in a reasonably usable form accompanied by metadata sufficient to accurately search and sort each party's production. The parties agree to meet and confer if they identify discoverable ESI sources that are not covered by the technical specifications in this Order and agree to modify as needed.

2. **Definitions**

The following definitions apply to this Order:

A. **"Database"** means an electronic collection of structured data (often maintained in a non-custodial manner).

B. **"Family"** means a group of static documents maintained as a single unit in the ordinary course of business (e.g. an email and its attachments).

C. **"ESI"** or **"Electronic Document"** means electronically stored information as defined in Federal Rule of Civil Procedure 34.

D. **"Extracted Text"** refers to the result of the process by which content of an Electronic Document is electronically extracted during e-discovery processing.

E. **"Native Format"** means the default format of ESI created by its associated software program and also includes the export format of documents that are not maintained in a usable Native Format.

  F. **"Optical Character Recognition"** or **"OCR"** refers to the result of the process by which a hard copy or non-searchable Electronic Document is scanned by a computer to capture text from the face of the document.

  G. **"Privileged Information"** refers to information subject to a claim of attorney-client privilege, work-product protection, or other privilege or immunity.

  H. **"Producing Party"** means any Party to this proceeding who produces documents or information under this Order.

  I. **"Receiving Party"** means any Party to this proceeding who receives documents or information under this Order.

**3.**  **Production Format**

Subject to the exceptions for documents to be produced in Native Format, documents will be produced as Bates-stamped tagged image file format ("Tiff") images accompanied by an image load file, a data load file with fielded metadata, document-level extracted text for ESI, and OCR text for scanned hard copy documents and ESI that does not contain extractable text. Detailed requirements, including files to be delivered in Native Format, are below.

  A. **De-duplication.** The parties will use industry standard MD5 or SHA hash values at the Family level to globally deduplicate all files identified for production. Stand-alone Electronic Documents will not be compared to email attachments for deduplication purposes. Hard copy documents containing handwritten notes will not be considered as duplicative of any other document.

  B. **Document Unitization.** Where documents with attachments are produced, they will be attached in the same manner as included in the original file. Unless documents contain solely Privileged Information, parties will produce complete Document Families where any portion of the Family contains relevant information. Where documents are produced and

the full Family is not included, the Producing Party will identify the missing attachments by means of a "place holder" file explaining why the document was not produced.

Where the Producing Party converts hard copy documents into electronic format, distinct documents must not be merged into a single record, and single documents must not be split into multiple records.

Hard copy Documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these divisions.

**C. Production Delivery.**  Productions shall be delivered via secure online data transfer or on an external hard drive if the size of a production makes online transfer impractical.

**D. Encryption.**  To maximize the security of information in transit, the Parties shall encrypt any media on which documents are produced. In such cases, the Producing Party will transmit the encryption key or password and applicable instructions to the Receiving Party, contemporaneously with transmission of the encrypted media.

**E. Tiff Image Requirements.**

i. Tiff images will be produced in black and white, 300x300 dpi Group IV single-page format and will be consecutively Bates-stamped.

ii. Images will include the following content where present and not protected by an applicable privilege or protection, in which case the content will be redacted and not withheld or removed unless the entire document is covered by an applicable privilege or protection, in which case the document will be withheld and the basis for withholding it will be described on any subsequent privilege log:

    a. For word processing files (*e.g.*, Microsoft Word): Comments, "tracked changes," similar in-line editing and all hidden content.

    b. For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments, and all other hidden content.

    c. For spreadsheet files (*e.g.*, Microsoft Excel – if applicable): Hidden columns, rows, and sheets; comments, and any similar in-line editing or hidden content.

**F. Native Production Requirements.**

    i. Spreadsheet files (*e.g.*, Microsoft Excel and .csv files), PowerPoint files, and A/V files shall be provided in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

    ii. The parties may use a Native File redaction tool (*e.g.*, "Blackout") to redact Privileged Information from documents produced in Native Format as long as the Receiving Party can easily identify where material has been redacted, *i.e.*, by viewing the Blackout marks on the documents.

    iii. When redaction of a spreadsheet is necessary in image format, a redacted full Tiff version may be produced if the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably usable in Tiff format, the parties will meet-and-confer to determine a suitable production format.

    iv. Media files (*e.g.*, .mp3, .wmv, etc.) will be produced in Native Format with a single placeholder image bearing the Bates number and confidentiality designation.

    v. The parties will meet-and-confer to discuss a suitable production format for any proprietary or non-standard file types that require special

- 4 -
PARTIES' AGREED ORDER FOR THE PRODUCTION OF DOCUMENTS AND ESI

software or technical knowledge for review, Databases and Database reports, and any document types that cannot be accurately rendered or reviewed in image format.

vi. The parties may request color copies of any documents that cannot be accurately reviewed in black and white Tiff format. Reasonable requests for color documents should not be refused.

**G. Load Files.** A Concordance compatible data load file will be provided with each production volume containing a header row listing all metadata fields included in the volume. Image load files will be produced in Concordance/Opticon compatible format.

**H. Extracted Text/OCR**

i. Electronically Extracted Text must be provided if available for documents collected from electronic sources. Text generated via OCR shall be provided for all documents that do not contain electronically extractable text (*e.g.*, non-searchable PDF files or JPG images), for documents redacted in image format (except for those portions that have been redacted), and hard copy documents. The parties will not degrade the searchability of documents as part of the document production process.

ii. Document text will be produced as separate, document-level text files and will not be embedded in the metadata load file.

iii. Text files will be named according to the beginning Bates number of the document to which they correspond.

iv. If a document is provided in Native Format, the text file will contain the Extracted Text of the native file (other than that of any portion that has been redacted).

**I. Metadata.** The parties agree to produce the metadata fields listed in Appendix A where applicable. Aside from metadata fields generated

during eDiscovery processing and production (*e.g.*, Bates numbers, hash and custodian values, etc.), the Producing Party is not obligated to produce metadata from a document if metadata is not reasonably available.

4. **Documents Protected from Discovery**

   **A. Review and Redaction.** Documents containing both Privileged Information and responsive non-Privileged Information will be produced with the Privileged Information redacted in such a way as to show the location of the redaction within the document.

   **B. Logging Procedures**

   i. Documents withheld or redacted based upon a claim of privilege (or subject to a recognized immunity from discovery) shall be included on a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A).

   ii. The parties will not be required to log privileged communications or attorney work product dated March 24, 2022 or after.

# APPENDIX A

## METADATA FIELDS

1. **BegBates** – Beginning Bates number.
2. **EndBates** – Ending Bates number.
3. **BegAttach** – Bates number of the first page of a Family range.
4. **EndAttach** – Bates number of the last page of a Family range.
5. **ParentID** – Parent Bates number, populated only for child records.
6. **PageCount** – Number of pages in a document.
7. **FileExtension** – Original file extension as the document was maintained in the ordinary course.
8. **FileSize** – File size in bytes.
9. **DocTitle** – document title as stored in file metadata or a cloud repository.
10. **Custodian** – Primary custodian full name.
11. **AllCustodians** – All custodians from whom a copy of a document was collected.
12. **Author** -- document author information for non-email.
13. **Email From**
14. **Email To**
15. **Email CC**
16. **Email BCC**
17. **Email Subject**
18. **Attachments** – Name of attached file(s) as maintained in the ordinary course of business.
19. **DateCreated** – File date and time created as extracted from the Native File.
20. **DateModified** – File date and time modified as extracted from the Native File.

21. **DateLastAccessed** – File date and time accessed as extracted from the Native file.
22. **DateLastSaved** – File date and time last saved as extracted from the Native File.
23. **DateSent** – Email date and time sent.
24. **DateReceived** – Email date and time received.
25. **FileName** – Name of the file as maintained in the ordinary course of business with extension.
26. **FilePath** – The full path to the original location of the file as maintained in the ordinary course of business.
27. **DupFilePaths** – FilePath information for files removed via deduplication.
28. **Hash** – The hash value generated at processing.
29. **TextPath** – The path to the text file for each record in the production volume, including filename.
30. **NativePath** – The path to the Native Format file on the delivery media, including the file name (if a NativeFormat file is provided).
31. **Mobile Application**
32. **Mobile Thread ID** (unique identifier for a text exchange thread)
33. **Participants**
34. **Sender**
35. **Recipients**
36. **Date Time Stamp** (for individual message)
37. **Thread Start Date and Time** (for entire text exchange in which a single message appears)
38. **Thread End Date and Time** (for entire text exchange in which a single message appears)

Dated: February 28, 2025

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By: /s/
Ashley Gorski
agorski@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500

Attorney for Plaintiffs

By: /s/
Alexander K. Brehnan (SBN 317776)
abrehan@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000

Counsel for Plaintiffs

YAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: ___/s/_____
Robert W. Meyer
Yuri S. Fuchs (CA Bar No. 300379)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 598-3869

Attorneys for Defendants