COOLEY LLP
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ALEXANDER BREHNAN (317776)
(abrehnan@cooley.com)
TAYLOR BOYLE (353178)
(TBoyle@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

JOHN H. HEMANN (165823)
(jhemann@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

*Counsel for Plaintiffs*
(See additional counsel listed below)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>Defendants. | Case No. 2:22-cv-01916-FWS-GJS<br><br>**PLAINTIFFS' APPLICATION RE SEALING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date: TBD<br>Time: 3:00pm<br>Dept: Ctrm 640<br>Judge: Hon. Gail J. Standish<br>Trial Date: November 3, 2026<br>Date Action Filed: March 24, 2022 |

**TO THE COURT AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2 of the Local Rules of the United States District Court for the Central District of California, and as otherwise authorized by law, Plaintiffs Imam Abdirahman Aden Kariye, Mohamad Mouslli, and Hameem Shah ("Plaintiffs") file conditionally under seal portions of their Motion to Compel the Production of Documents and accompanying exhibits that contain information Defendants contend should be filed under seal. That information includes (1) references to records produced from a particular government database, and (2) officers' names appearing in responses to one of Plaintiffs' interrogatories.[1]

On April 25, 2025, the parties met and conferred to discuss documents and information Defendants had designated as Confidential under the Protective Order in this matter and in "an attempt to eliminate or minimize the need for filing under seal by means of redaction." Local Rule 79-5.2.2(b). Plaintiffs contend, as addressed in the Memorandum of Point and Authorities below, that the Court should not permit Defendants to seal the categories of information Defendants have indicated should be filed under seal. If Defendants disagree, Local Rule 79-5.2.2(b)(i) permits them to file a declaration establishing that the material they have designated as confidential

---

[1] This Application and Memorandum reflect Defendants' position during the parties' meet and confer on April 25, 2025 and as memorialized by Defendants on April 29. Decl. Ex. C at 3. On May 2, Defendants materially changed their position while Plaintiffs were finalizing two Applications to seal. *Id.* at 1–2. Defendants subsequently agreed that the Applications could be filed as Plaintiffs had prepared them since April 29. *Id.* at 1.

is sealable within four days from the filing of this Application.

Dated: May 2, 2025

COOLEY LLP
JOHN HEMANN (165823)
BRETT H. DE JARNETTE (292919)
ALEXANDER BREHNAN (317776)
TAYLOR BOYLE (353178)

By: */s/ Alexander K. Brehnan*
Alexander K. Brehnan

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
ACLU Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

Mohammad Tajsar (SBN 280152)
(mtajsar@aclusocal.org)
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 9500

Daniel Mach (*pro hac vice*)
(dmach@aclu.org)
Heather L. Weaver (SBN 226853)
(hweaver@aclu.org)
ACLU Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Telephone: +1 202 675 2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
ACLU of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Telephone: +1 651 645 4097

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In two forthcoming motions, Plaintiffs will move to compel the production of documents and information that are indisputably relevant to Plaintiffs' claims. This sealing application accompanies one of those motions, the Motion to Compel the Production of Documents ("Motion to Compel"), which seeks to compel documents and information responsive to Plaintiffs' discovery requests that Defendants have failed to produce.

Plaintiffs oppose Defendants' overbroad position that all references to two broad categories of information contained in Plaintiffs' Motion to Compel and accompanying exhibits should be redacted. Defendants designated the material they propose be filed under seal as "Confidential" pursuant to the parties' stipulated protective order ("Protective Order"). ECF No. 53. At an April 25, 2025 meet and confer, Defendants stated their intention to seek (1) the redaction of the portions of both motions to compel and accompanying exhibits that reference information in the records produced from the TECS database[2] ("TECS Reports") and (2) the redaction of officers' names appearing in responses to one of Plaintiffs' Interrogatories, which are attached to both motions to compel. Decl. ¶ 5. On April 29, 2025, Defendants confirmed that they would seek to seal the documents and redact the information

---

[2] As further explained in Plaintiffs' motions to compel, the TECS database is the main DHS repository of documents recounting what occurred at "secondary inspections" at ports of entry.

discussed during the April 25 meeting. Decl. ¶¶ 7–8. As a result, Plaintiffs will conditionally file under seal portions of their Motion to Compel and portions of Exhibits[3] 4–7, 9, 10, 12–14, 18, and 19 to their Motion that reference the information Defendants contend should be sealed.

The Court should deny the application to seal the information Defendants seek to be protected because they have not shown (and cannot show) a compelling reason to warrant sealing.

## II.   LEGAL STANDARD

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The party seeking to "limit this common law right of access" must show that "'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178-79); *M.A.C. v. City of Los Angeles*, 2018 WL 6174753, at *1 (C.D. Cal. Jan. 12, 2018) ("'[T]he party seeking protection bears the burden of showing specific prejudice or harm will result' and must make a 'particularized showing . . . with respect to any individual document.'") (quoting

---

[3] "Ex." refers to the exhibits attached to the declaration in Exhibit B of the Declaration of Alexander K. Brehnan in support of the Motion to Compel at issue in this sealing application.

1  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
2  Cir. 2002)).

3       "The Ninth Circuit has clarified that the compelling reasons standard applies
4  to any sealing request made in connection with a motion that is 'more than
5  tangentially related to the merits of a case,' whether or not the motion is strictly
6  'dispositive.'" *Louis v. Cnty. of Ventura*, 2023 WL 5505997, at *1 (C.D. Cal. June 9,
7  2023) (Slaughter, J.) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
8  1092, 1098–99 (9th Cir. 2016)). That is because "[m]ost litigation in a case is not
9  literally 'dispositive,' but nevertheless involves important issues and information to
10 which our case law demands the public should have access." *Ctr. for Auto Safety*,
11 809 F.3d at 1098–99. Other circuits have similarly rejected a "literal divide between
12 dispositive and nondispositive motions" and apply the compelling reasons standard
13 to anything "'which the public has a right to know about and evaluate.'" *Id.* at 1100
14 (quoting *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir.
15 1993) (citing authority from the First, Second, Third, and Eleventh Circuits).

16      Where a court finds that the sealed materials are "unrelated to the merits of a
17 case," a party still must satisfy the "good cause" standard. *Ctr. for Auto Safety*, 809
18 F.3d at 1097. Under that standard, courts must determine "whether 'good cause'
19 'exists to protect th[e] information from being disclosed to the public by balancing
20 the needs for discovery against the need for confidentiality.'" *Pintos*, 605 F.3d at 678
21 (quoting *Phillips*, 307 F.3d at 1213).

## III. ARGUMENT

### A. Defendants cannot show "compelling reasons" for sealing all references to the TECS Reports and the names of officers.

Defendants seek to seal all references to information contained in TECS Reports (including officers' names) (Exs. 5, 7, 9, 10, 12, 13, 14, 18, and 19) and the officers' names provided in responses to one of Plaintiffs' interrogatories (Exs. 4 and 6). The TECS Reports, which are referenced in the Motion to Compel and its accompanying exhibits, are "highly probative to the case" and, thus, Defendants must show that there are "compelling reasons" for sealing references to them. *Settrini v. City of San Diego*, 2022 WL 6785755, at *2 (S.D. Cal. Oct. 11, 2022) (citation omitted) (denying motion to seal because "the arrest at issue in this case is of significant interest to the public"); *Cheatum v. City of San Diego*, 2019 WL 3817954, at *2 (S.D. Cal. Aug. 14, 2019) ("[T]he Court is concerned that such records are of significance to the public, who has an interest in the activity of law enforcement and its use of force"); *Louis*, 2023 WL 5505997, at *2 (declining to seal records that identified officers and individuals involved in traffic stop).

Indeed, public interest in the TECS Reports—and the information contained in them—is high because the TECS Reports are the ***only*** contemporaneous records that Defendants admit exist that document their perspective of the secondary inspections at issue in this case.[4] Plaintiffs filed this lawsuit to challenge Defendants'

---

[4] Plaintiffs have repeatedly requested that Defendants produce audiovisual recordings and handwritten notes from the secondary inspections. Defendants have not confirmed whether these materials exist, let alone produced them.

policy and/or practice of unconstitutional religious questioning at the border, including during the ten secondary inspections at which Plaintiffs were subjected to such questioning. *See* Am. Compl., ECF No. 61, ¶¶ 16–31, 56–80, 108–126, 146–175. The TECS Reports reflect, among other things, the types of information border officers and their supervisors considered and the actions they took during the secondary inspections of U.S. citizens at the border. It is for this very reason that the exhibits to the Motion to Compel reference information from the TECS Reports at length. *See* Exs. 5, 7, 9, 10, 12, 13, 14, 18, and 19.

Further, there are no compelling reasons for sealing references to information in the TECS Reports or for redacting the names of officers. To justify sealing here, Plaintiffs anticipate that Defendants will rely on the same general reasoning they used to assert a law enforcement privilege when redacting the TECS Reports produced to Plaintiffs in discovery. *See* Privilege Log, Exhibit D to Declaration (claiming that disclosure "would reveal the nature, scope and focus of certain law-enforcement processes, techniques and methods. If disclosed, individuals may be able to discern the meaning of the codes or could infer particular law enforcement interest regarding subjects, which could be detrimental to how CBP conducts its law enforcement operations. . . .").[5] As courts often do, those "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning'" should be rejected.

---

[5] Plaintiffs' position, as outlined in their concurrently filed motion to compel, is that any legitimately confidential information can at least be provided to Plaintiffs pursuant to the parties' Protective Order, but, even so, there is no indication that the material at issue here should be shrouded from public view.

*Louis*, 2023 WL 5505997, at *2 (citations omitted). Indeed, "generalized concerns" that allowing documents to appear on the public record "will somehow allow criminals to evade law enforcement and inflict harm on the public" fall far short from meeting the compelling reasons standard. *Motley v. City of Fresno, Cal.*, 2016 WL 1060144, at *2 (E.D. Cal. Mar. 17, 2016) (denying motion to seal documents that defendants argued would "undermine law enforcement techniques").

Moreover, there are also no compelling reasons to seal the officers' names in the interrogatory responses. *See* Exs. 4, 6. Basic identifying information, like names, is generally not sealable because officers are unlikely to face ramifications due to the disclosure of just their names. *Cf.* Fed. R. Civ. P. 5.2 (not requiring the sealing of names); Local Rule 5.2-1 (same). Further, the officers choose to become public employees and, thus, receive fewer protections regarding their identity. *Est. of Neil v. Cnty. of Colusa*, 2020 WL 5535448, at *2 (E.D. Cal. Sept. 15, 2020) ("the California Supreme Court has held that public employees' basic identifying information is generally not protected from disclosure"); *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001) (noting that although "individuals do not waive all privacy interests in information relating to them simply by taking an oath of public office, [ ] by becoming public officials, their privacy interests are somewhat reduced"). The compelling reasons standard is not met for the officers' names.

Finally, as Defendants recognized in the stipulated Protective Order, they cannot hang their hat on their confidentiality designations. ECF No. 53 at 4

(recognizing that the Protective Order "does not entitle [the parties] to file confidential information under seal"); *Louis*, 2023 WL 5505997, at *2 ("Preliminarily, the court notes that a 'party's designation of a document as '[c]onfidential' does not, standing alone, demonstrate that the documents should be shielded from public access'" (quoting *Settrini*, 2022 WL 6785755, at *2).

Because Defendants cannot meet the compelling reasons standard, the Court should deny Defendants' requests to redact the officers' names from any document and the information from the TECS Reports referenced in Plaintiffs' Motion to Compel and attached exhibits.

**B.   To the extent the Court applies the "good cause" standard to Defendants' materials, Defendants still fall short.**

Even if the Court were to find that the "good cause" standard applies to Defendants' sealing requests, Defendants still cannot carry their burden. "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)(1)).

But under that standard, Defendants must still show that public access to the information contained in the TECS reports and the officers' names will lead to some specific harm. Again, Plaintiffs anticipate that Defendants will point to the same reasons they have cited for asserting the law enforcement privilege. But that is simply

not sufficient. *See, supra,* Section III.a; *Kamakana*, 447 F.3d at 1186 (affirming order to unseal documents where defendants argued that "the deliberative process privilege, the law enforcement privilege, the official information privilege, privacy interests, and embarrassment" supported sealing). In other words, "conclusory assertions" about privacy rights or risks to law enforcement do not satisfy the good cause standard. *Est. of Neil*, 2020 WL 5535448, at *3 ("[A]lthough Defendants argue public disclosure will hinder officers' willingness to participate openly and effectively in investigations, the threat of scrutiny likely motivates police officers to conduct investigations that are 'thorough, more accurate and better reasoned.'" (citation omitted)).

Nor can Defendants demonstrate good cause for redacting officer names. The potential that disclosure of officer names could possibly hurt privacy rights or hinder law enforcement efforts is not a sufficient basis for redacting basic identifying information. *Id*. at *2 ("Defendants' bald assertions fail to persuade the Court that public access to the names of County employees, medical personnel, or inmates poses a significant threat to third-party privacy rights."); *see also Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Roberts v. Clark Cnty. Sch. Dist.*, 2016 WL 1611587, at *2 (D. Nev. Apr. 21, 2016) (declining to seal officer names and distinguishing names from "sensitive personal information" like home addresses or

social security numbers).

Thus, Defendants cannot show good cause to redact references to information in the TECS Reports and the names of officers from any documents. The Court should reject Defendants' sealing requests.

## RELIEF REQUESTED

For the foregoing reasons, the Court should deny Defendants' requests to seal. A proposed Order granting that relief is submitted herewith.

| | | |
|---|---|---|
| Dated: | May 2, 2025 | COOLEY LLP<br>JOHN HEMANN (165823)<br>BRETT H. DE JARNETTE (292919)<br>ALEXANDER K. BREHNAN (317776)<br>TAYLOR BOYLE (353178)<br><br>By: */s/ Alexander K. Brehnan*<br>     Alexander K. Brehnan<br><br>Ashley Gorski (*pro hac vice*)<br>(agorski@aclu.org)<br>ACLU Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Telephone: +1 212 549 2500<br><br>Mohammad Tajsar (SBN 280152)<br>(mtajsar@aclusocal.org)<br>ACLU Foundation of Southern California<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: +1 213 977 9500<br><br>Daniel Mach (*pro hac vice*)<br>(dmach@aclu.org)<br>Heather L. Weaver (SBN 226853)<br>(hweaver@aclu.org)<br>ACLU Foundation<br>915 15th St., NW Ste. 600<br>Washington, DC 20005<br>Telephone: +1 202 675 2330<br><br>Teresa Nelson (*pro hac vice*)<br>tnelson@aclu-mn.org<br>ACLU of Minnesota<br>P.O. Box 14720<br>Minneapolis, MN 55415<br>Telephone: +1 651 645 4097<br><br>Attorneys for Plaintiffs<br>ABDIRAHMAN ADEN KARIYE,<br>MOHAMAD MOUSLLI, and<br>HAMEEM SHAH |

## CERTIFICATION OF COMPLIANCE

The Undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,672 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 2, 2025

/s/ *Alexander K. Brehnan*
Alexander K. Brehnan

318478464