COOLEY LLP
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ALEXANDER BREHNAN (317776)
(abrehnan@cooley.com)
TAYLOR BOYLE (353178)
(TBoyle@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

JOHN H. HEMANN (165823)
(jhemann@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

*Counsel for Plaintiffs*
(See additional counsel listed below)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>Defendants. | Case No. 2:22-cv-01916-FWS-GJS<br><br>**PLAINTIFFS' APPLICATION RE SEALING PLAINTIFFS' MOTION TO COMPEL PRODUCTION RE LAW ENFORCEMENT PRIVILEGE**<br><br>Date: TBD<br>Time: 3:00pm<br>Dept: Ctrm 640<br>Judge: Hon. Gail J. Standish<br>Trial Date: November 3, 2026<br>Date Action Filed: March 24, 2022 |

**TO THE COURT AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2 of the Local Rules of the United States District Court for the Central District of California, and as otherwise authorized by law, Plaintiffs Imam Abdirahman Aden Kariye, Mohamad Mouslli, and Hameem Shah ("Plaintiffs") will, and hereby do, apply to the Court for leave to file under seal certain personally identifiable information ("PII") in exhibits to Plaintiffs' Motion to Compel Production of Documents re Law Enforcement Privilege ("Motion to Compel"). Given the privacy concerns of disclosing the PII at issue, Plaintiffs respectfully request under Local Rule 79-5.2.2(a) that they be permitted to redact portions of the exhibits (Exhibits 3, 4, 8, 9, 10, 16 & 17) to the Motion to Compel that reflect their passport numbers, phone numbers, email addresses, device serial/IMEI numbers, license plate numbers, and dates of birth. On April 30, 2025, counsel for Defendants advised that they had no objection and would not oppose sealing the PII.

Additionally, pursuant to Local Rule 79-5.2.2(b), Plaintiffs file conditionally under seal (1) the entirety of records produced from a particular government database; (2) officers' names appearing in responses to one of Plaintiffs' interrogatories; and (3) the portions of the Motion to Compel and accompanying exhibits that reference information in the first two categories.[1] On April 25, 2025, the

---

[1] This Application and Memorandum reflect Defendants' position during the parties' meet and confer on April 25, 2025 and as memorialized by Defendants on April 29. Decl. Ex. C at 3. On May 2, Defendants materially changed their position

parties met and conferred to discuss documents and information Defendants had designated as Confidential under the Protective Order in this matter, and in "an attempt to eliminate or minimize the need for filing under seal by means of redaction." Local Rule 79-5.2.2(b). Plaintiffs contend that the Court should not permit Defendants to seal the three categories of documents and information Defendants have indicated should be filed under seal. If Defendants disagree, Local Rule 79-5.2.2(b)(i) permits them to file a declaration establishing that the material they have designated as confidential is sealable within four days from the filing of this Application.

---

while Plaintiffs were finalizing two Applications to seal. *Id.* at 1–2. Defendants subsequently agreed that the Applications could be filed as Plaintiffs had prepared them since April 29. *Id.* at 1.

Dated: May 3, 2025

COOLEY LLP
JOHN HEMANN (165823)
BRETT H. DE JARNETTE (292919)
ALEXANDER BREHNAN (317776)
TAYLOR BOYLE (353178)

By: */s/ Alexander K. Brehnan*
    Alexander K. Brehnan

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
ACLU Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

Mohammad Tajsar (SBN 280152)
(mtajsar@aclusocal.org)
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 9500

Daniel Mach (*pro hac vice*)
(dmach@aclu.org)
Heather L. Weaver (SBN 226853)
(hweaver@aclu.org)
ACLU Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Telephone: +1 202 675 2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
ACLU of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Telephone: +1 651 645 4097

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In two forthcoming motions, Plaintiffs will move to compel the production of documents that are indisputably relevant to Plaintiffs' claims. This sealing application accompanies one of those motions, which seeks to compel documents and information that Defendants wrongly claim should be withheld under a "law enforcement privilege." In connection with that motion, Plaintiffs move to redact certain PII in some of the exhibits to the motion. Defendants do not oppose that request. Declaration of Alexander K. Brehnan in support of Plaintiffs' Application re Sealing ("Decl") ¶ 9; Ex. C at 2.

Plaintiffs do oppose Defendants' overbroad position that certain documents be sealed in their entirety and that additional information be redacted. Defendants designated the material they propose be filed under seal as "Confidential" pursuant to the parties' stipulated protective order ("Protective Order"). ECF No. 53. During the parties' meet and confer, Defendants stated their intention to seek (1) the sealing in the entirety of records produced from the TECS database[2] ("TECS Reports"); (2) the redactions of officers' names appearing in responses to one of Plaintiffs' interrogatories; and (3) the redactions of the portions of the Motion to Compel and accompanying exhibits that reference information in the TECS Reports or any of the

---

[2] As further explained in Plaintiffs' motions to compel, the TECS database is the main DHS repository of documents recounting what occurred at "secondary inspections" at ports of entry.

officers' names. Decl. ¶¶ 5-8. On April 29, 2025, Defendants confirmed that they would seek to seal the documents and redact the information discussed during the April 25 meeting. *Id.* ¶¶ 7-8.

The Court should deny the application to seal the documents and information Defendants seek to be protected because they have not shown (and cannot show) a compelling reason to warrant sealing. The Court should grant the application to seal the limited information Plaintiffs seek to redact—certain PII—because Plaintiffs have shown good cause for sealing and Defendants do not oppose.

## II.   LEGAL STANDARD

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The party seeking to "limit this common law right of access" must show that "'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178); *M.A.C. v. City of Los Angeles*, 2018 WL 6174753, at *1 (C.D. Cal. Jan. 12, 2018) ("'The party seeking protection bears the burden of showing specific prejudice or harm will result' and must make a 'particularized showing . . . with respect to any individual document.'") (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

Cir. 2002)).

"The Ninth Circuit has clarified that the compelling reasons standard applies to any sealing request made in connection with a motion that is 'more than tangentially related to the merits of a case,' whether or not the motion is strictly 'dispositive.'" *Louis v. Cnty. of Ventura*, 2023 WL 5505997, at *1 (C.D. Cal. June 9, 2023) (Slaughter, J.) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016)). That is because "[m]ost litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access." *Ctr. for Auto Safety*, 809 F.3d at 1098–99. Other circuits have similarly rejected a "literal divide between dispositive and nondispositive motions" and apply the compelling reasons standard to anything "'which the public has a right to know about and evaluate.'" *Id.* at 1100 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) (citing authority from the First, Second, Third, and Eleventh Circuits).

Where a court finds that the sealed materials are "unrelated to the merits of a case," a party still must satisfy the "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1098–99. Under that standard, courts must determine "whether 'good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Pintos*, 605 F.3d at 678 (citing *Phillips*, 307 F.3d at 1213).

## III.  ARGUMENT

### A.  Plaintiffs have "good cause" to seal certain personally identifiable information.

Plaintiffs seek to seal PII consisting of passport numbers, phone numbers, email addresses, device serial/IMEI numbers, license plate numbers, and dates of birth contained in the TECS Reports. Exs. 3, 4, 8, 9, 10, 16 & 17.[3] Defendants do not oppose sealing these categories of PII. Decl. ¶ 9; Ex. C at 2. As an initial matter, the Court should allow the sealing of at least Plaintiffs' passport numbers and years of birth, which Plaintiffs are required to redact under federal and local rules. *See* Fed. R. Civ. P. 5.2 (requiring sealing of years of birth); Local Rule 5.2-1 (requiring sealing of passport and driver license numbers).

With respect to the remaining PII, the Court should evaluate Plaintiffs' application to seal under the "good cause" standard given that this information is "unrelated, or only tangentially related, to the underlying cause of action." *Louis*, 2023 WL 5505997, at *1 (Slaughter, J.); *Pintos*, 605 F.3d at 678 (noting that the "good cause" standard is intended to protect private litigants). Indeed, the PII is in no way related or even tangentially related to the issues in this litigation. Moreover, courts routinely grant motions to seal the types of PII at issue here. *See Gopinath v. Somalogic, Inc.*, 2023 WL 12055645, at *1 (S.D. Cal. July 18, 2023) (finding good cause to seal exhibits reflecting PII including "month and year of birth, a partial

---

[3] The numerical exhibits refer to the exhibits attached to the Declaration of Alexander K. Brehnan in support of Plaintiffs' Motion to Compel, Exhibit B.

Social Security Number, phone numbers, email addresses, past and present employers, and past and present residential addresses"). Public disclosure of the PII may cause particularized harm that outweighs public interest in disclosure. *See, e.g.*, *Kamakana*, 447 F.3d at 1180 (the good cause standard exists to protect "private interests of the litigants").

Thus, the Court should grant Plaintiffs' application to redact the categories of PII herein identified.

**B.  Defendants cannot show "compelling reasons" for sealing the TECS Reports, information therein, and the names of officers.**

Defendants seek to seal TECS Reports, to redact information from those reports, and to redact officers' names in Plaintiffs' forthcoming filings. In contrast to the PII Plaintiffs seek to redact, these documents and information are "highly probative to the case" and, thus, Defendants must show that there are "compelling reasons" for sealing them. *Settrini v. City of San Diego*, 2022 WL 6785755, at *2 (S.D. Cal. Oct. 11, 2022) (citation omitted) (denying motion to seal because "the arrest at issue in this case is of significant interest to the public"); *Cheatum v. City of San Diego*, 2019 WL 3817954, at *2 (S.D. Cal. Aug. 14, 2019) ("[T]he Court is concerned that such records are of significance to the public, who has an interest in the activity of law enforcement and its use of force"); *Louis*, 2023 WL 5505997, at *2 (Slaughter, J.) (declining to seal records that identified officers and individuals involved in traffic stop).

Indeed, public interest in these documents is high because the TECS Reports

are the ***only*** contemporaneous records that Defendants admit exist that document their perspective of the secondary inspections at issue in this case.[4] *See* Exs. 3, 4, 8, 9, 10, 16 & 17. Plaintiffs filed this lawsuit to challenge Defendants' policy and/or practice of unconstitutional religious questioning at the border, including during the ten secondary inspections at which Plaintiffs were subjected to such questioning. *See* Amended Complaint, ECF No. 61 ¶¶ 16–31, 56–80, 108–126, 146–175. The TECS Reports reflect, among other things, the types of information considered, and actions taken during the secondary inspections of U.S. citizens at the border. *See* Exs. 3, 4, 8, 9, 10, 16 & 17.

Further, there are no compelling reasons for sealing the TECS Reports in their entirety or for redacting the names of officers or the information contained in the TECS Reports. To justify sealing here, Plaintiffs anticipate that Defendants will rely on the same general reasoning used as the basis to redact those documents under a purported law enforcement privilege. *See* Ex. 11 (claiming that disclosure "would reveal the nature, scope and focus of certain law-enforcement processes, techniques and methods. If disclosed, individuals may be able to discern the meaning of the codes or could infer particular law enforcement interest regarding subjects, which could be detrimental to how CBP conducts its law enforcement operations. . . .").[5]

---

[4] Plaintiffs have repeatedly requested that Defendants produce audiovisual recordings and handwritten notes from the secondary inspections. Defendants have not confirmed whether these materials exist, let alone produced them.

[5] Plaintiffs' position, as outlined in their forthcoming Motion to Compel, is that any legitimately confidential information can at least be provided to Plaintiffs pursuant to the parties' Protective Order, but, even so, there is no indication that the material at issue here should be shrouded from public view.

As courts often do, those "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning'" should be rejected. *Louis*, 2023 WL 5505997, at *2 (Slaughter, J.) (citations omitted). Indeed, "generalized concerns" that allowing documents to appear on the public record "will somehow allow criminals to evade law enforcement and inflict harm on the public" fall far short from meeting the compelling reasons standard. *Motley v. City of Fresno, California*, 2016 WL 1060144, at *2 (E.D. Cal. Mar. 17, 2016) (denying motion to seal documents that defendants argued would "undermine law enforcement techniques").

Moreover, there are also no compelling reasons to seal the officers' names in the interrogatory responses (and from the TECS Reports). Basic identifying information, like names, is generally not sealable because officers are unlikely to face ramifications due to the disclosure of just their names. *Cf.* Fed. R. Civ. P. 5.2 (not requiring the sealing of names); Local Rule 5.2-1 (same). Further, the officers choose to become public employees and, thus, receive fewer protections regarding their identity. *Est. of Neil v. Cnty. of Colusa*, 2020 WL 5535448, at *2 (E.D. Cal. Sept. 15, 2020) ("the California Supreme Court has held that public employees' basic identifying information is generally not protected from disclosure"); *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001) (noting that although "individuals do not waive all privacy interests in information relating to them simply by taking an oath of public office, [ ] by becoming public officials, their privacy interests are somewhat reduced"). The compelling reasons standard is not met for the

officers' names.[6]

Finally, as Defendants recognized in the stipulated Protective Order, they cannot hang their hat on their confidentiality designations. ECF No. 53 at 4 (recognizing that the Protective Order "does not entitle [the parties] to file confidential information under seal"); *Louis*, 2023 WL 5505997, at *2 ("Preliminarily, the court notes that a 'party's designation of a document as '[c]onfidential' does not, standing alone, demonstrate that the documents should be shielded from public access'" (quoting *Settrini*, 2022 WL 6785755, at *2)).

Because Defendants cannot meet the compelling reasons standard, the Court should deny the requests to seal the TECS Reports in their entirety and to redact the officers' names and the information from the TECS Reports.

### C. To the extent the Court applies the "good cause" standard to Defendants' materials, Defendants still fall short.

Even if the Court were to find that the "good cause" standard applies to Defendants' sealing requests, Defendants still cannot carry their burden. "The 'good cause' language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .'" *Ctr. for Auto Safety*, 809 F.3d at 1097.

---

[6] If the TECS Reports or other documents contained comparable PII for the officers—like their phone numbers, email addresses, or license plate numbers—Plaintiffs would not have opposed the redaction of that information. *Rodriguez v. Google LLC*, 2024 WL 42537, at *1 (N.D. Cal. Jan. 3, 2024) (allowing motion to seal "non-public employee email addresses"). But all that is at issue with respect to the officers is their names.

But under that standard, Defendants must still show that public access to the TECS Reports, the information contained in those reports, and the officers' names will lead to some specific harm. *See* Exs. 2, 3, 4, 8, 9, 10, 16 & 17. Again, Plaintiffs anticipate that Defendants will point to the same reasons they have cited for asserting the law enforcement privilege. But that is simply not sufficient. *See* Section III.b *supra*; *Kamakana*, 447 F.3d at 1186 (affirming order to unseal documents where defendants argued that "the deliberative process privilege, the law enforcement privilege, the official information privilege, privacy interests, and embarrassment" supported sealing). In other words, "conclusory assertions" about privacy rights or risks to law enforcement do not satisfy the good cause standard. *Est. of Neil*, 2020 WL 5535448, at *3 ("[A]lthough Defendants argue public disclosure will hinder officers' willingness to participate openly and effectively in investigations, the threat of scrutiny likely motivates police officers to conduct investigations that are 'thorough, more accurate and better reasoned.'" (citation omitted)).

Nor can Defendants demonstrate good cause for redacting officer names. The potential that disclosure of officer names could possibly hurt privacy rights or hinder law enforcement efforts is not a sufficient basis for redacting basic identifying information. *Id*. at *2 ("Defendants' bald assertions fail to persuade the Court that public access to the names of County employees, medical personnel, or inmates poses a significant threat to third-party privacy rights."); *see also Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Roberts v. Clark Cnty. Sch. Dist.*, 2016 WL 1611587, at *2 (D. Nev. Apr. 21, 2016) (declining to seal officer names and distinguishing names from "sensitive personal information" like home addresses or social security numbers).

Thus, Defendants cannot show good cause to seal this information, and the Court should reject Defendants' sealing requests.

## RELIEF REQUESTED

For the foregoing reasons, the Court should grant Plaintiffs' request to redact certain personally identifiable information and deny Defendants' requests to seal.

A proposed Order granting that relief is submitted herewith.

Dated: May 3, 2025

COOLEY LLP
JOHN HEMANN (165823)
BRETT H. DE JARNETTE (292919)
ALEXANDER BREHNAN (317776)
TAYLOR BOYLE (353178)


By: */s/ Alexander K. Brehnan*
    Alexander K. Brehnan

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
ACLU Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

Mohammad Tajsar (SBN 280152)
(mtajsar@aclusocal.org)
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 9500

Daniel Mach (*pro hac vice*)
(dmach@aclu.org)
Heather L. Weaver (SBN 226853)
(hweaver@aclu.org)
ACLU Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Telephone: +1 202 675 2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
ACLU of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Telephone: +1 651 645 4097

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH

# CERTIFICATION OF COMPLIANCE

The Undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,065 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 3, 2025

*/s/ Alexander K. Brehnan*
Alexander K. Brehnan

318478475