YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 598-3869
Email: Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>    Defendants. | CASE NO. 2:22-CV-1916-FWS-GJS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' APPLICATION RE SEALING PLAINTIFFS' MOTION TO COMPEL PRODUCTION RE LAW ENFORCEMENT PRIVILEGE** |

# INTRODUCTION

Defendants seek to seal two narrow categories of information in the filings related to Plaintiffs' Motion to Compel Re: Law Enforcement Privilege, ECF No. 107-1: personal identifying information (PII) and a small portion of law-enforcement sensitive information.

For the reasons given below, Defendants respectfully request that the Court grant the pending application to file material under seal as to those discrete categories of information.[1] In accordance with Local Civil Rule 79-5.2.2(b)(i), Defendants attach as Exhibit 1 a declaration establishing which material they have designated as sealable and the reasons for their designations.

# LEGAL STANDARD

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). So "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard." *Id.* However, the "'good cause' standard of Rule 26(c) will suffice] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (cleaned up); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (describing the rule as asking "whether the motion at issue is more than tangentially related to the underlying cause of action).

---

[1] As demonstrated in the attached declaration, Defendants no longer take the position that all information in TECS Reports must be sealed. *See* ECF No. 107 at 5, Plfs' App. Re Sealing Plfs' Mot. to Compel Production re the Law Enforcement Privilege (hereinafter "App.").

# ARGUMENT

## A. The "Good Cause" Standard Applies to the Application to Seal

"There is no question that the pending motions to compel filed by [Plaintiffs] are nondispositive in nature, implicating the lower 'good cause' standards of Rule 26(c)" with respect to the application to seal. *Lantiq Deutschland GMBH v. Ralink Tech. Corp.*, No. 11-00234 EJD, 2012 WL 12925103, at *1 (N.D. Cal. Mar. 26, 2012); *see also Simplehuman, LLC v. iTouchless Housewares & Prods., Inc.*, No. 19-CV-2351-MWF (KSX), 2020 WL 6192012, at *2 (C.D. Cal. Feb. 20, 2020) (same); *Webb v. Cnty. of Stanislaus*, No. 119CV01716DADEPG, 2021 WL 4523978, at *1 (E.D. Cal. Oct. 4, 2021) (same).

Plaintiffs suggest otherwise, arguing that "compelling reasons" are needed to seal the information at issue. App. at 5-6. But Plaintiffs' cited cases all applied the "compelling reasons" standard because those cases concerned dispositive motions, to which the "compelling reasons" standard applies. *See Settrini v. City of San Diego*, 2022 WL 6785755, at *2 (S.D. Cal. Oct. 11, 2022) (motion for partial summary judgment); *Cheatum v. City of San Diego*, 2019 WL 3817954, at *2 (S.D. Cal. Aug. 14, 2019) (motion for summary judgment); *Louis v. Cnty. of Ventura*, 2023 WL 5505997, at *1 (C.D. Cal. June 9, 2023) (motion for summary judgment). Plaintiffs cite no cases applying the "compelling reasons" standard to a motion to compel. And as noted above, documents attached to motions to compel are evaluated under the "good cause" standard.

Plaintiffs, however, do argue that only "good cause" is needed to seal Plaintiffs' own PII because "[the PII] is 'unrelated, or only tangentially related, to the underlying cause of action.'" App. at 8 (quoting *Louis*, 2023 WL 5505997, at *1). For the reasons given above, Defendants agree that the "good cause" standard applies to that information. But which sealing standard applies (good cause or

2

compelling reasons) does not depend on how the *information to be sealed* relates to the case, but on how the *motion the information was submitted to support* relates to the case. As the Ninth Circuit explained in *Kamanaka*, the public has less of a need for access to documents attached to non-dispositive motions, thus the "good cause" standard in Rule 26 suffices to keep such information under seal. *See Kamakana*, 447 F.3d at 1180 ("[W]e treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions."); *Ctr. for Auto Safety*, 809 F.3d at 1099 (asking "whether the motion at issue is more than tangentially related to the underlying cause of action"). All of the information that any of the parties seek to seal here pertains to the same two motions to compel and thus the good cause standard applies to all of the information sought to be filed under seal— not just the information that Plaintiffs seek to file under seal.

**B. Both Good Cause and Compelling Reasons Exist to Seal the PII of Non-Plaintiffs, Including Low-Level Government Employees and Other Individuals**

Personal identifying information is a textbook example of material that may justifiably be sealed. Here, the parties agree that Plaintiffs' PII and the PII of third parties should be sealed. *See* App. at 8-9. Despite Plaintiffs' opposition, the PII of government employees mentioned in the records is no different.

A long line of cases supports protecting the confidentiality of law-enforcement personnel's identifying information to protect them from harassment, annoyance, or threats. *See Lesar v. U.S. Dep't of Just.,* 636 F.2d 472, 487 (D.C. Cir. 1980) ("As several courts have recognized, [FBI] agents have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives."); *Creer v. City of Vallejo,* No. 214CV1428JAMDBPS, 2016 WL 5897748, at *1 (E.D. Cal. Oct. 11, 2016) ("Defendants shall redact the names of any Vallejo Police Department

Officers and replace those names with number identifiers."); *Zhao v. City of New York,* No. 07 CIV. 3636 LAK/MHD, 2007 WL 4205856, at *2 (S.D.N.Y. Nov. 21, 2007) ("Defendants may redact the names and other identifying information of any non-party Police Department employees, but not those of the complainants.").

Here, disclosure of the law enforcement officers' PII—their names—"creates a safety threat and risks unwarranted attribution and attention to the employee." Declaration of Matthew Davies ¶ 7, Ex. 1. Indeed, "[t]hese risks are not merely speculative, they have actually occurred to DHS employees and are real." *Id.* ¶ 10; *see also id.* ¶ 11 ("CBP employees, including CBP officers like the ones whose names are at issue here, have been subject to harassment, discrimination, and have received threats of physical harm solely because of their employment at CBP.").

Under these circumstances, "Defendants have shown a compelling reason to keep personal identifying information sealed." *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F. Supp. 3d 1193, 1213 (N.D. Cal. 2020) (sealing information including "the private contact information of ICE and USCIS employees"); *see also United States ex rel. 3729, LLC v. Express Scripts Holding Co.*, No. 19-CV-1199 TWR (WVG), 2023 WL 139313, at *1, *2 (S.D. Cal. Jan. 9, 2023) (finding that "compelling reasons exist to file under seal" an exhibit containing "personal identifying information for [U.S. Defense Health Agency] employees").

Even if compelling reasons did not exist to seal the PII of the government employees at issue, good cause would. *See Kamakana*, 447 F.3d at 1180 (noting that under Fed. R. Civ. P. 26(c) good cause exists when required to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Plaintiffs' arguments to the contrary are unpersuasive. Here, in describing the harm that the officers will face from disclosure, Defendants have provided more than the "conclusory statements" that courts often reject. *Id.* at 1182. And Plaintiffs'

4

suggestion that the government employees here have lost any right to privacy because of their decision to seek government employment, App. at 11, defies common sense and the case law. It is true that "high level officials have relatively little privacy interest, and are of much greater public interest, than rank-and-file" employees. *Am. C.L. Union of N. California v. Drug Enf't Admin.*, No. C 11-01997 RS, 2011 WL 13243729, at *12 (N.D. Cal. Oct. 28, 2011). But the employees at issue here are the low-level, rank-and-file employees, and so their status as government employees does not reduce the compelling reasons in avoiding disclosure of their PII. *See Voice of San Diego v. Naval Crim. Investigative Serv.*, 753 F. Supp. 3d 1069, 1106 (S.D. Cal. 2024) ("The Ninth Circuit has recognized that lower-level employees have stronger privacy interests than more senior officials.").

### C. Both Good Cause and Compelling Reasons Exist to Seal the Limited Law Enforcement Sensitive Information That Defendants Seek to Seal

Defendants also seek to seal a small amount of sensitive law enforcement information in Exhibits 10 and 11 attached to Plaintiffs' Motion to Compel re the Law Enforcement Privilege. *See* ECF Nos. 108-10 and 108-11.

Courts have recognized that "compelling reasons" exist to seal sensitive law enforcement information that would otherwise be disclosed in public filings. *See United States v. Aguilar-Chavez*, No. 113-CR-00218, 2022 WL 4472625, at *1 (E.D. Cal. Sept. 26, 2022) (compelling reason to seal exhibit that "contain[d] information pertaining to law enforcement systems utilized in the effort to apprehend fugitive defendants"); *see also Morton v. Cnty. of San Diego*, No. 21-CV-1428, 2024 WL 3205395, at *1 (S.D. Cal. June 26, 2024) (finding that "compelling reasons exist" to seal exhibits "consist[ing] of confidential law enforcement documents and reports").

So too here. The public disclosure of the information that Defendants seek to seal information "could enable individuals to alter their patterns of conduct, adopt

new methods of operation, and effectuate other countermeasures to circumvent the inspection process" or "allow for bad actors to modify their behavior upon encountering CBP." Declaration of Matthew Davies ¶ 15, Ex. 1. This, in turn, could "undermine law enforcement techniques, and, consequently, the law." *Id.* This showing goes beyond "[s]imply mentioning a general category of privilege," *Kamakana*, 447 F.3d at 1184, and instead provides specific and compelling reasons to seal the information.

Moreover, Defendants have only sought to seal several sentences and the value of a handful of data fields, in just two out of the five government records that Plaintiffs have attached to their motions.[2] To the extent that there is any public interest in the records, that interest is met by Defendants' decision to permit much of the records to be publicly filed. Defendants' sealing request is thus "narrowly tailored to only sealable material" and should be granted. *Nightingale*, 507 F. Supp. 3d at 1213.

And even if the Court were to find that compelling reasons did not exist, the law enforcement interests at issue here certainly satisfy the lower "good cause" standard. *See Kamakana*, 447 F.3d at 1180 (noting that under Fed. R. Civ. P. 26(c) good cause exists when required to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court GRANT the Application to Seal the limited information that Defendants seek to seal.

Dated: May 6, 2025

Respectfully submitted,

---

[2] Defendants have made other redactions under the law enforcement privilege, but those redactions are not at issue in this motion to seal.

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

 */s/ Robert W. Meyer*
ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
              (202) 598-3869
Email:  Robert.W.Meyer@usdoj.gov
             Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*