# EXHIBIT 1

Exhibit 1
Page 1

Ashley Gorski (pro hac vice)
agorski@aclu.org
Scarlet Kim (pro hac vice)
scarletk@aclu.org
Sarah Taitz (pro hac vice)
staitz@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500

*Counsel for Plaintiffs*
(Additional counsel continued on next page)

John Hemann (SBN 165823)
jhemann@cooley.com
Hannah Pollack (SBN 336599)
hpollack@cooley.com
Liz Sanchez Santiago (SBN 333789)
lsanchezsantiago@cooley.com
Cooley LLP
3 Embarcadero Center, Floor 20
San Francisco, CA 94111-4004
Tel: (415) 693-2000

Brett H. De Jarnette (SBN 292919)
bdejarnette@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, California  94304-1130
Tel: (650) 843-5000

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, *et al.*,<br><br>    *Plaintiffs*,<br><br>       v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>    *Defendants*. | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>No. 2:22-cv-01916-FWS-GJS |

Exhibit 1
Page 2

Mohammad Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Tel: (213) 977-9500

Daniel Mach (*pro hac vice*)
dmach@aclu.org
Heather L. Weaver (SBN 226853)
hweaver@aclu.org
American Civil Liberties Union Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Tel: (202) 675-2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
American Civil Liberties Union of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Tel: (651) 645-4097

*Counsel for Plaintiffs*

Exhibit 1
Page 3

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs Abdirahman Aden Kariye, Mohamad Mouslli, and Hameem Shah |
| RESPONDING PARTY: | Defendants Alejandro Mayorkas, Troy Miller, Tae D. Johnson, and Steve K. Francis |
| SET NUMBER: | One |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Local Rule 34-1, Plaintiffs Abdirahman Aden Kariye, Mohamad Mouslli, and Hameem Shah ("PLAINTIFFS"), by their undersigned attorneys, request that Defendants Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security ("DHS"), Troy Miller, Acting Commissioner of U.S. Customs and Border Protection ("CBP"), Tae D. Johnson, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and Steve K. Francis, Acting Executive Associate Director, Homeland Security Investigations ("HSI"), in their official capacities (collectively, the "DEFENDANTS"), produce for inspection and copying responsive documents within thirty (30) days of the date of service and continuing from day to day thereafter, until completed, at the offices of the American Civil Liberties Union Foundation, 125 Broad Street, 18th floor, New York, New York, 10004, in accordance with the Definitions and Instructions set forth below. PLAINTIFFS request that each agency DEFENDANT produce separate responses to these Requests, with Bates labels corresponding to each producing agency.

Exhibit 1
Page 4

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. "AMENDED COMPLAINT" means the Amended Complaint in the above-captioned case, ECF No. 61, filed November 14, 2022.

2. "COMMUNICATION" means any transmission of information in the form of facts, ideas, inquiries or otherwise from one PERSON or entity to another by any means—including but not limited to emails, texts, voicemail messages, social media posts and direct messages, online comments, and messages sent via messaging applications—whether sent or received by official or personal devices, accounts, websites, or other means.

3. "COMPLAINT" means the Complaint in the above-captioned case, ECF No. 1, filed March 24, 2022.

4. "CONCERN" and "CONCERNING" mean relating to, referring to, describing, evidencing, constituting, reflecting, memorializing, identifying, embodying, pertaining to, commenting on, discussing, analyzing, considering, containing, consisting of, indicating, supporting, refuting, or connected to.

5. "DOCUMENT" shall have the broadest meaning ascribed to that term in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term also includes any parent or child attachment or other documents embedded or linked in any way to a requested document. A draft or non-identical copy is a separate document within the meaning of the term "DOCUMENT." For the avoidance of doubt, DOCUMENTS shall include all COMMUNICATIONS.

6. "PLAINTIFFS" and "DEFENDANTS," as well as a party's full or abbreviated name or a pronoun referring to a party, mean that entity and any PERSON or entity under its control, including any present and former components,

Exhibit 1
Page 5

subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

7. "PERSON" is defined as any natural person or any business, legal or governmental entity, or association. References to any person include the person and any person or entity under that person's control, including any present and former components, subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

8. "YOU" or "YOUR" include the defendant agency, any present and former components, subsidiaries, departments, offices, predecessors, successors, officers, directors, agents, employees, representatives, attorneys, consultants, contractors, and any aliases, code names, or trade or business names used by any of the foregoing.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neutral form shall include each of the other genders.

## **INSTRUCTIONS**

1. Responsive DOCUMENTS include those in YOUR possession, custody, or control.

2. Each DOCUMENT or tangible thing produced in response hereto shall be produced as it is kept in the ordinary course of business, including all file folders, binders, notebooks, and other devices by which such papers or things may be organized or separated, or it shall be organized and labeled to correspond with the Request(s) to which it is responsive. If the requested DOCUMENTS are maintained

Exhibit 1
Page 6

in a file, the file folder is included in the request for production of those DOCUMENTS.

3. DOCUMENTS that are in the form of electronically stored information are to be produced as follows: (1) in their native format; and (2) as single-page ".tiff" images with extracted text, whenever such text is available, and with accompanying optical character recognition files where extracted text is unavailable, and with all reasonably available metadata fields. Upon review of the production, PLAINTIFFS reserve their right to request that YOU produce additional metadata for particular DOCUMENTS, and that certain DOCUMENTS or things be produced in another format. This instruction may be superseded by the agreement of the PLAINTIFFS and DEFENDANTS as to the appropriate format for production of electronically stored information.

4. All DOCUMENTS that are physically attached to each other shall be produced in that form. DOCUMENTS that are segregated or separated from other DOCUMENTS, whether by inclusion in binders, files, or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form. DOCUMENTS shall be produced in the order in which they were maintained.

5. If any copy of any DOCUMENT is not identical to the original or any other copy thereof by reason of any alteration, marginalia, comment, or other material contained therein, thereon, or attached thereto, or otherwise, all such non-identical copies shall be produced separately. All copies of all COMMUNICATIONS should be produced, even if they appear identical.

6. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), if YOU object to a Request, the grounds for each objection must be stated with specificity. If an objection pertains to only a portion of a Request, a word, phrase, or clause contained within it, YOU must state the objection to that portion only and respond to the remainder of the request, using YOUR best efforts to do so.

Exhibit 1
Page 7

7. If, in responding to this Request for Production, YOU encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

9. Whenever in this Request YOU are asked to identify or produce a DOCUMENT which is deemed by YOU to be properly withheld from production for inspection or copying:

    A. If YOU are withholding the DOCUMENT under claim of privilege (including, but not limited to, the work product doctrine), please provide a log identifying each such document by specifying:

        (i) The type of DOCUMENT (e.g., letter, memorandum, email, etc.) or some other means of accurately identifying it;

        (ii) Its date, if any, or an estimate thereof, and so indicated as an estimate if no date appears on the DOCUMENT;

        (iii) Its author(s), if any;

        (iv) Its addressee(s), if any, and, where not apparent, the relationship between its author(s) and addressee(s);

        (v) Each recipient and addresses of all PERSONS or entities to whom the DOCUMENT, thing, or copies thereof were circulated or its contents communicated, if any;

        (vi) The general subject matter of the DOCUMENT; and

        (vii) The nature of the claimed privilege so as to explain the basis asserted for withholding the DOCUMENT or thing in sufficient detail so as to enable the claim of privilege to be adjudicated, if necessary.

Exhibit 1
Page 8

      B.    If YOU are withholding the DOCUMENT for any reason other than an objection that it is beyond the scope of discovery, or that it is privileged, identify as to each document the information requested in paragraph 9A above, as well as the reason for withholding the DOCUMENT.

      10.    When a DOCUMENT contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible with the purportedly privileged material redacted.

      11.    If a privilege is asserted with regard to part of the material contained in a DOCUMENT, YOU must clearly indicate the portions as to which the privilege is claimed.

      12.    When a DOCUMENT has been redacted or altered in any fashion, identify as to each DOCUMENT the reason for the redaction or alteration, the date of the redaction or alteration, and the PERSON performing the redaction or alteration. Any redaction must be clearly visible on the redacted DOCUMENT.

      13.    Any DOCUMENT or things requested that cannot be produced in full should be produced to the extent possible, specifying the reasons for the inability to produce the remainder.

      14.    If any responsive DOCUMENT was, but is no longer in your possession or subject to your control, or in existence, state whether it is (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) otherwise disposed of. In each instance, explain the circumstances surrounding such disposition thereof, and state the date or approximate date your possession of or control over that document ceased.

      15.    It is intended that these Requests will not solicit any material protected either by the attorney–client privilege or by the work product doctrine which was created or developed after the filing of the COMPLAINT in the above-captioned matter. If any Request is susceptible of a construction that calls for the production of

Exhibit 1
Page 9

such material, that material need not be provided and no privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5) will be required as to such material.

16. These Requests are continuing so as to require prompt supplemental responses as required under Federal Rule of Civil Procedure 26(e) up to and including the time of trial of the present dispute. If YOU come into possession, custody, or control of responsive DOCUMENTS or things after the initial production, YOU should supplement the production by promptly producing such DOCUMENTS or things.

17. If a Request is silent as to the time period for which information is sought, YOUR response should include all DOCUMENTS or things created at any time during the time period of January 1, 2010 to the present and all DOCUMENTS or things CONCERNING events that occurred, in whole or in part, at any time during the time period of January 1, 2010 to the present.

18. For every Request in which YOU produce responsive DOCUMENTS or things, identify by reference to their agency-specific Bates label which particular DOCUMENTS or things respond to each Request.

## **REQUESTS FOR PRODUCTION**

1. All DOCUMENTS that DEFENDANTS may use to support any defenses or arguments in this Lawsuit.

2. All DOCUMENTS CONCERNING Abdirahman Kariye, including, but not limited to, any email, text, WhatsApp, or other message mentioning Abdirahman Kariye, whether sent or received using official or private means.

3. All DOCUMENTS CONCERNING the incidents described in paragraphs 55–80 of the AMENDED COMPLAINT.

4. All DOCUMENTS CONCERNING Mohamad Mouslli, including, but not limited to, any email, text, WhatsApp, or other message mentioning Mohamad Mouslli, whether sent or received using official or private means.

Exhibit 1
Page 10

5. All DOCUMENTS CONCERNING the incidents described in paragraphs 107–126 of the AMENDED COMPLAINT.

6. All DOCUMENTS CONCERNING Hameem Shah, including any email, text, WhatsApp, or other message mentioning Hameem Shah, whether sent or received using official or private means.

7. All DOCUMENTS CONCERNING the incidents described in paragraphs 146–175 of the AMENDED COMPLAINT.

8. All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING the questioning of PERSONS at ports of entry.

9. All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING (a) First Amendment protections and (b) the screening, inspection, detaining, or questioning of PERSONS at ports of entry.

10. All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING retaliation against PERSONS at ports of entry for constitutionally protected activity.

11. All DOCUMENTS, including but not limited to complaints or allegations made by any PERSON, CONCERNING any alleged or actual incident of retaliation by DEFENDANTS against any PERSON at any port of entry for their perceived religion, religious beliefs, religious practices, religious associations, or for their invocation of a constitutional right.

12. All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING (a) religion, religious beliefs, religious practices, or religious associations, and (b) the screening, inspection, detaining, or questioning of PERSONS at a port of entry.

Exhibit 1
Page 11

13. All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING the entry into TECS (or any other database, system, or platform) of information CONCERNING any PERSON's religion, religious beliefs, religious practices, or religious associations.

14. All DOCUMENTS from TECS (and from any other database, system, or platform) that CONCERN any PERSON's religion, religious beliefs, religious practices, or religious associations, where such information was entered into TECS or another database, system, or platform as a result of a DEFENDANT's questioning of the PERSON at a port of entry.

15. DOCUMENTS sufficient to show the policies, procedures, and practices of DEFENDANTS concerning the retention, sharing, or dissemination of information gathered or obtained during the secondary inspection of PERSONS at ports of entry.

16. All DOCUMENTS CONCERNING complaints, disciplinary actions, performance reviews, and commendations CONCERNING the border officers involved in the ten incidents alleged in the AMENDED COMPLAINT at paragraphs 55–80, 107–126, and 146–175.

17. All DOCUMENTS CONCERNING complaints, disciplinary actions, performance reviews, and commendations CONCERNING the officers and directors identified in Defendants' First Supplemental Initial Disclosures, served on September 20, 2022.

18. All DOCUMENTS CONCERNING complaints or allegations made by any PERSON CONCERNING questioning at any port of entry about any PERSON's religion, religious beliefs, religious practices, or religious associations.

19. All DOCUMENTS CONCERNING investigations of complaints or allegations made by any PERSON CONCERNING questioning at any port of entry about any PERSON's religion, religious beliefs, religious practices, or religious

Exhibit 1
Page 12

associations, including but not limited to all DOCUMENTS CONCERNING the investigations referenced in the February 26, 2019 DHS memorandum, "Religious Questioning at Ports of Entry – Multiple Complaints" and investigations referenced in the DHS CRCL Report for FY2020 Q1 and Q2, available at https://www.dhs.gov/sites/default/files/publications/compliance-one-pager-2020.pdf.

20. All DOCUMENTS CONCERNING the effect that a TECS entry stating that a PERSON's prior detention or questioning CONCERNED terrorism may have on future inspections, detention, or questioning of that PERSON.

21. All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING the referral of PERSONS to secondary inspection where DEFENDANTS deemed such PERSON's prior detention or questioning to CONCERN terrorism.

Exhibit 1
Page 13

Dated: November 15, 2022

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

COOLEY LLP

By: */s/ Ashley Gorski*
    Ashley Gorski
    American Civil Liberties Union Foundation
    125 Broad Street, 18th Fl.
    New York, NY 10004
    agorski@aclu.org
    Tel: (212) 284-7305
    *Counsel for Plaintiffs*

Exhibit 1
Page 14

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of New York. I am over the age of eighteen years, and not a party to the within action. I hereby certify that on November 15, 2022, a copy of Plaintiffs' First Set of Requests for Production was served via email to the following person:

LESLIE COOPER VIGEN
Trial Attorney (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for Defendants*

Executed on November 15, 2022, at New York, New York.

By: __/s/ Ashley Gorski__
    Ashley Gorski
    American Civil Liberties Union
      Foundation
    125 Broad Street, 18th Fl.
    New York, NY 10004
    agorski@aclu.org
    Tel: (212) 284-7305
    *Counsel for Plaintiffs*

Exhibit 1
Page 15