# EXHIBIT 3

Exhibit 3
Page 30

1  BRIAN M. BOYNTON
   Principal Deputy Assistant Attorney General
2  Civil Division

3  BRIGHAM J. BOWEN
4  Assistant Branch Director
   Federal Programs Branch, Civil Division
5
6  LESLIE COOPER VIGEN (D.C. Bar No. 1019782)
   Senior Trial Counsel
7  LAUREL H. LUM (N.Y. Bar. No. 5729728)
8  SAMUEL A. REBO (D.C. Bar No. 1780665)
   Trial Attorneys
9  Civil Division, Federal Programs Branch
10 United States Department of Justice
   1100 L Street, NW, Washington, D.C. 20005
11 Telephone: (202) 305-0727
12 Email:  leslie.vigen@usdoj.gov

13 *Counsel for Defendants*

14
              **UNITED STATES DISTRICT COURT**
15            **CENTRAL DISTRICT OF CALIFORNIA**

16                                        CASE NO. 2:22-CV-1916-FWS-GJS
17
18 ABDIRAHMAN ADEN KARIYE,
   *et al.*,                             **DEFENDANTS' RESPONSES AND**
19                                        **OBJECTIONS TO PLAINTIFFS'**
                   *Plaintiffs*,          **FIRST SET OF REQUESTS FOR**
20                                        **PRODUCTION OF DOCUMENTS**
           v.
21
22 ALEJANDRO MAYORKAS, Secretary
   of the Department of Homeland
23 Security, in his official capacity, *et al.*,  Honorable Fred W. Slaughter
                                        **United States District Judge**
24                 *Defendants*.

25
26     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the

27 Local Rules of the United States District Court of the Central District of California,

Exhibit 3
Page 31

Defendants, by and through undersigned counsel, submit their Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents.

Defendants are currently conducting searches for electronic information responsive to these requests. Following processing and review of these materials for applicable protections and privileges, and subject to the objections set forth below, Defendants will produce responsive, non-privileged documents responsive to these requests. Defendants currently anticipate that, in accordance with Federal Rule of Civil Procedure 34(b)(2)(B), they will provide rolling productions of copies of responsive documents, concluding within 120 days of an order resolving Defendants' pending motion to dismiss the amended complaint, assuming some or all of the claims in the amended complaint remain pending.

## GENERAL OBJECTIONS

The general objections set forth below apply to each and every discovery request discussed below. In asserting the Defendants' objections to specific discovery requests, the Defendants may assert an objection that is the same as or substantially similar to one or more of these objections. They may do so because the language of the discovery request itself may signal particular and specific concerns that the discovery request at issue may be objectionable based on the grounds stated. The fact that the Defendants, in their objections to Plaintiffs' individual document requests, may specifically reference some of the objections described immediately below, but not others from the same list, does not indicate that they have waived any of these objections as to any of Plaintiffs' requests.

1. Defendants object to any directions, definitions, or instructions contained in the Requests for Production that seek to impose upon them obligations in excess of, or different from, those required by the Federal Rules of Civil Procedure.

Exhibit 3
Page 32

2.      Defendants object to the Requests for Production to the extent that they request information that is subject to a claim of privilege or that calls for a response that would require disclosure of the mental impressions, conclusions, or legal theories of their attorneys and other representatives concerning this litigation.

3.      Defendants object to any request to the extent that it, whether standing alone or in conjunction with any other request, is vague, overbroad, disproportionate to the needs of the case, or would operate to annoy, embarrass, or unduly burden them, on the ground that such a request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

4.      Defendants object to any request to the extent it seeks information not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence on the ground that such a request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

5.      Defendants object to the extent that Plaintiffs seek identification of, or information concerning, electronically stored information ("ESI") in formats or on media that are not reasonably accessible because of the undue burden and cost associated with retrieving and producing the electronically stored information in the designated formats or media.  ESI that is not reasonably accessible to Defendants includes, but is not limited to: backup data, voicemail messages, text messages, instant messages, WhatsApp messages, data stored on smartphones, deleted computer files, RAM data, certain legacy system files, and certain password protected files.

## OBJECTIONS TO DEFINITIONS

1.      Defendants object to the proposed definition of "COMMUNICATION" to the extent it encompasses items outside of Defendants' possession, custody, or

Exhibit 3
Page 33

control, including information sent or received via personal devices, accounts, websites, or similar means.

2.    Defendants object to the proposed definition of "DOCUMENT" to the extent it calls for the automatic production of draft documents, or the production of nonresponsive documents simply because they are attached to responsive documents.

3.    Defendants object to the proposed definitions of "DEFENDANTS," "PERSON," "YOU," and "YOUR" to the extent these definitions purport to encompass agencies or component agencies outside the four named Defendants.

## OBJECTIONS TO INSTRUCTIONS

1.    Defendants object to instruction 3 to the extent it calls for the production of all documents in both .tiff and native formats.  Defendants anticipate the parties will separately stipulate to an agreement governing technical aspects of the production of documents and ESI, and further object to instruction 3 to the extent it is inconsistent with any such stipulation.

2.    Defendants object to instruction 4 to the extent it calls for the production of nonresponsive documents simply because they are attached to responsive documents.

3.    Defendants object to instruction 5 to the extent it calls for the production of identical documents.  The burden and expense of producing identical documents outweighs any possible benefit.

4.    Defendants object to instruction 9 insofar as it calls for information beyond the scope of what is required under Federal Rule of Civil Procedure 26(b)(5)(A), which requires only that a party withholding otherwise discoverable information as privileged or protected "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that, without revealing privileged or protected

Exhibit 3
Page 34

information, "will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In particular, Defendants object to providing the relationship between an author and an addressee of a document. Such information is beyond the scope of what is required under Rule 26(b)(5) and would require additional research to discern, making the burden of providing such information outweigh any possible benefit. Defendants further object to providing the addresses of all persons to whom a privileged document was circulated or its contents communicated. In addition to being beyond the scope of what is required under Rule 26(b)(5), a recipient's address is not relevant to the assessment of a claim of privilege, such information may not be readily apparent from the face of a document and thus require additional research to discern, and such information also implicates the privacy interests of recipients. The burden and expense of providing such information thus outweighs any possible benefit.

5. Defendants object to instruction 12 insofar as it calls for information beyond the scope of what is required under Federal Rule of Civil Procedure 26(b)(5)(A), which requires only that a party withholding otherwise discoverable information as privileged or protected "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that, without revealing privileged or protected information, "will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In particular, Defendants object to identifying the dates of all redactions made in produced documents and the person performing the redaction. In addition to being beyond the scope of what is required under Rule 26(b)(5), identifying such information would be overly burdensome because multiple individuals could review and edit redactions on different dates during the review process. Tracking such activity would be burdensome without any obvious benefit. Moreover, identifying

Exhibit 3
Page 35

the individuals responsible for specific redactions could risk disclosure of attorney mental impressions, conclusions, or legal theories.

6. Defendants object to instruction 14 to the extent it attempts to impose an obligation on them to seek out information not within their possession, custody, or control, and report on such efforts. Materials outside of Defendants' possession, custody, or control are not proper subjects of discovery requests to Defendants.

7. Defendants object to instruction 17 on the ground that the proposed time period of January 1, 2010 to present is overly broad and not proportional to the needs of the case. Defendants intend to search for documents dated from September 12, 2017 to March 24, 2022—a period beginning with the first secondary inspection of a Plaintiff described in the amended complaint. Defendants also intend to produce responsive, non-privileged documents reflecting relevant final policies, directives, guidelines, or similar in effect during this time period.

8. Defendants object to instruction 18 insofar as it attempts to impose on Defendants obligations beyond the requirements of the Federal Rules of Civil Procedure. In accordance with Federal Rule of Civil Procedure 34(b)(2)(E), Defendants will produce documents "as they are kept in the ordinary course of business" or will "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E).

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**Request for Production No. 1**

All DOCUMENTS that DEFENDANTS may use to support any defenses or arguments in this Lawsuit.

**Response**: Defendants object to this request to the extent that it seeks documents that are protected in part by any privilege, including but not limited to the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege.

Exhibit 3
Page 36

Subject to and without waiver or limitation of these objections, Defendants agree to produce responsive, non-privileged documents, with redactions as appropriate.

**Request for Production No. 2**

All DOCUMENTS CONCERNING Abdirahman Kariye, including, but not limited to, any email, text, WhatsApp, or other message mentioning Abdirahman Kariye, whether sent or received using official or private means.

**Response:** Defendants object to this request to the extent that it seeks documents or communications that are outside of Defendants' possession, custody, or control, including information sent via personal, private, or other non-governmental channels. Defendants also object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to the allegations in Plaintiffs' complaint. Defendants further object to this request to the extent that it seeks documents or communications that are protected by the law enforcement privilege, deliberative process privilege, or any other applicable privileges or protections from disclosure. Defendants also object to the extent it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents and/or communications that are in Defendants' possession, custody, or control related to Plaintiff Kariye's border crossings from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 3**

All DOCUMENTS CONCERNING the incidents described in paragraphs 55–80 of the AMENDED COMPLAINT.

Exhibit 3
Page 37

**Response:**  Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, or any other applicable privileges or protections from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents.

**Request for Production No. 4**

All DOCUMENTS CONCERNING Mohamad Mouslli, including, but not limited to, any email, text, WhatsApp, or other message mentioning Mohamad Mouslli, whether sent or received using official or private means.

**Response:**  Defendants object to this request to the extent that it seeks documents or communications that are outside of Defendants' possession, custody, or control, including information sent via personal, private, or other non-governmental channels.  Defendants also object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to the allegations in Plaintiffs' complaint.  Defendants further object to this request to the extent that it seeks documents or communications that are protected by the law enforcement privilege, deliberative process privilege, or any other applicable privileges or protections from disclosure.  Defendants also object to the extent it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents and/or communications that are in Defendants' possession, custody, or control related to Plaintiff Mouslli's border crossings from the time period between September 12, 2017 and March 24, 2022.

Exhibit 3
Page 38

**Request for Production No. 5**

All DOCUMENTS CONCERNING the incidents described in paragraphs 107–126 of the AMENDED COMPLAINT.

**Response**:   Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, or any other applicable privileges or protections from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents.

**Request for Production No. 6**

All DOCUMENTS CONCERNING Hameem Shah, including any email, text, WhatsApp, or other message mentioning Hameem Shah, whether sent or received using official or private means.

**Response**:   Defendants object to this request to the extent that it seeks documents or communications that are outside of Defendants' possession, custody, or control, including information sent via personal, private, or other non-governmental channels.  Defendants also object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to the allegations in Plaintiffs' complaint.  Defendants further object to this request to the extent that it seeks documents or communications that are protected by the law enforcement privilege, deliberative process privilege, or any other applicable privileges or protections from disclosure.  Defendants also object to the extent it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged

Exhibit 3
Page 39

documents and/or communications that are in Defendants' possession, custody, or control related to Plaintiff Shah's border crossings from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 7**

All DOCUMENTS CONCERNING the incidents described in paragraphs 146–175 of the AMENDED COMPLAINT.

**Response:** Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, or any other applicable privileges or protections from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents.

**Request for Production No. 8**

All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING the questioning of PERSONS at ports of entry.

**Response**: Defendants object to this request as vague and ambiguous insofar as it does not define the terms "policies," "procedures," "guidance," "briefings," "musters," "recommendations," or "trainings." Defendants also object to this request as vague and ambiguous insofar as it does not define an "informal" policy. Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents regarding *every one* of Defendants' policies, procedures, guidance, briefings, musters, recommendations, or trainings concerning the questioning of persons at ports of entry, the majority of which are unrelated to the allegations in Plaintiffs' complaint and thus irrelevant to this lawsuit. Defendants also object to this request as overly broad to the extent it seeks draft documents. Finally, Defendants object to this

Exhibit 3
Page 40

request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged, final policy, procedure, guidance, briefing, muster, recommendation, and training documents concerning *both* questioning of persons at port of entry *and* religion and/or religious beliefs, practices, and/or associations; or First Amendment protections from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 9**

All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING (a) First Amendment protections and (b) the screening, inspection, detaining, or questioning of PERSONS at ports of entry.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "policies," "procedures," "guidance," "briefings," "musters," "recommendations," or "trainings."   Defendants also object to this request as vague and ambiguous insofar as it does not define an "informal" policy. Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents regarding the screening, inspection, detaining, or questioning of persons at a port of entry that do not concern First Amendment protections, and to the extent that it seeks draft documents.   Finally, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Exhibit 3
Page 41

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged, final policy, procedure, guidance, briefing, muster, recommendation, and training documents that concern both (a) First Amendment protections; and (b) the screening, inspection, detaining, or questioning of persons at a port of entry from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 10**

All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING retaliation against PERSONS at ports of entry for constitutionally protected activity.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "policies," "procedures," "guidance," "briefings," "musters," "recommendations," or "trainings."  Defendants also object to this request as vague and ambiguous insofar as it does not define an "informal" policy. Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents regarding policies, procedures, guidance, briefings, musters, recommendations, or trainings concerning types of constitutionally protected activity that are unrelated to the allegations in Plaintiffs' complaint, and to the extent it seeks draft documents. Finally, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged, final policy, procedure, guidance, briefing, muster, recommendation, and training documents concerning retaliation against persons at ports of entry for engaging in

Exhibit 3
Page 42

First-Amendment-protected activity from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 11**

All DOCUMENTS, including but not limited to complaints or allegations made by any PERSON, CONCERNING any alleged or actual incident of retaliation by DEFENDANTS against any PERSON at any port of entry for their perceived religion, religious beliefs, religious practices, religious associations, or for their invocation of a constitutional right.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "complaint," "allegation," or "retaliation."  Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to Plaintiffs or the allegations in Plaintiffs' complaint and could be read to include informal complaints or allegations.  Defendants also object to this request as overly burdensome to the extent it seeks information from the TECS database, which is not text-searchable and is not a repository for formal or official complaints against CBP, making a search of the scope requested virtually impossible, and the burden of such a search far outweigh any possible benefit.  The request is also overly burdensome to the extent it seeks information outside Defendants' possession, custody, or control.  In addition, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.  Finally, Defendants object to this request to the extent that it seeks information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged

Exhibit 3
Page 43

documents concerning formal complaints made or filed with DHS alleging retaliation by Defendants against persons at ports of entry for their perceived religion, religious beliefs, religious practices, religious associations, or for their invocation of First Amendment rights during a border crossing from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 12**

All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING (a) religion, religious beliefs, religious practices, or religious associations, and (b) the screening, inspection, detaining, or questioning of PERSONS at a port of entry.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "policies," "procedures," "guidance," "briefings," "musters," "recommendations," or "trainings."  Defendants also object to this request as vague and ambiguous insofar as it does not define an "informal" policy. Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents regarding the screening, inspection, detaining, or questioning of persons at a port of entry that do not concern religion, religious beliefs, religious practices, or religious associations, and to the extent it seeks draft documents.  Finally, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged, final policy, procedure, guidance, briefing, muster, recommendation, and training documents that concern both (a) religion, religious beliefs, religious practices, or religious associations; and (b) the screening, inspection, detaining, or questioning of

Exhibit 3
Page 44

persons at a port of entry from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 13**

All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING the entry into TECS (or any other database, system, or platform) of information CONCERNING any PERSON's religion, religious beliefs, religious practices, or religious associations.

**Response**: Defendants object to this request as vague and ambiguous insofar as it does not define the terms "policies," "procedures," "guidance," "briefings," "musters," "recommendations," or "trainings." Defendants also object to this request as vague and ambiguous insofar as it does not define an "informal" policy. Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks draft documents. Finally, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged, final policy, procedure, guidance, briefing, muster, recommendation, and training documents from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 14**

All DOCUMENTS from TECS (and from any other database, system, or platform) that CONCERN any PERSON's religion, religious beliefs, religious practices, or religious associations, where such information was entered into TECS

Exhibit 3
Page 45

or another database, system, or platform as a result of a DEFENDANT's questioning of the PERSON at a port of entry.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "database," "system," or "platform."  Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to Plaintiffs or the allegations in Plaintiffs' complaint.  Defendants also object to this request as overly burdensome because it primarily seeks information from the TECS database, which is not text-searchable and is not a repository for formal or official complaints against CBP, making a search of the scope requested virtually impossible, and the burden of such a search far outweigh any possible benefit.  The request is also overly burdensome to the extent it seeks information outside Defendants' possession, custody, or control.  In addition, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.  Finally, Defendants object to this request to the extent that it seeks information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents from TECS containing information regarding any of Plaintiffs' religion, religious beliefs, religious practices, or religious associations resulting from CBP's questioning of Plaintiffs at a port of entry from the time period between September 12, 2017 and March 24, 2022.  Defendants further agree to search for and produce responsive, non-privileged formal complaints from DHS CRCL's database regarding entry of information into TECS concerning a person's religion, religious

Exhibit 3
Page 46

beliefs, religious practices, or religious associations as a result of CBP's questioning of an individual at a port of entry from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 15**

DOCUMENTS sufficient to show the policies, procedures, and practices of DEFENDANTS concerning the retention, sharing, or dissemination of information gathered or obtained during the secondary inspection of PERSONS at ports of entry.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "policies," "procedures," or "practices."  Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks draft documents.  Defendants also object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged, final policy, procedure, guidance, briefing, muster, recommendation, and training documents from the time period between September 12, 2017 and March 24, 2022.

**Request for Production No. 16**

All  DOCUMENTS  CONCERNING  complaints,  disciplinary  actions, performance reviews, and commendations CONCERNING the border officers involved in the ten incidents alleged in the Complaint at paragraphs 32–57, 74–93, and 108–134.

**Response**:  Defendants object to any production in response to this request on the grounds that it is irrelevant and disproportionate to the needs of the case. The request has no relevance to Plaintiffs' claims because Plaintiffs' allegations rest on assertions that Defendants acted pursuant to a policy or practice, making individual

Exhibit 3
Page 47

officers' performance records irrelevant.  Any production in response to this request would therefore be disproportionate to the needs of the case.  Moreover, the burden of any production in response to this request far outweighs its likely benefit due to its lack of relevance and because the documents it seeks implicate privacy concerns and may be protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

**Request for Production No. 17**

All DOCUMENTS CONCERNING complaints, disciplinary actions, performance reviews, and commendations CONCERNING the officers and directors identified in Defendants' First Supplemental Initial Disclosures, served on September 20, 2022.

**Response**:  Defendants object to any production in response to this request on the grounds that it is irrelevant and disproportionate to the needs of the case. The request has no relevance to Plaintiffs' claims because it seeks information about individuals who had no direct involvement in the secondary inspections of Plaintiffs described in the complaint, and that is entirely unrelated to the complaint's allegations.  In addition, Plaintiffs' allegations rest on assertions that Defendants acted pursuant to a policy or practice, making the performance records of individual members of management irrelevant.  Any production in response to this request would therefore be disproportionate to the needs of the case.  Moreover, the burden of any production in response to this request far outweighs its likely benefit due to its lack of relevance and because the documents it seeks implicate privacy concerns and may be protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Exhibit 3
Page 48

**Request for Production No. 18**

All DOCUMENTS CONCERNING complaints or allegations made by any PERSON CONCERNING questioning at any port of entry about any PERSON's religion, religious beliefs, religious practices, or religious associations.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "complaint" or "allegation."  Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to Plaintiffs or the allegations in Plaintiffs' complaint.  Defendants also object to this request as overly burdensome to the extent it seeks information from the TECS database, which is not text-searchable and is not a repository for formal or official complaints against CBP, making a search of the scope requested virtually impossible, and the burden of such a search far outweigh any possible benefit.  The request is also overly burdensome to the extent it seeks information outside Defendants' possession, custody, or control. In addition, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.  Finally, Defendants object to this request to the extent that it seeks information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged documents concerning formal complaints from DHS CRCL's database regarding questioning at a port of entry about a traveler's religion, religious beliefs, religious practices, or religious associations from the time period between September 12, 2017 and March 24, 2022.

Exhibit 3
Page 49

**Request for Production No. 19**

All DOCUMENTS CONCERNING investigations of complaints or allegations made by any PERSON CONCERNING questioning at any port of entry about any PERSON's religion, religious beliefs, religious practices, or religious associations, including but not limited to all DOCUMENTS CONCERNING the investigations referenced in the February 26, 2019 DHS memorandum, "Religious Questioning at Ports of Entry – Multiple Complaints" and investigations referenced in the DHS CRCL Report for FY2020 Q1 and Q2, available at https://www.dhs.gov/sites/default/files/publications/compliance-one-pager-2020.pdf.

**Response**:  Defendants object to this request as vague and ambiguous insofar as it does not define the terms "complaint" or "allegation."  Defendants object to this request as duplicative of Request for Production No. 18.  Defendants further object on the ground that this request is overly broad and disproportionate to the needs of the case to the extent it seeks documents that are unrelated to Plaintiffs or the allegations in Plaintiffs' complaint, and documents concerning events that occurred long before the secondary inspections of Plaintiffs described in the complaint, and outside the limitations period in this matter.  Defendants also object to this request to the extent it seeks information outside Defendants' possession, custody, or control.  In addition, Defendants object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or any other applicable privilege or protection from disclosure.  Finally, Defendants object to this request to the extent that it seeks information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiver or limitation of these objections, Defendants agree to conduct a reasonable search for and produce responsive, non-privileged

Exhibit 3
Page 50

documents concerning investigations of formal complaints made to Defendants regarding questioning at a port of entry about a traveler's religion, religious beliefs, religious practices, or religious associations that post-date September 12, 2017 and are referenced in the February 26, 2019 DHS Memorandum titled "Religious Questioning at Ports of Entry" or the DHS CRCL Report for FY 2020 Q1 and Q2.

**Request for Production No. 20**

All DOCUMENTS CONCERNING the effect that a TECS entry stating that a PERSON's prior detention or questioning CONCERNED terrorism may have on future inspections, detention, or questioning of that PERSON.

**Response**:  Defendants object to any production in response to this request on the grounds that (1) this request is overly broad and disproportionate to the needs of the case because it seeks documents that are unrelated to Plaintiffs or the allegations in Plaintiffs' complaint; and (2) it solely seeks documents protected by the law enforcement privilege, deliberative process privilege, and other privileges or protections from disclosure.

**Request for Production No. 21**

All DOCUMENTS CONCERNING policies, procedures, guidance, briefings, musters, recommendations, and trainings—formal and informal—CONCERNING the referral of PERSONS to secondary inspection where DEFENDANTS deemed such PERSON's prior detention or questioning to CONCERN terrorism.

**Response**:  Defendants object to any production in response to this request on the grounds that (1) this request is overly broad and disproportionate to the needs of the case because it seeks documents that are unrelated to Plaintiffs or the allegations in Plaintiffs' complaint; and (2) it solely seeks documents protected by the law enforcement privilege, deliberative process privilege, and other privileges or protections from disclosure.

Exhibit 3
Page 51

Dated: April 4, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch, Civil Division

 /s/   Leslie Cooper Vigen
LESLIE COOPER VIGEN (D.C. Bar No. 1019782)
Senior Trial Counsel
LAUREL H. LUM (N.Y. Bar. No. 5729728)
SAMUEL A. REBO (D.C. Bar No. 1780665)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email:  leslie.vigen@usdoj.gov

*Counsel for Defendants*

Exhibit 3
Page 52

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Exhibit 3
Page 53