YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 598-3869
Email: Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ABDIRAHMAN ADEN KARIYE, *et al.*,

*Plaintiffs*,

v.

ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity, *et al.*,

*Defendants*.

CASE NO. 2:22-CV-1916-FWS-GJS

**DEFENDANTS' APPLICATION RE SEALING DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PRODUCTION**

**TO THE COURT AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2 of the Local Rules of the United States District Court for the Central District of California, and as otherwise authorized by law, Defendants file conditionally under seal an accompanying exhibit in support of their Opposition to Plaintiffs' Motion to Compel Production of Documents that contains information that Defendants contend should be filed under seal. That exhibit, a copy of the parties' draft of proposed search parameters, includes personal identifying information ("PII") of Defendants' employees that Defendants submit should be redacted.

On May 30, 2025, the parties met and conferred to discuss documents and information Defendants had designated as Confidential under the Protective Order in this matter and in "an attempt to eliminate or minimize the need for filing under seal by means of redaction." Local Rule 79-5.2.2(b). Defendants contend, as addressed in the Memorandum of Point and Authorities below, that the Court should permit Defendants to seal the PII of the U.S. Customs and Border Protection ("CBP") officers mentioned in Defendants' accompanying exhibit. Plaintiffs have represented that they oppose these redactions for the reasons they previously briefed before the Court, *see, e.g.*, ECF No. 107, but they have represented that they will not be filing an opposition to this application. Defendants have attached to this application the search parameters document with their proposed redactions highlighted, and they have separately filed their proposed redacted version on the public docket.

Dated: June 2, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

*/s/ Yuri S. Fuchs*

ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
(202) 598-3869
Email: Robert.W.Meyer@usdoj.gov
Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of Defendants' Opposition to Plaintiffs' Motion to Compel Production of Documents, Defendants seek to file a redacted version of a draft document exchanged between the parties regarding proposed search parameters for electronically stored information ("ESI"). Specifically, Defendants seek to redact and file under seal personal identifying information (PII) of Defendants' employees who are lower-level U.S. Customs and Border Protection ("CBP") officers. For the foregoing reasons herein, good cause[1] exists to seal this narrow set of information the Court should grant the application to seal.

## LEGAL STANDARD

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). So "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard." *Id.* However, the "'good cause' standard of Rule 26(c) will suffice] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (cleaned up); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (describing the rule as asking "whether the motion at issue is more than tangentially related to the underlying cause of action).

## ARGUMENT

### A. Good Cause Exists to Seal the PII of CBP Officers Who Are Low-Level Government Employees.

[1] As the Court has already concluded, the lower good cause standard of Rule 26(c) is applicable to this application to file under seal materials for the purposes of discovery. *See* ECF No. 117 at 2.

Personal identifying information is a textbook example of material that may justifiably be sealed as this Court previously observed in its order on a prior application to seal in this case. ECF No. 117 at 2. Before the Court then was a request to seal the PII of the CBP officers that had conducted the secondary inspection, and Defendants once again seek to file under seal that same PII. Defendants respectfully submit that the Court should grant that request.

A long line of cases supports protecting the confidentiality of law-enforcement personnel's identifying information to protect them from harassment, annoyance, or threats. *See Lesar v. U.S. Dep't of Just.,* 636 F.2d 472, 487 (D.C. Cir. 1980) ("As several courts have recognized, [FBI] agents have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives."); *Creer v. City of Vallejo,* No. 214CV1428JAMDBPS, 2016 WL 5897748, at *1 (E.D. Cal. Oct. 11, 2016) ("Defendants shall redact the names of any Vallejo Police Department Officers and replace those names with number identifiers."); *Zhao v. City of New York,* No. 07 CIV. 3636 LAK/MHD, 2007 WL 4205856, at *2 (S.D.N.Y. Nov. 21, 2007) ("Defendants may redact the names and other identifying information of any non-party Police Department employees, but not those of the complainants.").

Here, disclosure of the law enforcement officers' PII—their names—"creates a safety threat and risks unwarranted attribution and attention to the employee." ECF No. 112 ¶ 7.[2] Indeed, "[t]hese risks are not merely speculative, they have actually occurred to DHS employees and are real." *Id.* ¶ 10; *see also id.* ¶ 11 ("CBP employees, including CBP officers like the ones whose names are at issue here, have

[2] This is a declaration of Matthew S. Davies, Executive Director, Admissibility and Passenger Programs, at CBP's Office of Field Operations ("OFO"), previously provided in support of Defendants' prior request to seal the PII of the line level CBP officers. As indicated in Defendants' highlighted exhibit, Defendants do not seek to seal the names of higher level government officials whose names would be publicly known.

been subject to harassment, discrimination, and have received threats of physical harm solely because of their employment at CBP.”).

Under these circumstances, good cause exists to seal the PII of government employees at issue. *See Kamakana*, 447 F.3d at 1180 (noting that under Fed. R. Civ. P. 26(c) good cause exists when required to “protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense”).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court GRANT the Application to Seal the limited information that Defendants seek to seal.

Dated: June 2, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

*/s/ Yuri S. Fuchs*
ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
(202) 598-3869
Email: Robert.W.Meyer@usdoj.gov
Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 730 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 2, 2025

*/s/ Yuri S. Fuchs*

Yuri S. Fuchs