YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorneys
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 598-3869
Email: Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, *et al.*,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>　　*Defendants*. | CASE NO. 2:22-CV-1916-FWS-GJS<br><br>**DEFENDANTS' APPLICATION RE SEALING DEFENDANTS' OPPOSITION TO MOTION TO COMPEL REGARDING LAW ENFORCEMENT PRIVILEGE** |

**TO THE COURT AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79-5.2.2 of the Local Rules of the United States District Court for the Central District of California, and as otherwise authorized by law, Defendants file conditionally under seal an accompanying exhibit in support of their Opposition to Plaintiffs' Motion to Compel Regarding the Law Enforcement Privilege that contains information that Defendants contend should be filed under seal. That exhibit, a TECS record, includes personal identifying information ("PII") of Defendants' employees as law enforcement sensitive information that Defendants submit should be redacted.

On May 30, 2025, the parties met and conferred to discuss documents and information Defendants had designated as Confidential under the Protective Order in this matter and in "an attempt to eliminate or minimize the need for filing under seal by means of redaction." Local Rule 79-5.2.2(b). Defendants contend, as addressed in the Memorandum of Point and Authorities below, that the Court should permit Defendants to seal the PII of the U.S. Customs and Border Protection ("CBP") officers and the law enforcement sensitive information highlighted in Defendants' accompanying exhibit. Plaintiffs have represented that they oppose these redactions for the reasons they previously briefed before the Court, *see, e.g.*, ECF No. 107, but they have represented that they will not be filing an opposition to this application. Defendants have attached to this application the TECS record with their proposed redactions highlighted, and they have separately filed their proposed redacted version on the public docket.

Dated: June 2, 2025

                                      Respectfully submitted,

                                      YAAKOV M. ROTH
                                      Acting Assistant Attorney General
                                      Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

*/s/ Yuri S. Fuchs*
ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
            (202) 598-3869
Email:  Robert.W.Meyer@usdoj.gov
           Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of Defendants' Opposition to Plaintiffs' Motion to Compel Regarding the Law Enforcement Privilege, Defendants seek to file a redacted version of a TECS record regarding one of the incidents alleged in Plaintiffs' First Amended Complaint. Specifically, Defendants seek to redact and file under seal personal identifying information (PII) of Defendants' employees who are lower-level U.S. Customs and Border Protection ("CBP") officers and data fields. For the foregoing reasons herein, good cause[1] exists to seal this narrow set of information the Court should grant the application to seal.

## LEGAL STANDARD

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). So "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard." *Id.* However, the "'good cause' standard of Rule 26(c) will suffice] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (cleaned up); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (describing the rule as asking "whether the motion at issue is more than tangentially related to the underlying cause of action).

## ARGUMENT

**A. Good Cause Exists to Seal the PII of CBP Officers Who Are Low-Level Government Employees.**

---

[1] As the Court has already concluded, the lower good cause standard of Rule 26(c) is applicable to this application to file under seal materials for the purposes of discovery. *See* ECF No. 117 at 2.

Personal identifying information is a textbook example of material that may justifiably be sealed as this Court previously observed in its order on a prior application to seal in this case. ECF No. 117 at 2. Before the Court then was a request to seal the PII of the CBP officers that had conducted the secondary inspection, and Defendants once again seek to file under seal that same PII. Defendants respectfully submit that the Court should grant that request.

A long line of cases supports protecting the confidentiality of law-enforcement personnel's identifying information to protect them from harassment, annoyance, or threats. *See Lesar v. U.S. Dep't of Just.,* 636 F.2d 472, 487 (D.C. Cir. 1980) ("As several courts have recognized, [FBI] agents have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives."); *Creer v. City of Vallejo,* No. 214CV1428JAMDBPS, 2016 WL 5897748, at *1 (E.D. Cal. Oct. 11, 2016) ("Defendants shall redact the names of any Vallejo Police Department Officers and replace those names with number identifiers."); *Zhao v. City of New York,* No. 07 CIV. 3636 LAK/MHD, 2007 WL 4205856, at *2 (S.D.N.Y. Nov. 21, 2007) ("Defendants may redact the names and other identifying information of any non-party Police Department employees, but not those of the complainants.").

Here, disclosure of the law enforcement officers' PII—their names—"creates a safety threat and risks unwarranted attribution and attention to the employee." ECF No. 112 ¶ 7.[2] Indeed, "[t]hese risks are not merely speculative, they have actually occurred to DHS employees and are real." *Id.* ¶ 10; *see also id.* ¶ 11 ("CBP employees, including CBP officers like the ones whose names are at issue here, have

---

[2] This is a declaration of Matthew S. Davies, Executive Director, Admissibility and Passenger Programs, at CBP's Office of Field Operations ("OFO"), previously provided in support of Defendants' prior request to seal the PII of the line level CBP officers. As indicated in Defendants' highlighted exhibit, Defendants do not seek to seal the names of higher-level government officials whose names would be publicly known.

4

been subject to harassment, discrimination, and have received threats of physical harm solely because of their employment at CBP.").

Under these circumstances, good cause exists to seal the PII of government employees at issue. *See Kamakana*, 447 F.3d at 1180 (noting that under Fed. R. Civ. P. 26(c) good cause exists when required to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

**B. Both Good Cause and Compelling Reasons Exist to Seal the Limited Law Enforcement Sensitive Information That Defendants Seek to Seal**

Defendants also seek to seal a small amount of sensitive law enforcement information in the same TECS record.

Courts have recognized that "compelling reasons" exist to seal sensitive law enforcement information that would otherwise be disclosed in public filings. *See United States v. Aguilar-Chavez*, No. 113-CR-00218, 2022 WL 4472625, at *1 (E.D. Cal. Sept. 26, 2022) (compelling reason to seal exhibit that "contain[d] information pertaining to law enforcement systems utilized in the effort to apprehend fugitive defendants"); *see also Morton v. Cnty. of San Diego*, No. 21-CV-1428, 2024 WL 3205395, at *1 (S.D. Cal. June 26, 2024) (finding that "compelling reasons exist" to seal exhibits "consist[ing] of confidential law enforcement documents and reports").

So too here. The public disclosure of the information that Defendants seek to seal information "could enable individuals to alter their patterns of conduct, adopt new methods of operation, and effectuate other countermeasures to circumvent the inspection process" or "allow for bad actors to modify their behavior upon encountering CBP." ECF No. 112 ¶ 15. This, in turn, could "undermine law enforcement techniques, and, consequently, the law." *Id.* This showing goes beyond "[s]imply mentioning a general category of privilege," *Kamakana*, 447 F.3d at 1184, and instead provides specific and compelling reasons to seal the information.

Moreover, Defendants have only sought to seal certain field codes, and so Defendants' sealing request would satisfy the higher compelling reasons test as the sealing is "narrowly tailored to only sealable material." *Nightingale*, 507 F. Supp. 3d at 1213. But, in any event, the law enforcement interests at issue here certainly satisfy the lower "good cause" standard. *See Kamakana*, 447 F.3d at 1180 (noting that under Fed. R. Civ. P. 26(c) good cause exists when required to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court GRANT the Application to Seal the limited information that Defendants seek to seal.

Dated: June 2, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch, Civil Division

 /s/ Yuri S. Fuchs
ROBERT W. MEYER (NY Bar No. 5942842)
YURI S. FUCHS (CA Bar No. 300379)
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0872
             (202) 598-3869
Email:  Robert.W.Meyer@usdoj.gov
             Yuri.S.Fuchs@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,052 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 2, 2025                             /s/ *Yuri S. Fuchs*
                                                Yuri S. Fuchs