COOLEY LLP
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ALEXANDER K. BREHNAN (317776)
(abrehnan@cooley.com)
TAYLOR BOYLE (353178)
(TBoyle@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

JOHN H. HEMANN (165823)
(jhemann@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

*Counsel for Plaintiffs*
(See additional counsel listed below)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>Defendants. | Case No. 2:22-cv-01916-FWS-GJS<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL RE: LAW ENFORCEMENT PRIVILEGE**<br><br>Judge: Hon. Gail J. Standish<br>Trial Date: November 3, 2026<br>Date Action Filed: March 24, 2022 |

Defendants' opposition confirms that the law enforcement privilege should not be used to withhold information from Plaintiffs. Defendants fail to meaningfully account for the parties' Protective Order, which addresses the exact concerns Defendants now raise in invoking the privilege. Defendants' attempts to justify the privilege rest on unfounded arguments and inadequate declarations. The Court should find Defendants' withholdings and objections on the basis of the privilege improper.

## I. The Court should not recognize the law enforcement privilege.

Defendants rely primarily on out-of-circuit cases to argue that the law enforcement privilege has been broadly recognized. Opp. 4–6, ECF No. 133. But critically, the Ninth Circuit has not recognized it. Mot. 6–7, ECF No. 118-1.[1] Nor did Defendants substantively address this Court's decision rejecting the privilege. Opp. 5 (*citing United States v. Rodriguez-Landa*, 2019 WL 653853 (C.D. Cal. Feb. 13, 2019)). The Court should likewise decline to recognize the privilege.

## II. The Protective Order supports rejection of the privilege.

Defendants do not dispute that the information they seek to withhold under the law enforcement privilege is the exact information protected by the Protective Order. Instead, Defendants argue that the Protective Order covers only "non-privileged," *i.e.*, non-law enforcement privileged, information. But that makes no sense. The Protective Order defines "non-privileged" information with the same language that Defendants' cases use to describe purportedly privileged information. *Compare* ECF No. 53, Protective Order § B.d (privilege includes "law enforcement activities and operations"), *with United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (privilege includes "law enforcement techniques and procedures").

Defendants rely on *In re City of New York*, 607 F.3d 923, 936 (2d Cir. 2010) to argue that privileged law enforcement information is "ill-suited for disclosure"

---

[1] *See also United States v. O'Neill*, 619 F.2d 222, 229 (3d Cir. 1980) (observing that no Supreme Court decision supports the privilege, and Congress explicitly rejected a proposed rule like the privilege).

under the Protective Order, Opp. 6, but that case involved a dramatically different set of facts. There, *over fifty* plaintiffs' attorneys had access to information produced in discovery. **Following a leak**, the court allowed defendants to withhold information as privileged, despite a protective order, based on the likelihood that an additional leak would occur. Here, Defendants have alleged no such prior misconduct, and far fewer attorneys would have access to the material. Another of Defendants' cases, *Garcia v. City of Garden Grove*, 2016 WL 9107424 (C.D. Cal. Oct. 26, 2016), actually credits a protective order in ruling against the application of the privilege. *Id.* at *4. As Plaintiffs have explained, this Court routinely rejects application of the privilege based on protective orders. *See* Mot. 8 (collecting cases). The Court should do so here. And if there were any doubt about whether the Protective Order obviates the need to apply the privilege, Plaintiffs would be willing to amend the Protective Order to establish an "Attorneys' Eyes Only" category of protected information.

### III. Defendants' declarations fail to support the privilege.

Defendants attempt to assert the privilege based on two inadequate declarations. But neither declaration even mentions, let alone addresses, Defendants' invocation of the privilege to refuse or limit responses to Plaintiffs' ROGs 2-6, 8-10, 13-14, 16-18, 21, 23, 25, and to object to Plaintiffs' RFPs 1-15, 18-19, 22-25, 27-28. For that reason alone, the Court should reject the privilege as a basis for these withholdings to Plaintiffs' discovery requests.

Defendants also fail to meet their burden to withhold information from CBP's TECS Reports. The Holtzer Declaration, ECF No. 133-4, contains no information, as it must, about "how disclosure [to Plaintiffs] subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests." *Maria Del Socorro Quintero Perez, CY v. United States*, 2016 WL 362508, at *4 (S.D. Cal. Jan. 29, 2016). The harms discussed in the declaration, *see* Holtzer Decl. ¶¶ 9-10, 12-13, ECF No. 133-4, depend entirely on speculation that Plaintiffs may make unauthorized disclosures of the information contained in the TECS

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

PLS' REPLY ISO MOTION TO COMPEL RE
LAW ENFORCEMENT PRIVILEGE;
2:22-CV-01916-FWS-GJS

Reports. But that is exactly what the Protective Order was designed to prevent, and the Holtzer Declaration nowhere accounts for that fact. Without any explanation as to why disclosure pursuant to the Protective Order would "create a substantial risk of harm," Defendants cannot justify the privilege.[2]

Nor can the declaration from a Special Agent of the FBI, *see* McQueen Decl., ECF No. 133-3, satisfy Defendants' burden because the TECS Reports are **CBP** documents. The FBI is ***not "the department with control over"*** the reports and is thus unable to assert the privilege over them. *Hereford v. City of Hemet*, 2023 WL 6813740, at *11 (C.D. Cal. Sept. 14, 2023) (emphasis added); *see Maria Del Socorro*, 2016 WL 362508, at *2 (agency's declarant must affirm that the agency "generated or collected the material in issue"). Indeed, Defendants acknowledge that the TECS Reports belong to CBP, not the FBI. *See* Def. ROG Resp., ECF No. 120-7 at 9 ("CBP owns and operates TECS."). Defendants counter by citing caselaw holding that the law enforcement privilege "may be invoked by an appropriate agency official instead of a department head." Opp. 8 n.2 (cleaned up). But none of the cases Defendants cite—and none of the cases referenced therein—involve an assertion of the privilege by an individual from an ***entirely different*** agency than the one that produced the documents and withheld the information under the privilege.[3]

Finally, Defendants' assertion of the privilege over TECS fields that address

---

[2] The McQueen Declaration, which the Court should decline to consider for the reasons discussed *infra*, states that no protective order, "[r]egardless of the terms," could address the potential risk from the disclosure of certain fields in TECS Reports. McQueen Decl. ¶ 14. But its justification—that it can be impossible to detect unauthorized disclosure, *id.*—is conclusory and sweeps far too broadly. If accepted, it would mean that protective orders can ***never*** mitigate the risk of disclosure. But protective orders often provide a basis to reject the law enforcement privilege. *See* Mot. 8; *Garcia*, 2016 WL 9107424.

[3] *See United States v. City of L.A.*, 2023 WL 6370887, at *6 (C.D. Cal. Aug. 28, 2023) (privilege asserted by HUD's deputy general counsel over HUD materials); *Landry v. FDIC*, 204 F.3d 1125, 1136 (D.C. Cir. 2000) (privilege asserted by an FDIC regional director over documents withheld by the FDIC).

the existence of other reports, Opp. 13, is undercut by their declarant's statements that this information is not privileged and Defendants "plan" to remove redactions, Holtzer Decl. ¶ 14. The Court should order disclosure of the withheld information.

### IV.   Plaintiffs' need for the withheld information overcomes the privilege.

In any event, Plaintiffs' need for the withheld information overcomes the government's interest in nondisclosure. Mot. 12–15. Defendants claim, incorrectly, that Plaintiffs must show a "compelling" need for the supposedly privileged information. Opp. 9–10. But in the few cases in this district that have recognized the privilege, that is not the standard for disclosure. Instead, Plaintiffs must only show that "'the potential benefits of disclosure outweigh the potential disadvantages'" for the privilege to be "set aside." *Al Otro Lado, Inc. v. Wolf*, 2020 WL 3487823, at *3 (S.D. Cal. June 26, 2020). This balancing test is moderately pre-weighted in favor of disclosure, *Hereford*, 2023 WL 6813740, at *4,[4] and Plaintiffs easily clear that bar.

Defendants contend that Plaintiffs must "specifically describe" the information they seek to unveil. Opp. 10. But here too no such requirement exists. With respect to Defendants' interrogatory responses, the reason is apparent: Plaintiffs have no way of knowing what information Defendants claimed as privileged and withheld. Thus, Defendants must supplement their responses to the interrogatories without withholding information as law enforcement privileged, and may do so under the Protective Order.

As Plaintiffs have explained, the TECS records at issue are several years old, and there is no indication that Plaintiffs are under investigation. Mot. 12. Although Defendants try to minimize the significance of these facts, Opp. 11–12, they weigh heavily against the application of the privilege, particularly over information about Plaintiffs themselves. *See, e.g.*, *Hereford*, 2023 WL 6813740, at *17 (characterizing

---

[4] Defendants' contention that the "official information privilege" is distinct from the "law enforcement privilege" is incorrect. *See Roy v. Cnty. of L.A.* 2018 WL 914773, at *12 (C.D. Cal. Feb. 7, 2018).

Cooley LLP
Attorneys at Law
Palo Alto

4

Pls' Reply ISO Motion to Compel re
Law Enforcement Privilege;
2:22-cv-01916-FWS-GJS

privilege as "ongoing investigation privilege"; rejecting declaration that "offer[ed] no indication of an anticipated end date" to the investigation); *see also* Mot. 12.

Finally, even if Plaintiffs were required to show a "compelling need" for the purportedly privileged information, Opp. 12, they have done so. The TECS Reports are highly probative because they are the main records of Plaintiffs' secondary inspections from Defendants' perspective. Plaintiffs cannot obtain this official accounting of their secondary inspections from any other source. Thus, "Plaintiffs' need for this information weighs heavily against defendants' privilege claims." *Doe 1 v. McAleenan*, 2019 WL 4235344, at *6 (N.D. Cal. Sept. 6, 2019).

Furthermore, Plaintiffs' interrogatories seek information that go to the heart of their claims. For example, Interrogatory No. 2 asks Defendants to describe why they asked Plaintiffs religious questions. *See* ROG Resp., ECF No. 118-4 at 5–6. But Defendants refused to provide a complete answer on the basis of the privilege. *Id.* (objecting to providing "any response to the interrogatory because it solely seeks information protected by" the privilege, except as included in non-privileged documents). Additionally, Interrogatory No. 3 asks Defendants to identify and describe the documents that contributed to their decision to ask Plaintiffs the religious questions. *Id.* Defendants refused to provide "any response to this interrogatory" based on the law enforcement privilege—even though, again, this information is highly relevant and not otherwise obtainable. *Id.*[5]

Thus, Plaintiffs clearly have a compelling need for the information they seek.[6] Defendants should not be permitted to obfuscate it with the so-called privilege.

## V.   Conclusion

Plaintiffs respectfully request that the Court grant their Motion to Compel.

---

[5] The same can be said for the additional 14 ROGs and 25 RFPs for which Defendants similarly claimed the privilege. Mot. 3, 5, 10, 15.

[6] While Plaintiffs appreciate Defendants' commitment to disclose the "Chief Council" [sic] field, Opp. 12, they retain a compelling need for the additional information in the TECS Reports.

| | | |
|---|---|---|
| Dated: | June 9, 2025 | COOLEY LLP<br>JOHN HEMANN (165823)<br>BRETT H. DE JARNETTE (292919)<br>ALEXANDER K. BREHNAN (317776)<br>TAYLOR BOYLE (353178)<br><br>By: */s/ Alexander K. Brehnan*<br>    Alexander K. Brehnan<br><br>Ashley Gorski (*pro hac vice*)<br>(agorski@aclu.org)<br>ACLU Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Telephone: +1 212 549 2500<br><br>Mohammad Tajsar (SBN 280152)<br>(mtajsar@aclusocal.org)<br>ACLU Foundation of Southern California<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: +1 213 977 9500<br><br>Daniel Mach (*pro hac vice*)<br>(dmach@aclu.org)<br>Heather L. Weaver (SBN 226853)<br>(hweaver@aclu.org)<br>ACLU Foundation<br>915 15th St., NW Ste. 600<br>Washington, DC 20005<br>Telephone: +1 202 675 2330<br><br>Teresa Nelson (*pro hac vice*)<br>tnelson@aclu-mn.org<br>ACLU of Minnesota<br>P.O. Box 14720<br>Minneapolis, MN 55415<br>Telephone: +1 651 645 4097<br><br>Attorneys for Plaintiffs<br>ABDIRAHMAN ADEN KARIYE,<br>MOHAMAD MOUSLLI, and<br>HAMEEM SHAH |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

PLS' REPLY ISO MOTION TO COMPEL RE
LAW ENFORCEMENT PRIVILEGE;
2:22-CV-01916-FWS-GJS