COOLEY LLP
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ALEXANDER BREHNAN (317776)
(abrehnan@cooley.com)
TAYLOR BOYLE (353178)
(TBoyle@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:  +1 650 843 5000
Facsimile:    +1 650 849 7400

JOHN HEMANN (165823)
(jhemann@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000

*(See additional counsel listed below)*

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>Defendants. | Case No. 2:22-cv-01916-FWS (PVCx)<br><br>District Judge: Fred W. Slaughter<br>Magistrate Judge: Hon. Pedro Castillo<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE DECLARATION *IN CAMERA*** |

Defendants' request to submit an *ex parte, in camera* declaration to provide "more detailed information concerning the TECS records" is a transparent—and months-late—attempt to salvage their inadequate public declarations in support of their law enforcement privilege assertions. ECF No. 161 at 1. *Ex parte* filings are disfavored and only proper where there is a compelling need that overcomes the presumption for openness in judicial proceedings. And here, Defendants have not made—and cannot make—the requisite showing, particularly given that their motion is untimely. Further, as Plaintiffs have argued repeatedly, the parties' Protective Order sufficiently protects against Defendants' unsupported concerns regarding disclosure of information. The Court should deny Defendants' motion for leave to file an *ex parte* declaration.

## BACKGROUND

As Plaintiffs explained when briefing their prior motion to compel, Defendants have not supported their assertion of a law enforcement privilege, let alone through declarations that include the requisite showings by agency heads with control over the information sought to be protected. ECF No. 118 at 9-10. Defendants then filed supporting declarations on June 2, 2025. ECF No. 133. Plaintiffs replied, pointing out that these declarations were inadequate. ECF No. 140 at 2-4. During the Court's August 5 hearing on the issue, this Court similarly expressed skepticism that the declarations were adequate and requested representative samples of unredacted documents to review *in camera*. ECF No. 147.

While Plaintiffs' motion on the law enforcement privilege encompasses all categories of documents to be produced in this case,[1] Plaintiffs consented to Defendants filing an additional public declaration to address four non-TECS reports produced to the Court *in camera*. *See* ECF No. 156 at 2. Defendants did so on

---

[1] Indeed, Plaintiffs argued in their motion to compel and at the August 5 hearing that the Protective Order in this case was designed to encompass *all discovery* in this case and obviates the need for motion practice over every discrete category of documents. If the current Protective Order were somehow insufficient, then an attorneys' eyes only designation would provide an additional layer of protection.

September 5. ECF No. 162-1. During the parties' meet and confer, Defendants also raised the prospect of filing an *ex parte*, *in camera* declaration concerning the four non-TECS reports (which Plaintiffs opposed), *see* ECF No. 156 at 2, but never even suggested to Plaintiffs that they would seek to file an *ex parte* declaration concerning the TECS reports, *contra* ECF No. 161 at 5.

Now, *more than three months* after Defendants submitted their inadequate public declarations addressing the redacted TECS reports, Defendants are seeking leave to file an additional secret declaration "elaborating" on those same TECS records. *Id.* at 1.[2] This should not be allowed.

## ARGUMENT

*First*, Defendants should not be permitted to file a supporting declaration that should have been submitted, at the very latest, on June 2, 2025, when they opposed Plaintiffs' motion to compel. *Second*, *ex parte* declarations are disfavored and Defendants have failed to make the requisite showing of compelling need, particularly when Defendants assert that their public declarations were "sufficient." ECF No. 161 at 5. *Third*, Defendants once again fail to explain why the parties' Protective Order is insufficient to avert the possible harms from disclosure of confidential material, including the proposed *ex parte* declaration.

## I.    This Court should reject Defendants' attempt to supplement months-old filings as untimely.

Defendants' declarations in support of their assertions of law enforcement privilege were due with their discovery responses—*i.e.*, in ***April 2023***, more than two years ago, when Defendants first produced redacted versions of TECS reports for which they now seek to file an *in camera* declaration. *See* ECF No. 118-1 at 3-4, 9 (recounting procedural history); *Athletics Inv. Grp. v. Schnitzer Steel Indus., Inc.*,

---

[2] Defendants confirm unequivocally that their proposed *in camera* declaration will not address new documents or information outside the scope of their previously filed public declarations. ECF No. 161 at 5 ("The declaration that Defendants would file, should the Court grant this motion, will not introduce additional *arguments* or *reasons* why the material that Defendants have withheld is privileged and cannot be disclosed. The declaration will only explain in greater detail why the arguments and reason that Defendants have already provided publicly apply to the representative records submitted for *in camera* review.").

2024 WL 2191007, at *7 (N.D. Cal. May 14, 2024) (declarations due at "time [defendant] files and serves its response to the discovery request" (citation omitted). Nonetheless, on June 2, 2025, Defendants filed two public declarations in support of their opposition to Plaintiffs' motion to compel regarding the law enforcement privilege. *See* ECF Nos. 133-3, 133-4. Defendants contend that these declarations were timely filed. *See* ECF No. 133 at 7-8.

Even if this Court decides to consider Defendants' two public declarations filed as part of the motion-to-compel briefing, it should not permit a supplemental *ex parte* declaration filed *months* after that briefing was complete. Defendants offer no support for the notion that the Court should consider a declaration submitted three months after an opposition's filing (and after initial declarations are already submitted).[3] This Court should reject Defendants' attempt to supplement months-old filings, not least given Defendants' other delays with respect to Plaintiffs' motion to compel and this Court's *in camera* review. *See* ECF No. 156 at 3; ECF No. 160; *Planned Parenthood Great Nw. v. Labrador*, 122 F.4th 825, 845 (9th Cir. 2024) (district court has "broad discretion to manage" its docket, including by "deny[ing] supplemental briefing" and "reject[ing] untimely filings"); *Stross v. NetEase, Inc.*, 2020 WL 5802419, at *1 n.2 (C.D. Cal. Aug. 20, 2020) (denying leave to file supplemental declaration as untimely, where leave was sought "nearly two weeks after oral argument and more than four months" after filing of operative motion); *United States v. Dalton*, 2022 WL 17073890, at *4 (C.D. Cal. July 11, 2022) (court has discretion to consider "merits of the privilege despite the filing of an untimely declaration *so long as* the party invoking the privilege submitted the required declaration before the filing of a motion to compel" (emphasis added)); *Juice It Up*

---

[3] *Illumina Inc. v. BGI Genomics Co.* is distinguishable because allowing a party to submit an *in camera* declaration to elaborate on a claim of attorney-client privilege, *for the first time*, where the claim of privilege "is not obvious on its face" in the privilege log, is entirely different from allowing "elaboration" three months after even Defendants admit that their declarations were due. *See* 2021 WL 2662074, at *3 (N.D. Cal. June 29, 2021).

*Franchise Corp. v. Budhraja*, 2008 WL 11334598, at \*10 (C.D. Cal. July 10, 2008) (denying leave to file supplemental declaration in light of defendant's "past failings and dilatory behavior").

Further, as Defendants' own case law recognizes, an *ex parte* declaration should serve as "support[]" for an otherwise valid assertion of the privilege in a public declaration—not as a substitute. *Fazaga v. Fed. Bureau of Investigation*, 124 F.4th 637, 655 (9th Cir. 2024) (noting that public declaration met requirements for proper assertion of privilege and the court would also consider "the supporting" classified declarations); *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1083 (9th Cir. 2004), *overruled on other grounds*, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) (holding that an *in camera* declaration is not a "substitute" for an adequate public declaration). To the extent the Court finds that Defendants' public declarations are inadequate, Defendants should not be allowed to rectify those shortcomings three months later through an *in camera* submission.

The Court should decline to consider Defendants' untimely declaration.

## II.    *Ex parte* communications, like Defendants' proposed declaration, are disfavored.

"Adversary proceedings are the norm in our system of justice" and "ex parte proceedings the disfavored exception." *Moffatt v. Arizona*, 2020 WL 13607900, at \*2 (C.D. Cal. Feb. 19, 2020) (citations omitted); *see also Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995) ("[T]he very foundation of the adversary process assumes that use of undisclosed information will violate due process because of the risk of error."). Accordingly, "[t]he *ex parte* filing of documents necessary to establish or contest a claim of privilege is disfavored." *United States v. W. Titanium, Inc.*, 2009 WL 10708069, at \*4 (S.D. Cal. Apr. 15, 2009), *aff'd*, 348 F. App'x 224 (9th Cir. 2009). Even in the FOIA context, which does not involve the constitutional claims at issue in Plaintiffs' case, *ex parte, in camera* affidavits are available "only in the exceptional case" and after "the government has submitted as detailed public affidavits and testimony as possible."

1    *Lion Raisins*, 354 F.3d at 1083 (citation omitted).

2        For these reasons, courts require defendants to make a "compelling showing

3    of need" before filing *ex parte* materials in support of an alleged law enforcement

4    privilege. *W. Titanium*, 2009 WL 10708069, at *4; *see also Schiller v. City of New

5    York*, 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008) (defendants must show

6    "compelling need" in that *ex parte* evidence must provide "sole basis" for resolving

7    assertion of privilege). That threshold is not met where a declaration concerns

8    documents "already [] submitted to the Court for *in camera* review" and "merely

9    offers commentary on and arguments relating to items *already* contained in the

10   record." *Schiller*, 2008 WL 1777848, at *5 (affirming denial of leave to file *ex parte,*

11   *in camera* declaration in support of law enforcement privilege). Here, where

12   Defendants seek to file *ex parte* material "only [to] explain in greater detail"

13   arguments already made and to assert that their public declarations are "sufficient,"

14   ECF No. 161 at 5, Defendants have failed to show compelling need. Nor can they

15   prove a compelling need when, as Plaintiffs have explained, the parties' Protective

16   Order would resolve the issues raised in Plaintiffs' motion to compel. *See* ECF No.

17   118-1 at 7-9; ECF No. 140 at 1-2.

18   **III.    Defendants' declaration can be provided to Plaintiffs pursuant to the
              Protective Order.**

19       Just as the underlying documents at issue—and future documents in this

20   case—should be freely exchanged between the parties pursuant to the Protective

21   Order, the proposed *in camera* declaration, to the extent considered by the Court,

22   should likewise be covered by the parties' Protective Order and disclosed to

23   Plaintiffs' counsel. *Roman v. Wolf*, 2020 WL 6588399, at *1 (C.D. Cal. July 16,

24   2020) (defendants' concerns over "sensitive" law enforcement information could be

25   addressed by protective order); *Ibrahim v. Dep't of Homeland Sec.*, 2013 WL

26   1703367, at *5 (protective order "will guard against counsel divulging any of the

27   details of these documents without a court order"); *Schiller*, 2008 WL 1777848, at

28   *7 (holding that an attorneys' eyes only designation was sufficient protection against

1  defendants' concern about the law enforcement sensitive contents of declaration).

2      Defendants' citations to case law involving the "state secrets privilege" are

3  inapposite:[4] that privilege is distinct from the law enforcement privilege, applies only

4  to properly classified information—and certainly not to the TECS records or any

5  other discovery materials in this case—and, even then, applies only in "exceptional

6  circumstances." *Mohamed*, 614 F.3d at 1077; *cf. Schiller v. City of New York*, 2008

7  WL 186203, at *2 (S.D.N.Y. Jan. 22, 2008), *objections overruled*, 2008 WL 1777848

8  (S.D.N.Y. Apr. 14, 2008) ("[t]he submission of a sealed, *ex parte* affidavit is not

9  necessary here. This is not a case involving . . . state secrets.") (citation omitted).

10  Similarly inapplicable are cases involving submission of *ex parte* evidence

11  authorized by statute.[5] *See Schiller*, 2008 WL 186203, at *2 (observing that "[t]his is

12  not a case in which *ex parte* submissions are part of the statutory scheme," such as

13  FOIA). Nor are Defendants' arguments supported by *Lallemand v. Cnty. of Los*

14  *Angeles*, 2018 WL 6136814 (C.D. Cal. Jan. 12, 2018). In that case, a court reviewed

15  the defendant's public declaration asserting the official information privilege, finding

16  it insufficient. *Id.* at *7. Having made this finding, the court allowed an *in camera*

17  declaration only to detail the defendant's privacy interests concerning a subset of

18  documents not themselves submitted for *in camera* review and that had "little or

19  nothing to do with" the merits of the case—unlike the records at issue in Plaintiffs'

20  requests. *Id.* at *9.

21      Here, the appropriate precedent and analogy is to the volume of cases finding

22  protective orders sufficient to avert possible harm from public disclosure of law

23  enforcement privileged documents. *See* ECF No. 118-1 at 8 (collecting cases); ECF

24

25  ---
  [4] *See Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998) (court was satisfied that release of
26  state secret information described in classified declaration would "cause exceptionally grave
  damage to the national security"); *Kasza v. Whitman*, 325 F.3d 1178, 1181 (9th Cir. 2003)
27  (same); *Fazaga*, 124 F.4th at 655 (same); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070,
  1077 (9th Cir. 2010) (same).
28  [5] *See Greyshock v. U.S. Coast Guard*, 107 F.3d 16 (9th Cir. 1997) (unpublished disposition)
  (FOIA); *United States v. $600,980.00 in U.S. Currency*, 2022 WL 18397522 (C.D. Cal. Nov. 15,
  2022) (18 U.S.C. § 981(g)(5)).

No. 162 at 3 (same).

## CONCLUSION

The Court should decline to consider Defendants' untimely declaration, which seeks to deprive Plaintiffs of a meaningful chance to challenge Defendants' law enforcement privilege assertions. To the extent the Court allows the belated declaration, the Protective Order in this case obviates the need for an *ex parte, in camera* submission.

| | |
|---|---|
| 1 | Dated:        September 15, 2025 |
| 2 | |
| 3 | |
| 4 | |

COOLEY LLP
HANNA EVENSEN (707155)
JOHN HEMANN (165823)
BRETT H. DE JARNETTE (292919)
ALEXANDER BREHNAN (317776)
TAYLOR BOYLE (353178)

By: */s/ Hanna Evensen*
     Hanna Evensen

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
Theresa J. Lee (*pro hac vice*)
(tlee@aclu.org)
Sean M. Lau (*pro hac vice*)
(slau@aclu.org)
Hina Shamsi (*pro hac vice*)
(hshamsi@aclu.org)
ACLU Foundation
125 Broad Street, Floor 18
New York, NY 10004
Telephone: +1 212 549 2500

Mohammad Tajsar (SBN 280152)
(mtajsar@aclusocal.org)
ACLU Foundation of Southern
California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 9500

Daniel Mach (*pro hac vice*)
(dmach@aclu.org)
Heather L. Weaver (SBN 226853)
(hweaver@aclu.org)
ACLU Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Telephone: +1 202 675 2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
ACLU of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Telephone: +1 651 645 4097

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH