1    COOLEY LLP
     JOHN C. BOSTIC (264367)
2    (jbostic@cooley.com)
     BRETT H. DE JARNETTE (292919)
3    (bdejarnette@cooley.com)
     ALEXANDER K. BREHNAN (317776)
4    (abrehnan@cooley.com)
     TAYLOR BOYLE (353178)
5    (TBoyle@cooley.com)
     3175 Hanover Street
6    Palo Alto, California  94304-1130
     Telephone:  +1 650 843 5000
7    Facsimile:   +1 650 849 7400

8    JOHN HEMANN (165823)
     (jhemann@cooley.com)
9    3 Embarcadero Center, 20th Floor
     San Francisco, CA 94111-4004
10   Telephone: +1 415 693 2000

11   *(See additional counsel listed below)*

12   Attorneys for Plaintiffs
     ABDIRAHMAN ADEN KARIYE,
13   MOHAMAD MOUSLLI, and
     HAMEEM SHAH
14

15             UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17   ABDIRAHMAN ADEN KARIYE,
     MOHAMAD MOUSLLI, and
18   HAMEEM SHAH,                          Case No. 2:22-cv-01916-FWS (PVCx)

19           Plaintiffs,                   District Judge: Fred W. Slaughter
                                           Magistrate Judge: Pedro V. Castillo
20       v.
                                           **PLAINTIFFS' MOTION TO ENFORCE
21   KRISTI NOEM, Secretary of the U.S.    AND SUPPLEMENT COURT'S AUGUST
     Department of Homeland Security, in   29 ORDER ON CUSTODIAL ESI**
22   her official capacity, et al.,

23           Defendants.

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

**Page**

BACKGROUND ................................................................................................................. 2

ARGUMENT ..................................................................................................................... 7

I.    DEFENDANTS SHOULD PROMPTLY BEGIN ROLLING PRODUCTIONS TO COMPLY WITH THE NEWLY STIPULATED CUSTODIAL ESI DISCOVERY DEADLINE OF FEBRUARY 5, 2026. ...................................................................... 7

II.   DEFENDANTS MUST CONDUCT FULSOME COLLECTIONS OF DOCUMENTS. ........................................................................................................ 8

III.  DEFENDANTS MUST PROVIDE HIT REPORTS FOR EACH SEARCH TERM AND CUSTODIAN AND REVIEW ALL DOCUMENTS RETURNED BY THE FINAL SEARCH TERM PARAMETERS. ............................................................... 11

IV.   PLAINTIFFS REQUEST THAT THE COURT ENFORCE AND SUPPLEMENT ITS AUGUST 29 ORDER ON ESI DISCOVERY. .......................................... 13

      A.    Hit count reports by custodian and search term by December 12, 2025 ............... 13

      B.    Conference to resolve any custodial ESI issues still in dispute on December 18, 2025, or at time convenient for the Court. ....................................... 14

      C.    Interim deadlines for rolling productions on December 19, 2025, December 30, 2025, January 13, 2026, and January 27, 2026. ................................. 14

      D.    Twice-a-month joint status reports until completion of fact discovery. ............... 15

CONCLUSION ................................................................................................................ 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*ACLU of S. Cal. v. ICE*,
5     2025 WL 2416784 (C.D. Cal. Aug. 15, 2025) ................................................................ 9

6 *Acosta v. Sw. Fuel Mgmt., Inc.*,
    2018 WL 1913772 (C.D. Cal. Mar. 28, 2018) ................................................................. 10
7

*Al Otro Lado, Inc. v. McAleenan*,
8     No. 17-cv-2366 (S.D. Cal. Oct. 3, 2019) ...................................................................... 9, 12

9 *In re Allergan PLC Sec. Litig.*,
    2020 WL 4034751 (S.D.N.Y. Mar. 30, 2020) ................................................................ 11
10

11 *Dep't of Toxic Substances Control v. Rossi*,
    2022 WL 19355 (N.D. Cal. Jan. 3, 2022) ....................................................................... 10
12

13 *Doe v. Kaiser Found. Health Plan, Inc.*,
    2024 WL 3225904 (N.D. Cal. June 28, 2024) ................................................................ 11
14

*Gill v. Chipotle Mexican Grill, Inc.*,
15     2025 WL 1378397 (C.D. Cal. May 12, 2025) ................................................................ 10

16 *Horn v. Amazon.com, Inc.*,
    2025 WL 748655 (W.D. Wash. Mar. 7, 2025) ......................................................... 12, 13
17

18 *Jennings v. Cnty. of Riverside*,
    2023 WL 3431917 (C.D. Cal. Jan. 27, 2023) ................................................................. 11
19

*In re Lithium Ion Batteries Antitrust Litig.*,
20     2014 WL 6471422 (N.D. Cal. Nov. 18, 2014) ................................................................. 8

21 *In re Lithium Ion Batteries Antitrust Litig.*,
    2015 WL 833681 (N.D. Cal. Feb. 24, 2015) .................................................................. 12
22

23 *In re Outpatient Med. Ctr. Empl. Antitrust Litig.*,
    2023 WL 4181198 (N.D. Ill. June 26, 2023) .................................................................. 11
24

*Proofpoint, Inc. v. Vade Secure, Inc.*,
25     2020 WL 6591210 (N.D. Cal. Nov. 11, 2020) ................................................................ 10

26 *SPS Tech., LLC v. Briles Aerospace, Inc.*,
    2020 WL 13910585 (C.D. Cal. Aug. 14, 2020) .............................................................. 13

27

28

COOLEY LLP
ATTORNEYS AT LAW

**PLAINTIFFS' MOTION TO ENFORCE AND SUPPLEMENT**
**2:22-CV-01916-FWS (PVCx)**

**TABLE OF AUTHORITIES**
**Continued**

**Page(s)**

*In re Toys R Us Del., Inc. Fair & Accurate Credit Transactions Act (FACTA)
    Litig.,*
    2010 WL 4942645 (C.D. Cal. July 29, 2010) ............................................................ 10

*Wren v. TransAmerica Life Ins. Co.,*
    2024 WL 5317297 (C.D. Cal. Nov. 13, 2024) ............................................................ 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COOLEY LLP
ATTORNEYS AT LAW

iii

PLAINTIFFS' MOTION TO ENFORCE
AND SUPPLEMENT
2:22-CV-01916-FWS (PVCx)

On August 29, this Court ordered Defendants in part to immediately produce all ESI discovery on hand, make rolling productions of additional ESI, and complete ESI discovery within 45 days. *See* ECF No. 160. Despite the lapse of the Court's 45-day deadline (accounting for the government shutdown),[1] Defendants have made little progress toward complying with the Court's order, including by not taking preliminary steps concerning the collection and review of documents and by not making a single production of custodial ESI. With this motion, Plaintiffs ask the Court to enforce and supplement its August 29 Order to ensure Defendants' compliance with that Order, their discovery obligations, and the stipulated custodial ESI discovery deadline of February 5, 2026.[2]

Defendants do not satisfy their discovery obligations in at least three ways: (1) Defendants have not started rolling productions and will not agree to a rolling production schedule; (2) Defendants refuse to commit to fulsome document collections; and (3) Defendants have refused to provide hit counts in a usable format and have tried to improperly and unilaterally limit searches. *See generally* ECF No. 165 (Plaintiffs' pre-lapse status report providing further background).

Defendants contend that complying with these basic discovery obligations would be overly burdensome, but as Plaintiffs have explained, they waived such arguments months ago, including by affirmatively choosing not to substantiate them in response to a court order. *See* ECF No. 152; ECF No. 157 at 5-6. And at a December 1 meet-and-confer, Defendants maintained that they would not review all documents produced by the searches they agreed to run. Brehnan Decl. ¶ 9. Defendants' approach forces Plaintiffs to return to this Court to relitigate Defendants' waived objections in a piecemeal manner. That is inefficient and impermissible.

---

[1] Thirty-three (33) of the 45 days occurred before the shutdown. Given the resumption of appropriations, the new deadline for the completion of ESI discovery was November 26, 2025.

[2] Earlier today, the parties filed a joint stipulation with the District Court to move the fact discovery deadline to June 5, 2026 and a joint stipulation with this Court to move the custodial ESI production deadline to February 5, 2026. *See* Joint Stip., ECF No. 180; Joint Stip., ECF No. 181.

1      To avoid further delays and conclude document discovery once and for all,

2  Plaintiffs respectfully move the Court to enforce and supplement its August 29 Order

3  to include interim steps and deadlines that ensure Defendants will produce custodial

4  ESI discovery on a rolling basis and by the agreed-upon completion deadline.

5  Plaintiffs propose specific relief in Section IV below.[3]

6                                    **BACKGROUND**

7      This case reopened in December 2024, following the Ninth Circuit's remand.

8  ECF No. 91. As part of their document requests, including from 2022 and early 2025,

9  Plaintiffs asked Defendants to produce responsive ESI held by individual custodians

10  in DHS and CBP. Defendants have not produced any custodial ESI to date.

11      In February 2025, Plaintiffs first proposed search parameters for custodial ESI

12  divided into five custodian categories. Ex. A at 1-2; 35-39 (attachment to Feb. 7,

13  2024 email).[4] The next month, after Defendants objected to Plaintiffs' search terms

14  as too burdensome, Plaintiffs began requesting proof—in the typical form of search

15  term hit counts—of Defendants' burden, so that the parties could meaningfully

16  negotiate the search parameters. *See* ECF No. 157 at 1-2; ECF No. 157-2; ECF No.

17  157-3 at 2; ECF. No. 165 at 1. Five months after Plaintiffs first proposed custodial

18  ESI parameters, Defendants argued for the first time that Plaintiffs' proposed

19  parameters were too broad even to collect documents from custodians and upload

20  them to their document review software platform, as would be required to determine

21  search term hit counts. Ex. B at 3-4.

22      On August 8, 2025, after a discovery hearing, the Court ordered Defendants to

23  substantiate their alleged undue burden via a declaration and brief. ECF No. 148; *see*

24

25  [3] Plaintiffs understand this motion to be a continuation of the ongoing ESI
discovery dispute, first raised with the Court in late July 2025. *See* Motion, ECF
26  No. 146; Minutes, ECF No. 148; Order, ECF No. 160. As such, Plaintiffs believe
that they have already complied with Magistrate Judge Castillo's Procedure 1(c).
27  Were the Court to disagree, Plaintiffs are ready and available to hold a telephonic
conference with the Court or take whatever steps the Court deems appropriate.
28  [4] "Ex." refers to the exhibits attached to the Declaration of Alexander K. Brehnan
("Brehnan Decl.") filed concurrently with this Motion.

PLAINTIFFS' MOTION TO ENFORCE
AND SUPPLEMENT
2:22-CV-01916-FWS (PVCx)

1    *also* Hearing Tr., ECF No. 146 at 6:18-22 ("[T]he Government cannot just in essence

2    say, you know, these searches are too burdensome, they're too cumbersome, they

3    would place our database or databases in jeopardy if we were to do this, it would

4    produce documents, that would be irrelevant, etcetera."). But instead of submitting

5    the ordered filings, Defendants filed a Notice to the Court representing that "they will

6    not file such a declaration or brief"; instead, they would "apply" Plaintiffs' search

7    parameters "in an initial search for potentially responsive documents." ECF No. 152

8    at 1.

9         On August 29, 2025, this Court held a further discovery hearing to address

10   Defendants' delays in producing responsive ESI and the parties' dispute over search

11   parameters. During the hearing, the Court ordered Defendants to produce available

12   ESI statistics concerning the search parameters that Plaintiffs had proposed. After the

13   hearing, the Court entered a minute order requiring Defendants to "immediately

14   produce all ESI discovery they currently have on hand" and to "complete all

15   remaining ESI discovery within 45 days of this Order's issuance," with intervening

16   productions to be made on a "rolling basis." ECF No. 160 at 1.

17        Since the Court's Order, Defendants have not produced any custodial ESI.

18   Defendants have also ignored Plaintiffs' multiple requests for a date by which

19   Defendants would make their first rolling production. Ex. C at 10-12; Ex. E at 9;

20   Brehnan Decl. ¶ 8. Defendants further denied that they have any ESI discovery "on

21   hand" to produce. *See* Ex. B at 6-7.

22        Defendants have not even completed their own collection of potentially

23   responsive custodial ESI, which is a gating step to the review and production of

24   documents. *See, e.g.*, Ex. C at 3-4 (representing that not all ESI had been collected

25   and placed onto a review platform). In a September 22 meet-and-confer, Defendants

26   informed Plaintiffs that no ESI for CBP custodians (as distinct from DHS custodians)

27   had been collected. Brehnan Decl. ¶ 7. In a November 18 meet-and-confer,

28   Defendants informed Plaintiffs they had collected ESI from just five of the CBP

1    custodians and from "most," but not all, DHS headquarters custodians. *Id.* ¶ 8. And

2    Defendants have suggested that they will only "search individual custodians" within

3    custodian categories and will not conduct fulsome collections for all categories. Ex.

4    C at 5.

5    　　　In an effort to work cooperatively with Defendants, Plaintiffs have continued

6    to seek hit counts from Defendants, broken down by specific search term and

7    custodian, to facilitate negotiations over review priorities. *See* Ex. B at 11; *id.* at 8;

8    *id.* at 4; *id.* at 2; *id.* at 1-2; Ex. C at 8; *id.* at 5-7; Brehnan Decl. ¶ 8.  Plaintiffs have

9    done so as recently as the parties December 1 meet-and-confer.  *See* Brehnan Decl.

10   ¶¶ 8-9.

11   　　　Defendants nonetheless have not produced search term hit counts for almost

12   any of the agreed-upon custodians. For weeks, Defendants provided single hit count

13   numbers for all custodian data that were not distinguished by search term and

14   custodian. These numbers did not meaningfully permit Plaintiffs to propose

15   amendments to the search parameters, where such amendments were reasonable, or

16   modify review priorities. Defendants' numbers also varied dramatically. For

17   example, Defendants initially reported that one custodian subcategory (A1) returned

18   13 million documents, but a week later reported that the same subcategory returned

19   less than 109,000 documents.  Ex. C at 10-11. No explanation for the discrepancy

20   has been provided.

21   　　　After weeks of requests from Plaintiffs, Defendants finally provided some hit

22   count information, though not in a standard format:

- On September 17, Defendants provided a single hit count for long search queries, not broken down by each search term. *Id*. This hit count information related only to one category of custodian and a subset of another, and aggregated those two categories instead of presenting information about categories separately. *Id.*

- On September 22, after Plaintiffs complained about the lack of transparency, Defendants provided further hit counts, aggregated across the same category of custodian and same subset of the other category.

*See id.* at 7, 14-17 (attachment to Defendants' September 22, 2025 email).

- On September 24, after Plaintiffs repeated their request that Defendants break down search term hits by custodian, Defendants stated that they "are willing to look into the possibility of generating yet another hit count report, as you request, but we cannot hold up our substantive review while we wait for that report and Plaintiffs' reaction to it." *Id.* at 5.

- On November 21 and 22, Defendants provided hit counts for only five CBP custodians. Ex. D at 1; Ex. E at 2. Defendants did not break the search term hit counts down by custodian and again refused to provide a firm date for any productions. Ex. E at 3 (promising a production "in the near future" without providing a specific date).

Despite the inadequacy of Defendants' hit count information, Plaintiffs have repeatedly proposed narrowing the search parameters in response to the little information Defendants did provide. *See, e.g.*, Ex. C at 10 (amending keyword "tonk!" to "tonk" or "tonks" to respond to Defendants' concern that original keyword returned results for Congressman Paul Tonko, the Gulf of Tonkin, and name "Tonkavitch"); *id.* at 3-4, 18-26 (attachment to Plaintiffs' September 25, 2025 email) (proposing a *substantial* list of revisions, including proximity limiters and removal of certain terms).

Plaintiffs proposed a further significant compromise regarding search parameters on November 24, 2025. Ex. E at 1-2 (proposing that Defendants hold an entire category of search terms in abeyance and apply additional proximity limiters for certain other categories of search terms); *id.* at 11-24 (attachment to Plaintiffs' November 24, 2025 email with revised proposed search parameters). Were Defendants to have accepted Plaintiffs' proposal, they would not have needed to provide any further hit counts and the parties could focus on document review and production. Plaintiffs further requested that if Defendants reject the proposal, then they should provide hit counts broken down by custodian and search term in advance of the December 1, 2025 meet-and-confer meeting. *Id.* at 1-2.

1    Prior to the December 1 meet-and-confer, Defendants rejected Plaintiff's

2    November 24 proposal. While they offered to collect the documents for the revised

3    search parameters, they did not agree to review all collected documents. Ex. E at 1;

4    Brehnan Decl. ¶ 9. They also did not provide any hit counts. *Id.* At the December 1

5    meet-and-confer, Defendants reiterated that they would not review all documents

6    returned by the search parameters and they did not present hit counts. *Id.* Defendants

7    also said, for the first time, that they would only agree to review a limited subset of

8    those documents and then determine whether further review is warranted. *Id.*; *see*

9    *also* Ex. E at 1.

10    Defendants have offered several different objections to providing the

11    requested search term hit counts. Defendants alleged that the "volume of documents

12    returned by these searches is itself an impediment to generating the hit counts that

13    Plaintiffs are requesting." Ex. C at 3. Defendants also made clear that they "do not

14    agree" with Plaintiffs' proposed approach to provide hit count information for

15    Plaintiffs to review and tailor until the volume of documents is reduced to a

16    manageable number. *Id.* at 1. Despite their lack of transparency in providing search

17    term hit counts, Defendants have alleged that the documents returned thus far by

18    Plaintiffs' search terms are "substantially nonresponsive" and "the volume of

19    irrelevant search results will substantially impede [their] ability to complete ESI

20    discovery in the time remaining." *Id.* at 12. Defendants then independently decided

21    that they will proceed with reviewing "random samples" of documents instead of

22    providing the necessary information (the search term hit counts) so that the parties

23    could meaningfully negotiate review priorities. *Id.* at 5. Defendants reiterated these

24    positions at the November 18 meet-and-confer. Brehnan Decl. ¶ 8.

25    On at least one occasion, Defendants have also tried to unilaterally change the

26    search parameters. On September 17, after asserting without support that the results

27    were either too voluminous or "of very low quality," Defendants "tried reformulating

28    the query" without providing any evidence of which individual search terms were

1    pulling too many documents or what percentage of documents were non-responsive.

2    Ex. C at 11. But after Plaintiffs asked for more specific hit counts, Defendants'

3    updated (though still inadequate) information showed that the search term string that

4    Defendants were "reformulating" could have been addressed by adjusting a single

5    search term that was pulling in 14,471 (about 93%) of the total 15,500 documents.

6    *See id.* at 17.

7    On November 13, 2025, after the government shutdown ended, Plaintiffs

8    reiterated their requests that Defendants provide (1) search term hit counts, broken

9    out by each search term and custodian, and (2) a schedule for Defendants' rolling

10    productions. Ex. D at 6-7. Defendants again refused. Brehnan Decl. ¶ 8. On

11    November 18 and again on December 1, the parties met and conferred on these issues

12    but were unable to reach a resolution. *Id.* ¶¶ 8-9. Defendants oppose this motion. *Id.*

13    **ARGUMENT**

14    Defendants have failed to make any of the Court-ordered rolling productions

15    of custodial ESI, and have not made any productions within the 45 days this Court

16    set for *completion* of those productions. These delays have greatly prejudiced

17    Plaintiffs. To ensure that Defendants produce responsive custodial ESI in time for

18    depositions, this Court should enforce and supplement its earlier order. Defendants

19    should be required: to make rolling productions by dates certain set by this Court; to

20    collect all custodial ESI returned by the agreed-upon search parameters and to upload

21    that ESI onto Defendants' review platform; and to provide hit counts for all of

22    Plaintiffs' searches broken down by search term and custodian so that the parties can

23    meaningfully negotiate review priorities.

24    **I.    Defendants should promptly begin rolling productions to comply with the
25          newly stipulated custodial ESI discovery deadline of February 5, 2026.**

26    This Court ordered Defendants to produce all custodial ESI on a rolling basis

27    and within 45 days. ECF No. 160 at 1. But despite that the Court-ordered production

28

deadline of November 26 has passed,[5] Defendants have so far failed to make *any* productions of custodial ESI. That is contrary to the Court's Order.

Defendants have not even provided a date certain by which they would make their first rolling production. Brehnan Decl. ¶¶ 8-9. Where productions are ordered on a rolling basis, "the majority of the data should be produced well in advance of the production deadline." *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 6471422, at *2 (N.D. Cal. Nov. 18, 2014). In other words, Defendants should not be permitted to backload documents productions at or close to the completion deadline. *See* ECF No. 165 at 6-7 (collecting cases). Here, Defendants had not even *started* rolling productions by the previous court-ordered deadline for completing those productions. Thus, Plaintiffs below request concrete interim deadlines to ensure that Defendants produce documents in a truly rolling manner and by the newly stipulated custodial ESI deadline of February 5, 2026.

## II.    Defendants must conduct fulsome collections of documents.

Defendants have not completed their own collection of potentially responsive ESI, which is a necessary step for Defendants to review and produce documents in a timely manner, negotiate review priorities with Plaintiffs, and substantiate any alleged burden arguments related to document review.

This Court ordered Defendants to complete productions of custodial ESI within 45 days; Defendants' production obligations required them to collect and review the custodial ESI in their possession, custody, or control. *See, e.g.*, *Wren v. TransAmerica Life Ins. Co.*, 2024 WL 5317297, at *4 (C.D. Cal. Nov. 13, 2024) (noting it "inexplicabl[e]" that defendant "beg[a]n its collection and review" of requested documents late).

As part of this process of collection and review, Defendants needed to upload

---

[5] The 45-day production timeline began on August 29, 2025. ECF No. 160. During the government shutdown, discovery deadlines were stayed until the end of the lapse in appropriations. ECF No. 173. Defendants' new deadline to complete custodial ESI production was November 26, 2025.

the custodial ESI to Relativity, their document review platform, and then run the search parameters Defendants agreed to apply in their August 15, 2025 Notice to the Court. *See* ECF No. 152. Alternatively, Defendants could have collected and uploaded the custodial ESI using the search parameters Plaintiffs proposed on November 24, 2025. *See* Ex. E at 11-24. Defendants' failure to upload the ESI violates their discovery obligations. *See*, *e.g.*, *ACLU of S. Cal. v. ICE*, 2025 WL 2416784, at *13 (C.D. Cal. Aug. 15, 2025) (government failing to satisfy FOIA search obligations because it did not confirm that it had "collect[ed] a broad number of responsive documents and then run a search in Relativity of those collected documents"); *Al Otro Lado, Inc. v. McAleenan*, No. 17-cv-2366 (S.D. Cal. Oct. 3, 2019), ECF No. 302-2 at 2 (declaration from CBP Chief Counsel asserting that CBP and DOJ could and would "process[] and upload all custodians' emails into DOJ's Relativity system and apply[] relevant search terms to those emails").

Nonetheless, Defendants have not completed collection of custodial ESI, despite the lapse of the Court's 45-day deadline for productions. During the November 18 meet-and-confer, Defendants informed Plaintiffs that ESI for some DHS headquarters custodians and for all but five of the CBP custodians have not been collected—meaning that Defendants have not even taken the preliminary step of collecting ESI for the vast majority of custodians agreed upon by the parties. Brehnan Decl. ¶ 8. Defendants have further intimated that they may not collect all responsive custodial ESI, suggesting that they will only "search individual custodians" within custodian categories and will not conduct full data collections for all categories. Ex. C at 5.

Defendants have in the past asserted that the "volume of documents" is too large even to collect and upload.[6] *Id*. at 3; *see also* Brehnan Decl. ¶ 8. But as Plaintiffs

---

[6] Defendants offered to collect and upload ESI responsive to Plaintiffs' November 24, 2025 revised search parameters. Brehnan Decl. ¶ 9. Their willingness to do so calls into question Defendants' allegations of burden associated with the collection and upload of records.

have explained, Defendants have already waived this never-supported burden objection. *See* ECF No. 148; ECF No. 152; ECF No. 157 at 3-5. That waiver occurred when Defendants did not substantiate their objections of burden at the time they responded to Plaintiffs' discovery requests. *See Acosta v. Sw. Fuel Mgmt., Inc.*, 2018 WL 1913772, at *4 (C.D. Cal. Mar. 28, 2018) (defendants waiving burden objection "[b]y not establishing the basis for their burdensomeness objection at the time defendants asserted their objection," *i.e.*, "[i]n response to the subject discovery requests"). Defendants confirmed their waiver by not substantiating their burden ***even in response to a court order***. *See* ECF No. 152; *In re Toys R Us Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2010 WL 4942645, at *3, n.1, (C.D. Cal. July 29, 2010) (finding courts "generally deem[] objections initially raised but not relied upon in response to the motion as abandoned" (citation omitted)); *Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1378397, at *3 (C.D. Cal. May 12, 2025) ("[O]bjections not raised in briefing on a motion to compel are waived and/or abandoned.").

Having waived their burden objections, Defendants may not force the Court and Plaintiffs to expend resources on relitigating that objection during each successive stage of the eDiscovery process. *See, e.g.*, *Dep't of Toxic Substances Control v. Rossi*, 2022 WL 19355, at *3 (N.D. Cal. Jan. 3, 2022) (prohibiting defendants from keeping "objection in abeyance such as to be able to use those pocketed . . . objections in the future should Defendants wish to continue resisting this discovery, thereby potentially necessitating another round of motions to compel regarding these same RFPs and ROGs"); *Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 6591210, at *3 (N.D. Cal. Nov. 11, 2020) (prohibiting defendants from making "tactical decision to withhold some discovery objections and to present them in a piecemeal fashion such as to force Plaintiff[s] to file multiple motions to compel the same discovery materials, and such as to force this court to repeatedly adjudicate multiple motions to compel the same material").

1    This Court should therefore order Defendants to immediately, and by no later

2    than December 10, collect all potentially responsive custodial ESI, including all

3    custodial ESI returned by Plaintiffs' search parameters, and upload that ESI to

4    Defendants' discovery review platform.

## III.    Defendants must provide hit reports for each search term and custodian and review all documents returned by the final search term parameters.

7    In an effort to work with Defendants and facilitate their production of relevant

8    custodial ESI within the Court-ordered timeframe, Plaintiffs have continued to seek

9    meaningful search term hit counts broken down for each search term and custodian

10    so that the parties can negotiate review priorities or adjustments, as necessary, to

11    search terms. Nonetheless, Defendants have failed to provide Plaintiffs with anything

12    more than (i) inconsistent and aggregate statistics for wide swatches of custodian

13    categories or (ii) haphazard and still aggregated hit counts for certain DHS and CBP

14    custodians. *See supra* at 3-4. Even with this limited information, Plaintiffs have tried

15    to propose refinements to their searches. *See supra* at 4-5.

16    Because search term hit counts "productively assist in negotiating and, if

17    needed, modify[ing] the search terms," it is "incumbent" on Defendants to

18    "transparently provide" them. *Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL

19    3225904, at *4 (N.D. Cal. June 28, 2024); *see also In re Allergan PLC Sec. Litig.*,

20    2020 WL 4034751, at *1 (S.D.N.Y. Mar. 30, 2020) ("The effort to arrive at

21    appropriate search terms must be part of a collaborative process in which the

22    defendants must provide to plaintiff the maximum information possible."). In

23    providing this information, a "single aggregated hit count" not broken down by

24    specific search term is not useful because it does not allow Plaintiffs "to modify

25    *specific* search terms and parameters that produced a large number of hits, including

26    potentially numerous irrelevant hits." *In re Outpatient Med. Ctr. Empl. Antitrust

27    Litig.*, 2023 WL 4181198, at *11 (N.D. Ill. June 26, 2023) (emphasis added); *see also

28    Jennings v. Cnty. of Riverside*, 2023 WL 3431917, at *3 (C.D. Cal. Jan. 27, 2023)

COOLEY LLP
ATTORNEYS AT LAW

11

**PLAINTIFFS' MOTION TO ENFORCE
AND SUPPLEMENT
2:22-CV-01916-FWS (PVCx)**

1    (not possible to assess defendants' claims of burden without hit counts broken down

2    by each search term); *Horn v. Amazon.com, Inc.*, 2025 WL 748655, at *3 (W.D.

3    Wash. Mar. 7, 2025) (defendant failed to prove burden where it did not "provide[]

4    initial hit counts *for each search term*") (emphasis added).

5         This Court should therefore order Defendants to run the search parameters

6    Plaintiffs' proposed on November 24, 2025 over the complete universe of custodial

7    ESI and provide hit counts broken down by both search term and custodian. Without

8    broken-down hit counts, Plaintiffs have no way to meaningfully determine what

9    adjustments, if any, would be reasonable and they have no way to determine how to

10   prioritize review of some data over other data.

11        Additionally, Defendants cannot unilaterally determine that they will review

12   only a subset of the documents returned by Plaintiffs' search term parameters.

13   Brehnan Decl. ¶ 9. Defendants' insistence on reviewing only a subset—first made a

14   year after discovery restarted—is facially unreasonable. *Cf. Al Otro Lado, Inc. v.*

15   *McAleenan*, No. 17-cv-2366 (S.D. Cal. Nov. 14, 2019), ECF No. 326 at 1, 4 (in

16   litigation challenging port-of-entry policy, CBP had reviewed 213,405 documents by

17   about two months from court order). Plaintiffs should not be prejudiced by

18   Defendants' refusal to commit to interim deadlines, their failure to produce any

19   custodial ESI to date, and their failure to comply with existing discovery deadlines.

20   Allowing Defendants to review such a subset of documents would do just that.

21        Further, Defendants cannot unilaterally declare that Plaintiffs' search terms

22   result in too many irrelevant documents, and their opaque reference to reviewing

23   "random samples" of documents lacks transparency. Ex. B at 4-6, 8, 11. For sampling

24   to be appropriate, Defendants would need to provide a random sampling of a

25   statistically sound sample of documents returned by a specific search term for a

26   particular custodian. *See In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL

27   833681, at *2-3 (N.D. Cal. Feb. 24, 2015) (requiring defendants to produce random

28   sample of relevant and irrelevant documents so that plaintiffs could "modify the

1    search in an effort to improve precision"); *SPS Tech., LLC v. Briles Aerospace, Inc.*,

2    2020 WL 13910585, at *2 (C.D. Cal. Aug. 14, 2020) ("To reduce the number of

3    irrelevant documents captured by search keywords, parties routinely use "quality

4    control test[s] to assure accuracy in retrieval and elimination of 'false positives.'")

5    (citations omitted). Defendants would also need to disclose the percentages of non-

6    responsive documents within a sample. *Horn*, 2025 WL 748655, at *3 (overruling

7    burden argument where defendants failed to provide analysis of "percentage of

8    returned documents that are relevant."). But Defendants have not committed to either

9    measure.

10         The Court should order Defendants to proceed in the typical discovery process

11    of coming to a reasonable set of documents for review through negotiation over

12    review priorities. To the extent that Defendants do not provide adequate search term

13    hit counts, Defendants should be required to produce all responsive and non-

14    privileged documents returned by the already agreed search parameters. *See* ECF No.

15    152.

16  **IV.    Plaintiffs request that the Court enforce and supplement its August 29**
17          **Order on ESI discovery.**

18         Given Defendants' complete failure to comply with the Court's August 29

19    Order, and new assertion that they will not even review more than a subset of

20    documents returned by Plaintiffs' search parameters, Plaintiffs believe that a more

21    granular Order is necessary in this case. Plaintiffs respectfully request that the Court

22    supplement its August 29 Order as follows:

23         **A.    Hit count reports by custodian and search term by December 12,**
24              **2025.**

25         Plaintiffs respectfully request that Defendants be directed to provide Plaintiffs

26    and the Court with hit count reports broken down by custodian and search term by

27    December 12, 2025. The hit count reports should follow the example that Plaintiffs

28    provided to Defendants on September 19. *See* Ex. C at 9-11.

COOLEY LLP
ATTORNEYS AT LAW

13

PLAINTIFFS' MOTION TO ENFORCE
AND SUPPLEMENT
2:22-CV-01916-FWS (PVCx)

1    Compliance with such a deadline would require *all* potentially responsive

2    custodial ESI to be collected and uploaded to Relativity, Defendants' document

3    review software platform, prior to running any search terms to develop hit count

4    reports. Thus, Plaintiffs also respectfully request, jointly with the above, an order

5    directing Defendants to collect and upload all such data before the deadline to provide

6    the hit counts.

7    **B.    Conference to resolve any custodial ESI issues still in dispute on December 18, 2025, or at time convenient for the Court.**

8

9    With the potentially responsive ESI uploaded and the search term hit counts

10    ready, the parties will be best placed to further negotiate review priorities through

11    meet and confers. But Plaintiffs do not want to be left without recourse if the parties

12    are unable to reach agreement after one week of negotiations, especially given

13    Defendants' refusal to review more than a subset of documents returned by the

14    searches Defendants' agreed to run. *See* Brehnan Decl. ¶ 9. Plaintiffs therefore

15    believe the parties require a conference with the Court so that any remaining disputes

16    may be resolved at the conference. Plaintiffs contend that this is the best avenue to

17    avoid further delay and meet the discovery deadlines.

18    Plaintiffs respectfully request that the Court order such a conference on

19    December 18, 2025, or at a time convenient for the Court. To ensure the conference

20    is as efficient as possible, Plaintiffs propose that the parties submit a joint status

21    report three days before the conference that outlines the status of negotiations and the

22    remaining areas of disagreement to be resolved at the conference. For any areas of

23    disagreement, Defendants must include the relevant search term hit counts and any

24    results from responsiveness samples in the report.

25    **C.    Interim deadlines for rolling productions on December 19, 2025, December 30, 2025, January 13, 2026, and January 27, 2026.**

26

27    Defendants have disregarded the Court's order to make rolling productions and

28    thus far have produced no custodial ESI discovery. Therefore, Plaintiffs request the

COOLEY LLP
ATTORNEYS AT LAW

14

PLAINTIFFS' MOTION TO ENFORCE
AND SUPPLEMENT
2:22-CV-01916-FWS (PVCx)

1    Court set interim deadlines of December 19, 2025, December 30, 2025, January 13,

2    2026, and January 27, 2026 to act in place of a rolling production requirement leading

3    up to Defendants' custodial ESI document production deadline of February 5, 2026.

4    **D.    Twice-a-month joint status reports until completion of fact
5    discovery.**

6    Defendants have thus far failed to comply with their discovery obligations at

7    every turn. To avoid further protracted motion practice, Plaintiffs respectfully request

8    the Court order the parties to provide the Court with bi-monthly joint status reports

9    (on the first and third Wednesday of each month, starting on December 17, 2025) to

10   ensure Defendants fulfill their discovery obligations.  Alternatively, should the Court

11   prefer, Plaintiffs propose bi-monthly status conferences until the completion of fact

12   discovery.

13                               **CONCLUSION**

14   Based on the foregoing, Plaintiffs request that the Court enter their proposed

15   order reflecting the relief outlined above.

16   Dated: December 5, 2025                    COOLEY LLP
                                                JOHN C. BOSTIC (264367)
17                                              BRETT H. DE JARNETTE (292919)
                                                ALEXANDER BREHNAN (317776)
18                                              TAYLOR BOYLE (353178)
                                                HANNA EVENSEN (*pro hac vice*)
19

20                                              By: */s/ Alexander Brehnan*
21                                                   Alexander Brehnan

22                                              Ashley Gorski (*pro hac vice*)
                                                (agorski@aclu.org)
23                                              Theresa J. Lee (*pro hac vice*)
                                                (tlee@aclu.org)
24                                              Sean M. Lau (*pro hac vice*)
                                                (slau@aclu.org)
25                                              Hina Shamsi (*pro hac vice*)
                                                (hshamsi@aclu.org)
26                                              ACLU Foundation
                                                125 Broad Street, Floor 18
27                                              New York, NY  10004
                                                Telephone: +1 212 549 2500
28

COOLEY LLP
ATTORNEYS AT LAW

PLAINTIFFS' MOTION TO ENFORCE
AND SUPPLEMENT
2:22-CV-01916-FWS (PVCx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mohammad Tajsar (280152)
(mtajsar@aclusocal.org)
ACLU Foundation of Southern
California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 9500

Daniel Mach (*pro hac vice*)
(dmach@aclu.org)
Heather L. Weaver (226853)
(hweaver@aclu.org)
ACLU Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Telephone: +1 202 675 2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
ACLU of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Telephone: +1 651 645 4097

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH