# EXHIBIT A

**FILED REDACTED PURSUANT TO ORDER OF THE COURT DATED MAY 12, 2025**

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Friday, February 7, 2025 10:29 AM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Sara Robinson <srobinson@aclu.org>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>
**Cc:** Ashley Gorski <agorski@aclu.org>; Mohammad Tajsar <MTajsar@aclusocal.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob,

Thanks for the email.  Defendants are obligated to provide this information to Plaintiffs in a timely manner and have greatly prejudiced Plaintiffs by not doing so.  The fact of the matter is we are requesting 10 documents, which presumably total less than a hundred pages.  Those documents should have been produced either before the purported disruption, when we first requested them, or over two years ago, in initial disclosures.  We reserve all rights to seek intervention from the court or move to compel these documents if we do not receive them today, February 7.

In the meantime, we have attached a word document with proposed search parameters for the rest of outstanding discovery.  The parameters are preliminary, due in part to the fact that Plaintiffs have not received the TECS reports and hit lists, and Plaintiffs reserve the right to modify them.  We have two questions regarding Defendants' review systems:  (1) Do asterisks or exclamation points hit on all extensions of the preceding word or part-word, or does each return different results from the other?  (2) Are review systems case sensitive?

We have not heard back from you regarding the outstanding questions, as follows:

    1.      The capability of Defendants to search the TECS database on the backend or with external software for other records of incidents of religious questioning; would note that TECS

feeds into other platforms, such as ATS—so even if TECS entries are not text-searchable from TECS, would they be text-searchable from another platform?

2. Production of documents reflecting Defendants' employees' performance reviews;

3. Production of responsive documents concerning complaints or investigations of religious questioning in the possession or control of CBP-component offices other than DHS CRCL, such as CBP's Office of Diversity and Civil Rights, CBP's Office of Internal Affairs/Joint Intake Center, and CBP's Office of Public Affairs/CBP INFO Center, as well as from DHS TRIP;

4. The nature of any claimed burden to production of Defendants' employees' responsive communications on work and personal devices;

5. Whether Defendants consent to at least the 17 depositions currently anticipated by Plaintiffs.

Last thing, we have a few more that we would like answers to, as they will help direct discovery.  See below:

1. In response to your feedback on the cloud metadata, do Defendants utilize Google Workspace (Sheets, Docs, Gmail, Calendar, Drive, etc.) in any capacity?

2. What work-issued devices do Defendants' officers / agents use? If they are not issued a work mobile phone, do they use personal cell phones for work and/or do Defendants have a bring-your-own-device policy?

3. We listed the Port Directors from your September 2022 supplemental initial disclosures as custodians in the attached. Since those disclosures are from over two years ago, does that information need to be supplemented?

4. The supplemental initial disclosures note that the position of Port Director, Ottawa Preclearance is vacant.  *See* Supp. Initial Disc. at 4 n.2.  Does that information need to be supplemented?

5. What are the Defendants' policies on the preservation of audio recordings, video recordings, and handwritten notes from secondary inspections?

6. Do Defendants have any other formal "records of inspection" of the 10 incidents other than the TECS reports and hit lists? Defendants' Answer used that term and not TECS reports, so wanted to clarify. *See* Answer ¶¶ 60, 68, 74, 79, 112, 116, 120, 125.

7. Will the government accept service on behalf of Defendants' employees?

We will follow up on the ESI protocol but will wait to hear back on our question concerning Google Workspace, for efficiency's sake.


Best,

Alex

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Wednesday, February 5, 2025 11:42 AM
**To:** Sara Robinson <srobinson@aclu.org>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>
**Cc:** Ashley Gorski <agorski@aclu.org>; Brehnan, Alexander K <abrehnan@cooley.com>; Mohammad Tajsar <MTajsar@aclusocal.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

Sara,
Thanks for the note. These documents are a priority for me and my clients, and I hope to have them for you this week. I understand your urgency and I want to assure you that we are not dragging our feet here. The winter holidays and a presidential administration change cause delays in the normal course, but the last month we have had unprecedented disruption, both at DOJ and at the defendant agencies, that has created significant difficulties for our discovery work in this case.
We will be in contact soon.
Best,
Rob

**From:** Sara Robinson <srobinson@aclu.org>
**Sent:** Tuesday, February 4, 2025 6:58 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>
**Cc:** Ashley Gorski <agorski@aclu.org>; Brehnan, Alexander K <abrehnan@cooley.com>; Mohammad Tajsar <MTajsar@aclusocal.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Dear Rob,

As you know, we have still not received the missing eight TECS Reports and two CBP hit lists. Defendants blew past their own deadline of January 31 and did not provide us with a new date for production. This was after we repeatedly urged Defendants to produce the documents as soon as possible, with the end of January being the last resort. As we have explained, the rest of discovery hinges on the information in those documents, and Defendants' delay is extremely prejudicial to us. Can you please confirm that Defendants will produce the documents **by COB on Friday, February 7th**? If we do not receive the documents by that time, we will need to bring this matter to the attention of the court.

Best,
Sara

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Monday, February 3, 2025 8:38 AM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H.

<jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Alex,

As you may have noticed, we were not able to provide additional verified interrogatory responses or CBP documents last Friday. We are working on both of those items.

On the ESI PO, two small points:

1. In the attached draft, we've updated our sig block and also added a small addition right after your own proposed change. On that proposed change, we just wanted to be clear about the procedure for any privileged material. If there's any other concern on your end about that particular provision that we're not understanding, happy to discuss.
2. We conferred with our Civil Division discovery team and we aren't aware of any situations in which one of our agency clients has produced cloud-housed documents that lack traditional metadata fields, so the non-cloud fields should capture the pertinent information for our agency clients' documents.

Thanks,
Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Monday, January 27, 2025 6:46 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob, thanks for the clarifications and looking into the other question.  Can you confirm that Defendants be providing the remaining verified supplemental responses and the TECS reports and CBP hit lists this week?

Best,

Alex

---

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Monday, January 27, 2025 2:25 PM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

---

Alex,

Sure. The names in the encounter history hit list refer to officers in the primary inspection area (as do any names in the TECS reports labelled "Referred By"). Those would not be the same officers who participate in a subsequent

secondary inspection and in any questioning during a subsequent secondary inspection. And as to your last question, we confirm (subject to the objections in our formal response, and after reasonable investigation) that ████████████ did not participate in any questioning during the 8/6/2019 secondary inspection.

We'll check on the cloud question.

Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Friday, January 24, 2025 11:49 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob,

Thank you for this. We look forward to receiving the other verified responses.

We have some initial follow-up concerning some discrepancies in the response:

- Plaintiff Kariye, Incident 1 (Sept. 12, 2017, SeaTac)
  - An additional officer is listed in the CBP Encounter History Hit List ███████████ Can you please confirm whether he was present for any questioning of Imam Kariye during secondary inspection?
- Plaintiff Kariye, Incident 2 (Feb. 3, 2019, Blaine, Wash.)
  - An additional officer is listed in the CBP Encounter History Hit List ██████████████ Can you please confirm whether he was present for any questioning of Imam Kariye during secondary inspection?
- Plaintiff Kariye, Incident 3 (Nov. 24, 2019, Ottawa airport)
  - An additional officer is listed in the TECS report and the CBP Encounter History Hit List ██████████. Can you please confirm whether he was present for any questioning of Imam Kariye during secondary inspection?
- Plaintiff Kariye, Incident 4 (Aug. 16, 2020, SeaTac)
  - An additional officer is listed in the CBP Encounter History Hit List ██████████ Can you please confirm whether he was present for any questioning of Imam Kariye during secondary inspection?
- Plaintiff Mouslli, Incident 2 (Aug. 6, 2019, LAX)
  - The government initially reported that ███████████ participated in questioning (see Supp. Initial Disclosures at 4; ROGs Resp. at 12) but that name is not included in today's production. Can you please confirm whether he was present for any questioning of Mr. Mouslli during secondary inspection?

The draft ESI protocol is also attached. We made a minor addition and have a couple comments:

1. We are fine with most of your revisions.  With respect to the metadata fields, those related to cloud repositories are meant to provide information for documents and systems that do not populate traditional metadata fields or have additional metadata.  Do Defendants utilize any cloud-based repositories or document storage systems?
2. Understood regarding the anticipated signature block changes.

Let us know the above.


Best,

Alex

---

**From:** Meyer, Robert W. (CIV)
**Sent:** Friday, January 24, 2025 2:11 PM
**To:** Brehnan, Alexander K; Fuchs, Yuri S (CIV); Ashley Gorski
**Cc:** Mohammad Tajsar; Sara Robinson; Heather Weaver; Dan Mach; Teresa Nelson; Hemann, John H.; De Jarnette, Brett; Boyle, Taylor Jordan
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

---

Alex,


Thanks for checking in.


First, I've attached a verified amended response to Rog 7 from CBP.  While we are still working on verified responses from the other agencies, we expect this response to be the full list of the employees of the defendant agencies that participated in the alleged questioning in the 10 secondary inspections described in the amended complaint and the response does identify an additional individual who participated in the inspection of Mr. Shah.


Second, as for the TECS records and encounter history hit lists, we are still hoping to produce a number of them by the end of this month.


Third, one of your outstanding questions was the basis for our redactions on the previously produced documents, KARIYE-CBP-00000080-KARIYE-CBP-00000089. Those documents were redacted based on the law enforcement privilege.

We'll stay tuned on the ESI stipulation.


Thanks,


Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Friday, January 24, 2025 4:47 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS


Rob,


Following up here.  Will we be receiving the supplemental written discovery today and the TECS reports and hit list by next Friday (January 31), as promised?  Plaintiffs are being prejudiced by Defendants' unreasonable delay and, while we hope to avoid doing so, we reserve the right to seek court intervention for these foundational documents and information, not to mention the rest of discovery we propounded over two years ago, if needed.  Please provide us with your confirmation when you can today.


Best,

Alex


Alexander K. Brehnan

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

abrehnan@cooley.com

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Wednesday, January 22, 2025 5:29 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob,

Thanks for the updates.  Could Defendants confirm that we will receive the supplemental discovery responses this week?  Unfortunately, it has reached the point where I also have to ask you to confirm that Defendants will produce the TECS incident reports and CBP hit lists by end of January, as Defendants previously committed to.

Defendants' undue delay in producing the supplemental responses (let alone the TECS and CBP hit lists that should have been disclosed in initial disclosures 2 years ago) is unreasonable.  Plaintiffs held off on pursuing expedited discovery of the TECS incident reports and CBP hit lists in reliance on Defendants' confirmation that they would produce supplemented discovery with the names of Defendants' officers and agents present at the religious questioning incidents alleged in the amended complaint on an expedited basis.  Again, Plaintiffs are only holding off on pursuing the rest of discovery ***at Defendants' request*** that we agree on search terms and custodians, ***which can only be determined from the information in the TECS incident reports and CBP hit lists in Defendants' possession.***  It has now been close to a month since we first brought up this issue.

Please confirm **by which specific dates** Defendants will produce the above information and documents.

We will get back to you on Defendants' ESI protocol edits this week.

Best,

Alex



Alexander K. Brehnan

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

abrehnan@cooley.com

---

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Friday, January 17, 2025 9:00 PM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS


**[External]**

---

Alex,


Two updates for you.


First, we are still working on the verified, supplemental responses to Rog 7 and we don't quite have them for you today. We are prioritizing them and we expect to have them for you soon.

Second, I've attached a redlined draft ESI stipulation. Thank you for taking the first crack at this—we agree with almost all of what you proposed. Two explanatory notes:

- We have proposed removing from the list of metadata fields the fields that fall outside the Civil Division Production Specifications that the production Lab does not typically produce. We also note that many of these fields (*e.g.* CloudDocType) do not appear to provide relevant information about the author or modification of the document.
- Given the new administration coming in, our signature block will change between today and whenever we finalize this stip and file it with the court. So we'll need to make a few (non-substantive) adjustments later on to handle that.

We will be in touch this coming week about the outstanding items.

Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Thursday, January 16, 2025 5:09 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob, thanks for getting back on this, and understood re Catherine.  Yuri, nice to meet you.

Best,

Alex

---

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Thursday, January 16, 2025 2:03 PM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Fuchs, Yuri S (CIV) <Yuri.S.Fuchs@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

[External]

Alex,

Thanks for the email. We do hope to have that interrogatory supplement by tomorrow and additional TECS records by the end of January. We're actively working on these two high-priority items and we thank you for your patience on them.

As for the rest of your list, I'm conferring with my new teammate (see below) and we expect to have responses on many if not all of these soon. We'll be in touch on these as well.

Separately, I'd like to introduce you to my colleague Yuri Fuchs (CCed), who has replaced Catherine Yang on this case. You can direct all future emails to me and Yuri.

Thanks,

Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Thursday, January 16, 2025 2:31 AM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob,

We are following up on last week's email.  Please confirm whether Defendants will supplement their response to Plaintiffs' discovery requests with the identities of Defendants' employees present during the incidents alleged in the amended complaint by the end of this week (January 17).  Any further delay is unreasonable as outstanding discovery is paused, at Defendants' request, until the parties discuss custodians and search terms – which the parties will determine from the identities of Defendants' employees.  Such information is also entirely within Defendants' control.

Further, Plaintiffs cannot wait any longer to receive that information in order to have time to negotiate discovery, file any motions to compel, seek substantial completion of discovery prior to depositions and filing of any dispositive motions, and schedule depositions before the discovery cut off.  Plaintiffs only agreed to production of the missing TECS reports and CBP encounter hit lists by the end of January under the understanding that Defendants would provide the supplemental information far earlier in January.

We also have not heard back from Defendants on several items that have been outstanding for almost a month.  They are:

1.  Defendants' asserted privileges for redactions on documents bates stamped KARIYE-CBP-00000080-KARIYE-CBP-00000089;

2.  DHS, ICE, and HSI's failure to respond to several of Plaintiffs' interrogatories;

3.  The capability of Defendants to search the TECS database on the backend or with external software for other records of incidents of religious questioning;

4.  Production of documents reflecting Defendants' employees' performance reviews;

5.  Production of responsive documents concerning complaints or investigations of religious questioning in the possession or control of CBP-component offices other than DHS CRCL, such as CBP's Office of Diversity and Civil Rights, CBP's Office of Internal Affairs/Joint Intake Center, and CBP's Office of Public Affairs/CBP INFO Center, as well as from DHS TRIP;

6.  The nature of any claimed burden to production of Defendants' employees' responsive communications on work and personal devices;

7.  Defendants' redline of the parties' draft ESI protocol;

8.  Whether Defendants consent to at least the 17 depositions currently anticipated by Plaintiffs.

Please confirm that Defendants will supplement their responses to Plaintiffs' written discovery by end of week and will produce the missing TECS reports and CBP encounter hit lists by end of month.  Also let us know as soon as possible Defendants' response to the other outstanding items.


Best,

Alex

_____

**From:** Brehnan, Alexander K
**Sent:** Wednesday, January 8, 2025 10:52 AM
**To:** Meyer, Robert W. (CIV); Yang, Catherine M (CIV); Ashley Gorski
**Cc:** Mohammad Tajsar; Sara Robinson; Heather Weaver; Dan Mach; Teresa Nelson; Hemann, John H.; De Jarnette, Brett; Sanchez Santiago, Liz; Boyle, Taylor Jordan
**Subject:** Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob,


Thank you for the updates on the outstanding points and on the supplemental written discovery response.  The latter, again, comprises information that is crucial to Plaintiffs' case and for further discovery in this matter.  We look forward to receiving it soon, and, due to your response below, we presume by no later than next week.


Best,

Alex


**Alexander K. Brehnan**

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

abrehnan@cooley.com

---

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Wednesday, January 8, 2025 6:26 AM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS


**[External]**

13

Alex,

Thanks for that clarification.

We're actively working on the other outstanding points, including the written discovery. On the written discovery in particular, I think we're unlikely to have a supplement to interrogatory 7 by this Friday, in part given the additional federal holiday tomorrow. But we will have a supplement soon. We've made significant progress on it already and we know it is important to you.

Thanks,

Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Tuesday, January 7, 2025 6:30 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Rob,

One brief clarification on the below:  With respect to RFP No. 1, that RFP is not meant to and does not limit Defendants' obligation to produce all documents, without time restriction, that Defendants have in their possession, custody, or control and may use to support their claims or defenses per FRCP 26(a)(1).

We look forward to hearing back from you on the additional points (including those in my December 18 email to Catherine below).

Best,

Alex

14

Alexander K. Brehnan

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

abrehnan@cooley.com

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Monday, January 6, 2025 2:33 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>;
Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver
<hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H.
<jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz
<lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Rob,

I hope the New Year has been going well so far.

Thank you for getting back to us on the first two points.  Please let us know if Defendants will
supplement their written discovery as outlined below as soon as possible, as the date we requests to
receive that information, January 10, is Friday.

Best,

Alex

15

Alexander K. Brehnan

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

abrehnan@cooley.com

---

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Monday, January 6, 2025 2:05 PM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

[External]

---

Alex,

We are still discussing internally the written discovery supplementation and the complaints/disciplinary actions/performance reviews/commendations. But do I have responses for you on the first and second of the additional points. Subject to our other objections and responses, we agree to produce attachments to emails regardless the responsiveness of those attachments and we agree to your proposed compromise setting start dates of January 1, 2013 for the RFPs, with exceptions for RFPs 1, 2, 4, 6, 16, and 17, which start on January 1, 2010.

We'll get back to you soon on the rest!

Thanks,

Rob

**From:** Meyer, Robert W. (CIV)
**Sent:** Monday, December 30, 2024 5:09 PM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Alex,

Thanks for this, and for your willingness to work together throughout. We'll get back to you on these proposals once we have a chance to confer with our clients, which likely won't be until after this week's holiday.

Best,

Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Friday, December 27, 2024 7:53 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Rob,

Thanks for getting back to us. Plaintiffs cannot wait until the end of next month for these important documents because they are records of the incidents of religious questioning that are the basis of Plaintiffs' case and contain information that is a gating issue to the rest of discovery. It is difficult for us to understand how a production of ten documents (eight TECS reports for the other incidents and two encounter hit lists for Plaintiffs Mouslli and Shah) consisting of an estimated 25 pages would take 6-7 weeks. It also seems unlikely that any privilege would apply to these documents or could not be dealt with through the protective order agreed to by the parties in order to hasten production (see below).

17

However, to avoid further conflict at this juncture, Plaintiffs are agreeable to Defendants supplementing their written discovery responses with the identities and agency affiliations of all Defendants' officers and agents present during each of the ten incidents alleged in the amended complaint by January 10, with the understanding that the missing TECS reports and encounter hit lists will be produced by the end of January.  Let us know if Defendants will supplement their discovery responses with that information by January 10.

Please also see follow up on the additional points we discussed below.

1. Plaintiffs do not agree to production of only responsive attachments to emails and other documents.  We understand Defendants' position to be withholding non-responsive attachments is proper because of the burden involved in redacting non-responsive attachments.  We disagree.  *First*, production of all attachments is standard in litigation, as an attachment that may appear non-responsive on its face may be rendered responsive by the parent document or the association of the documents within the family.  *See Karnoski v. Trump*, No. C17-1297 MJP, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020) (citing *Abu Dhabi Comm'l Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508(SAS), 2011 WL 3738979 at *5 (S.D.N.Y. Aug. 18, 2011)).  Additionally, Plaintiffs are entitled to the entirety of responsive documents, which is a parent component and all attachments.  *See* F.R.C.P. 34(b) ("A party must produce documents as they are kept in the usual course of business[.]"); *PSEG Power N.Y., Inc. v. Alberici Constructors, Inc.*, 2007 WL 2687670 (N.D.N.Y. Sept. 7, 2007) ("Normally, one would expect that an email and its attachment would have been kept together in the regular course of business, and the production of said documents would have followed suit.").  *Second*, as discussed on our December 17 call with Catherine, neither privilege identified by the government — the deliberative process privilege or the law enforcement privilege — is applicable in this case. *See Shah v. Dep't of Just.*, 714 F. App'x 657, 659 (9th Cir. 2017) (SCOTUS and Ninth Circuit have not recognized law enforcement privilege); *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998) (deliberative process privilege does not apply when, as here, the government's intent is at issue).  Even if they were, the protective order in this case should alleviate any concern over the production of documents purportedly containing material subject to either privilege.   *See Nguyen v. City of Garden Grove*, 2023 WL 2558536, at *3 (C.D. Cal. Feb. 2, 2023) ("Numerous courts have held that a protective order addresses [] privacy concerns that arise in the context of law enforcement productions.").

Please confirm Defendants will produce all attachments to emails and other documents.

2. We believe January 1, 2010 is a reasonable start to the relevant time period to search for documents responsive to Plaintiffs' RFPs.  DHS CRCL received information and complaints of religious questioning on December 16, 2010.  *See* Letter from Margo Schlanger, Officer for C.R. & C.L., DHS, to Laura Murphy, Dir., Wash. Leg. Off., ACLU (May 3, 2011) (cited in First Am. Compl. ¶¶ 17).  This led DHS CRCL to open an investigation into the practice.  *See* Memorandum from Margo

Schlanger, Officer for C.R. & C.L., DHS, to Alan Bersin, Comm'r, CBP (May 3, 2011) (cited in First Am. Compl. ¶¶ 18–19); *see also* KARIYE-DHS-00000001 (discussing the DHS CRCL investigation opened in 2011).  Those complaints, records from the DHS CRCL investigations, the underlying TECS reports from the incidents at issue, and any other related documents, are relevant to Defendants' maintenance of a policy or practice related to religious questioning.

However, as a compromise to Defendants' position that the time period should start in 2017, Plaintiffs will agree to the relevant time period for Defendants' responses to Plaintiffs' RFPs to extend from January 1, 2013 to the present, with exceptions for RFPs 1, 2, 4, 6, 16, and 17.  Please confirm if Defendants agree to that compromise.

 3. Plaintiffs seek all documents reflecting complaints, disciplinary actions, performance reviews, and commendations for the officers and agents at issue, including from employment records, as requested by Plaintiff Kariye in Interrogatory No. 17.  This case concerns the practices and policies of Defendants, which are enacted through the behavior and actions of individual officers and agents.  Thus, the performance, and review or analysis of that performance, of those officers and agents is relevant to the issues in this case.  It is highly relevant, for example, if an officer or agent is commended for his or her performance, even without reference to religious questioning, if he or she participated in incidents of religious questioning.

Please confirm that Defendants will produce all documents reflecting complaints, disciplinary actions, performance reviews, and commendations for the officers and agents at issue without limitations related to religious questioning.

We are also happy to discuss on Monday or Tuesday next week.

Best,

Alex

Alexander K. Brehnan

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

[abrehnan@cooley.com](mailto:abrehnan@cooley.com)

---

**From:** Meyer, Robert W. (CIV) <[Robert.W.Meyer@usdoj.gov](mailto:Robert.W.Meyer@usdoj.gov)>
**Sent:** Monday, December 23, 2024 6:30 AM
**To:** Brehnan, Alexander K <[abrehnan@cooley.com](mailto:abrehnan@cooley.com)>; Yang, Catherine M (CIV) <[Catherine.M.Yang@usdoj.gov](mailto:Catherine.M.Yang@usdoj.gov)>; Ashley Gorski <[agorski@aclu.org](mailto:agorski@aclu.org)>
**Cc:** Mohammad Tajsar <[MTajsar@aclusocal.org](mailto:MTajsar@aclusocal.org)>; Sara Robinson <[srobinson@aclu.org](mailto:srobinson@aclu.org)>; Heather Weaver <[hweaver@aclu.org](mailto:hweaver@aclu.org)>; Dan Mach <[dmach@aclu.org](mailto:dmach@aclu.org)>; Teresa Nelson <[tnelson@aclu-mn.org](mailto:tnelson@aclu-mn.org)>; Hemann, John H. <[jhemann@cooley.com](mailto:jhemann@cooley.com)>; De Jarnette, Brett <[bdejarnette@cooley.com](mailto:bdejarnette@cooley.com)>; Sanchez Santiago, Liz <[lsanchezsantiago@cooley.com](mailto:lsanchezsantiago@cooley.com)>; Boyle, Taylor Jordan <[TBoyle@cooley.com](mailto:TBoyle@cooley.com)>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

---

Alex,

Good to meet you too, and thanks for the response. We understand that these documents and responses are important to you, and we are very much prioritizing them. However, I'm afraid we aren't able to commit to that Jan 10 deadline. Responsive documents will require a review for potentially applicable privileges and this review can sometimes take some time, and the winter holidays are making everything (across all my cases, not just this one!) take longer than they otherwise would.

We know these documents/responses are important to you, and we appreciate where you're coming from here. This is a priority for us and we hope to have them to you soon.

Thanks,

Rob

---

**From:** Brehnan, Alexander K <[abrehnan@cooley.com](mailto:abrehnan@cooley.com)>
**Sent:** Friday, December 20, 2024 5:40 PM
**To:** Meyer, Robert W. (CIV) <[Robert.W.Meyer@usdoj.gov](mailto:Robert.W.Meyer@usdoj.gov)>; Yang, Catherine M (CIV) <[Catherine.M.Yang@usdoj.gov](mailto:Catherine.M.Yang@usdoj.gov)>; Ashley Gorski <[agorski@aclu.org](mailto:agorski@aclu.org)>
**Cc:** Mohammad Tajsar <[MTajsar@aclusocal.org](mailto:MTajsar@aclusocal.org)>; Sara Robinson <[srobinson@aclu.org](mailto:srobinson@aclu.org)>; Heather Weaver <[hweaver@aclu.org](mailto:hweaver@aclu.org)>; Dan Mach <[dmach@aclu.org](mailto:dmach@aclu.org)>; Teresa Nelson <[tnelson@aclu-mn.org](mailto:tnelson@aclu-mn.org)>;

Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez
Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Rob,

Nice to meet you.  We appreciate you getting back to us regarding when the TECS reports, hit lists,
and identities of the officers/agents could be produced.  However, production of these documents and
information should be prioritized as they are central to this matter and further discovery hinges on, at
Defendants' request, determining search terms and custodians from these documents.  This
production should also be streamlined as we expect the documents to be similar in scope to the two
relevant reports and single list that were produced, which altogther consist of eight pages.  *See*
KARIYE-CBP-00000082–89.  Considering the above, please let us know if Defendants can commit to
producing the TECS report, hit lists, and officer/agent information by the second week of January
(January 10).

We will get back to you coming up on whether we seek all documents reflecting complaints,
disciplinary actions, performance reviews, and commendations for the officers and agents at issue, as
requested in Plaintiffs' Interrogatory No. 17.

Best,

Alex

---

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Friday, December 20, 2024 8:13 AM
**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather
Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>;
Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez
Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

Alex,

Thanks for the email. We hope to produce TECS reports, encounter lists, and a supplement to our response to Rog 7 by the end of January.

To add one item to your list of items to get back to us on, please let us know of your position on whether you want employee records that do not pertain to religious questioning.

Thanks,

Rob

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Wednesday, December 18, 2024 10:19 PM
**To:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Catherine,

Thank you for the call yesterday afternoon.  I have recapped the parties' agreements and positions from the call as follows:

- Secondary Inspection TECS Reports and CBP Encounter History Hit Lists

    - Defendants agreed to produce a full set of these documents on an expedited basis.

- Defendants' Response to Plaintiffs' Interrogatories

    - Plaintiffs' counsel pointed out that Defendants' interrogatory responses do not appear to list all of Defendants' agents or officers present during each religious questioning incident alleged in the amended complaint.  Defendants' counsel agreed to check with Defendants regarding the individuals present.

    - Plaintiffs' counsel also pointed out that they do not have responses from DHS, ICE, and HSI to certain of Plaintiffs' interrogatories.  *See, e.g.,* Def. Response to ROG No. 1.  Defendants' counsel agreed to check with those Defendants on their responses.

- Records of Religious Questioning in the TECS database

  - Counsel agreed to ask if Defendants' position is they would not search for and produce records related to religious questioning in the TECS database. Plaintiffs asked if the database could be searched on the backend. We would also like to understand whether the text in the TECS database could be made text-searchable through the use of separate software to read the database entries.

- Agents' and Officers' commendations, disciplinary records, and performance reviews

  - Counsel agreed to go back to agencies concerning production of these documents.

- Component CBP offices, including CBP's Office of Diversity and Civil Rights, CBP's Office of Internal Affairs/Joint Intake Center, CBP's Office of Public Affairs/CBP INFO Center, and DHS TRIP

  - Counsel agreed to get back to us on whether relevant documents within these offices have been or are planned to be searched for and produced.

- Redactions on Produced Documents, Including TECS Reports and CBP Encounter History Hit Lists

  - Defendants agreed to provide the asserted privilege for the redactions. *See* KARIYE-CBP-00000080-KARIYE-CBP-00000089.

  - Plaintiffs believe that such redactions based on a law enforcement privilege would be improper because case law, as cited in Plaintiffs' May 2, 2023 deficiency letter, indicates that (1) the Ninth Circuit has not recognized and the Central District district court has declined to recognize such a privilege and (2) even if such a privilege exists, the protective order entered in this case would address the concerns that would initiate the assertion of such a privilege. We welcome any case law from the Ninth Circuit or the Central District supporting Defendants' position on the privilege.

- Communications

  - The parties agreed to determine custodians and search terms to search for responsive communications. To the extent that Defendants believe that production of communications would be unduly burdensome, please identify said burden. Additionally, as Plaintiffs explained, this negotiation cannot go forward until Defendants produce (1) TECS reports related to the 10 incidents in the complaint and the CBP encounter hit lists and (2) the full list of Defendants' agents and officers present during each of the 10 incidents alleged in the amended complaint.

  - Defendants' refused to produce documents from Defendants' agents and officers' personal devices. Plaintiffs reserve their right to seek production of these documents.

- Depositions

  - Defendants are willing to discuss a deposition number greater than the 10 granted by the rules.

- ESI protocol
  - o Defendants will send over a redline.

We will get back to you on:

- Plaintiffs' position on production of all attachments to documents and emails.

- Plaintiffs' position on time period for Plaintiffs' RFPs.

Additionally, please let us know as soon as possible by when Defendants will (1) produce the missing TECS Reports for the incidents alleged in the amended complaint; (2) produce the missing CBP Encounter History Hit Lists for Plaintiffs, and (3) provide the list of Defendants' agents and officers present during the incidents in the amended complaint, as those will drive many of the discussions above.


Please feel free to correct anything you believe is in error above.


Best,

Alex


**Alexander K. Brehnan**

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

abrehnan@cooley.com


---

**From:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Sent:** Monday, December 16, 2024 2:16 PM

**To:** Brehnan, Alexander K <abrehnan@cooley.com>; Ashley Gorski <agorski@aclu.org>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

Hi Alex,

I don't think Rob will be able to make it tomorrow. Would 3pm EST work? 4pm is also fine, if you all have a preference.

Thanks,
Catherine

---

**From:** Brehnan, Alexander K <abrehnan@cooley.com>
**Sent:** Monday, December 16, 2024 12:30 PM
**To:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Ashley Gorski <agorski@aclu.org>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; Hemann, John H. <jhemann@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Sanchez Santiago, Liz <lsanchezsantiago@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Re: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Catherine,

Nice to meet you.  Following up on the below — when are you available to speak tomorrow after 12:30PM ET?  Let us know if Rob will join.

25

Also, in addition to the topics highlighted in Ashley's email and the deficiencies laid out in our April 4, 2023 letter to Defendants, we have a few other issues we would like to discuss on the meet-and-confer call:

1. Defendants only produced two of the ten TECS Secondary Inspection Reports associated with the incidents alleged in Plaintiffs' amended complaint.  In addition, Defendants only produced the CBP Encounter History Hit List for Plaintiff Kariye and did not produce the lists for Plaintiffs Mouslli and Shah.  The missing TECS Reports and CBP Encounter History Hit Lists should have been produced in response to Plaintiffs' first set of RFPs propounded in 2022.  The reports and list that were produced are found in KARIYE-CBP-00000080–89.  We would like to discuss production of the missing reports and lists on an expedited basis.

2. Defendants, in their response to Plaintiffs' interrogatory no. 7, did not identify all employees of Defendants who were present at the ten incidents alleged in the amended complaint.   We would like confirmation that Defendants will supplement their responses to Plaintiffs' interrogatories with this information.

3. With respect to documents religious questioning at ports of entry, it is unclear whether Defendants searched for and produced responsive materials in their possession, custody, and control from government offices other than DHS CRCL.  See response to Plaintiffs' RFP nos. 14, 18.  Other offices we expect may possess responsive documents include CBP's Office of Diversity and Civil Rights, CBP's Office of Internal Affairs/Joint Intake Center, CBP's Office of Public Affairs/CBP INFO Center, and DHS TRIP.  *See, e.g.*, KARIYE-CBP-00000032–033, 036–37.  We would like confirmation that Defendants did in fact or are planning to search for responsive documents in the possession or control of those offices.

Additionally, since Defendants added new counsel to the case (and I believe the original attorneys are no longer on the case) and since the case has been pending since 2022, we would like to remind Defendants of their ongoing obligation to preserve all documents and electronically stored information, including but not limited to officers and officials' communications, surveillance footage, and handwritten notes from Defendants and their employees.

We look forward to speaking tomorrow.

Best,

Alex

Alexander K. Brehnan

Cooley LLP

3175 Hanover Street

Palo Alto, CA  94304-1130

(650) 843-5402 office

(650) 647-0115 direct

[abrehnan@cooley.com](mailto:abrehnan@cooley.com)

---

**From:** Yang, Catherine M (CIV) <[Catherine.M.Yang@usdoj.gov](mailto:Catherine.M.Yang@usdoj.gov)>
**Sent:** Monday, December 9, 2024 10:19 AM
**To:** Ashley Gorski <[agorski@aclu.org](mailto:agorski@aclu.org)>; Meyer, Robert W. (CIV) <[Robert.W.Meyer@usdoj.gov](mailto:Robert.W.Meyer@usdoj.gov)>
**Cc:** Mohammad Tajsar <[MTajsar@aclusocal.org](mailto:MTajsar@aclusocal.org)>; Sara Robinson <[srobinson@aclu.org](mailto:srobinson@aclu.org)>; Heather
Weaver <[hweaver@aclu.org](mailto:hweaver@aclu.org)>; Dan Mach <[dmach@aclu.org](mailto:dmach@aclu.org)>; Teresa Nelson <[tnelson@aclu-mn.org](mailto:tnelson@aclu-mn.org)>;
Hemann, John H. <[jhemann@cooley.com](mailto:jhemann@cooley.com)>; De Jarnette, Brett <[bdejarnette@cooley.com](mailto:bdejarnette@cooley.com)>; Sanchez
Santiago, Liz <[lsanchezsantiago@cooley.com](mailto:lsanchezsantiago@cooley.com)>; Brehnan, Alexander K <[abrehnan@cooley.com](mailto:abrehnan@cooley.com)>; Boyle,
Taylor Jordan <[TBoyle@cooley.com](mailto:TBoyle@cooley.com)>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

**[External]**

---

Ashley,

That day overall is pretty clear for me. Let me check with Rob when he's back to see if there's a good
window for him to join. If not, I can make just about any time that afternoon work.

Best,
Catherine

**From:** Ashley Gorski <agorski@aclu.org>
**Sent:** Monday, December 9, 2024 12:43 PM
**To:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; 'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K <abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Catherine,

Thanks for getting back to us. December 17 sounds good. Is there a window after 12:30 pm ET that would work for you?

Thanks,

Ashley

---

**From:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Sent:** Monday, December 9, 2024 12:19 PM
**To:** Ashley Gorski <agorski@aclu.org>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; 'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K <abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Ashley,

Would Tuesday, December 17 work? It might just be me but we should be able to have a meaningful discussion on items 1, 3, and 4 on your agenda. We'll likely need more time to dig in to the specific issues raised in item 2, but we can certainly start the conversation on that as well.


Best,

Catherine

---

**From:** Ashley Gorski <agorski@aclu.org>
**Sent:** Friday, December 6, 2024 7:05 PM
**To:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; 'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K <abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS


Hi Catherine,


Following up on our call, we'd like to schedule the meet-and-confer for a date as soon as possible. I know Rob mentioned that he's unavailable for much of the next two weeks, but we're happy to work around his schedule within that window. Alternatively, we could find a time on December 26 or 27. Please let us know.


Thanks,

Ashley

---

**From:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Sent:** Friday, December 6, 2024 12:14 PM
**To:** Ashley Gorski <agorski@aclu.org>; Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; 'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz

29

Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K <abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Hi Ashley,

As Rob previewed, we plan to request an extension to the answer deadline until January 31, given unavailability in December and early January. Rob and I both will be out of the office in the upcoming weeks, so we'd like to file the motion this afternoon if we can. Can we indicate plaintiffs' consent, or some other position?

Thanks,

Catherine

---

**From:** Ashley Gorski <agorski@aclu.org>
**Sent:** Thursday, December 5, 2024 2:16 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>; 'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K <abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Subject:** [EXTERNAL] RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Thanks, Rob—and nice to meet you, Catherine. We'll wait to hear back from you on scheduling.

Best,

Ashley

**From:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Sent:** Thursday, December 5, 2024 1:50 PM
**To:** Ashley Gorski <agorski@aclu.org>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather
Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>;
'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz
Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K
<abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>; Yang, Catherine M (CIV)
<Catherine.M.Yang@usdoj.gov>
**Subject:** RE: Kariye v. Mayorkas, No. 22-cv-01916-FWS

Ashley,

Thanks for reaching out, and same to you! We'll get back to you on all these issues/scheduling a meet-
and-confer. I will be unavailable much of the next two weeks and want to make sure that I can give these
items their due and make our meet-and-confer as productive as possible.

Separately, two other points:

- I'd like to introduce you to my colleague, Catherine Yang (CCed here) who'll be working with me on this case.
  Please include her on emails going forward.
- As a heads-up, we may ask for your consent to a reasonable extension of our current deadline to answer the
  complaint (12/30), given my aforementioned leave plans and the winter holidays.

Thanks,

Rob

**From:** Ashley Gorski <agorski@aclu.org>
**Sent:** Thursday, December 5, 2024 12:56 PM
**To:** Meyer, Robert W. (CIV) <Robert.W.Meyer@usdoj.gov>
**Cc:** Mohammad Tajsar <MTajsar@aclusocal.org>; Sara Robinson <srobinson@aclu.org>; Heather
Weaver <hweaver@aclu.org>; Dan Mach <dmach@aclu.org>; Teresa Nelson <tnelson@aclu-mn.org>;
'jhemann@cooley.com' <jhemann@cooley.com>; 'De Jarnette, Brett' <bdejarnette@cooley.com>; Liz
Sanchez Santiago Contact <lsanchezsantiago@cooley.com>; Brehnan, Alexander K
<abrehnan@cooley.com>; Boyle, Taylor Jordan <TBoyle@cooley.com>
**Subject:** [EXTERNAL] Kariye v. Mayorkas, No. 22-cv-01916-FWS

Dear Rob,

31

I hope this email finds you well. Now that the mandate has issued, we wanted to connect about scheduling a meet-and-confer to address the following:

1. Would Defendants consider consenting to transfer the case to a magistrate judge, per General Order No. 24-06? The parties would have to agree on a judge from the Voluntary Consent List, available here: https://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges.
2. On May 2, 2023, Plaintiffs sent Defendants correspondence regarding deficiencies in Defendants' responses and production served on April 4, 2023, to which Defendants never substantively responded. That letter is attached here.
3. On September 28, 2022, Plaintiffs sent Defendants a draft ESI stipulation, to which Defendants never substantively responded. That draft stipulation is attached.
4. As set forth in the parties' Joint Rule 26(f) Report, the parties previously disagreed about the number of depositions that Plaintiffs should be permitted to take. Plaintiffs will seek to conduct 17 depositions, rather than the 10 depositions permitted by default. Defendants' objection to the 17 depositions was based on the fact that their motion to dismiss was pending, and that it was unclear which (if any) counts in the complaint would remain at issue. Because all relevant counts in the complaint are still at issue, Plaintiffs seek Defendants' consent to a motion to proceed with 17 depositions.

Please let us know your availability to discuss.

Thanks,

Ashley

**Ashley Gorski**

Senior Staff Attorney | National Security Project

American Civil Liberties Union

125 Broad St., New York, NY  10004

(812) 236-4158 | agorski@aclu.org

www.aclu.org

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.



This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**Attachment to Plaintiffs' February 7, 2024 Email**

### ***Kariye v. Mayorkas* – Plaintiffs' Proposed Search Parameters**

*This is a preliminary list; Plaintiffs reserve their right to add or modify the list over the course of discovery.*

## **General Search Parameters**

These search terms should apply to all documents and communications, wherever located.

<u>Custodians</u>

1. Former and Current Secretary/Acting Secretary of the Department of Homeland Security (DHS):  Kristi Noem, Alejandro Mayorkas, Pete Gaynor, Chad Wolf, Kevin McAleenan, Kirstjen M. Nielsen, Elaine C. Duek, John F. Kelly, Jeh Charles Johnson, and Janet Napolitano.
2. Former and Current Commissioner/Acting Commissioner of U.S. Customs and Border Protection (CBP): Chris Magnus, Pete R. Flores, Troy A. Miller, Mark A. Morgan, John P. Sanders, Kevin K. McAleenan, Gil Kerlikowske, and Thomas S. Winkowski.
3. Former and Current Director/Acting Director of U.S. Immigration and Customs Enforcement (ICE): Caleb Vitello, Patrick Lechleitner, Tae Johnson, Jonathan Fahey, Tony Pham, Matthew Albence, Mark A. Morgan, Matthew Albence, Ronald Vitiello, Thomas Homan, Daniel Ragsdale, Sara Saldana, Thomas S. Winkowski, John Sandweg, and John T. Morton.
4. Former and Current Executive Associate Director/Acting Executive Associate Director, Homeland Security Investigations (HSI): Robert J. Hammer, Katrina W. Berger, Steve K. Francis, Patrick Lechleitner, and Peter T. Edge.
5. Former and Current Executive Director/Acting Executive Director, Operations Directorate, Office of Field Operations, CBP: Casey Owen Durst, Diane Sabatino, Erik R. Soykan
6. Former and Current Chief Counsel of CBP: Frederick Smith, Scott K. Falk and Alfonso Robles.
7. Former and Current Office of Diversity and Civil Rights, Office of Commissioner, CBP: Rebekah Salazar, Temea Simmons-Collins, Anselm Beach, and Franklin C. Jones.
8. Former and Current Deputy Assistant Commissioner, Office of Internal Affairs (Now Office of Professional Responsibility (OPR), Joint Intake Center, CBP: Michael James, Carla L. Provost, Paul Hamrick, and Linda Jacksta.
9. Former and Current Deputy Assistant Commissioner, Office of Public Affairs, CBP Info Center, CBP: Kelly Johnson, Jeff Carter, Mike Balero, Chris O'Niel, and Thomas J. Walters.
10. Former and Current Officer for Civil Rights and Civil Liberties, DHS Office of Civil Rights and Civil Liberties: Shoba Sivaprasad Wadhia, Peter Mina, Katherine Culliton-Gonzalez, Patricia Nation, Cameron Quinn, Megan H. Mack, Tamara Kessler, Margo Schlanger
11. Former and Current Deputy Officer for Civil Rights and Civil Liberties, DHS Office of Civil Rights and Civil Liberties: Peter Mina, Veronica Venture, Shoba Sivaprasad

1

Wadhia, Katherine Culliton-González, Patricia Nation, Cameron Quinn, and Megan H. Mack.

12. Deborah Moore, Director, DHS Traveler Redress Inquiry Program (DHS TRIP)
13. Jose R. Ortega, Area Port Director, Area Port of Seattle, Office of Field Operations
14. Harmit Gill, Area Port Director, Area Port of Blaine, Office of Field Operations
15. Cheryl Davies, Port Director, Los Angeles International Airport, Office of Field Operations
16. Augustine Moore, Area Port Director, Area Port of Minneapolis, Office of Field Operations
17. Peter Bachelier, Port Director, Lukeville Port of Entry
18. ███████████ CBP Officer, Seattle-Tacoma International Airport
19. ███████████ CBP Officer, Port of Blaine, Washington
20. ███████████ CBP Officer, Port of San Diego
21. ███████████ Supervisory CBP Officer, Seattle-Tacoma International Airport
22. ███████████ CBP Officer, Port of Minneapolis
23. ███████████ Former CBP Officer, Lukeville Port of Entry
24. ███████████ Supervisory CBP Officer, Calgary Preclearance
25. ███████████ CBP Officer, Border Security Division, World Trade Center, Long Beach
26. ███████████ CBP Officer, Los Angeles International Airport
27. ███████████ BP Officer, Los Angeles International Airport
28. ███████████ CBP Officer, Los Angeles International Airport
29. ███████████ CBP Officers, Los Angeles International Airport
30. Defendants' agencies (for databases in the possession, custody, or control of those agencies)

<u>Date Range</u>: January 1, 2013 to present

<u>Search Terms</u>

- All documents and communications containing:

  - Kariye OR Mouslli OR Shah; OR

  - religio* OR faith* OR muslim* OR christian* OR islam* OR jew* OR Judaism OR orthodox OR catholic* OR pray* OR Shia* OR Shi'a* OR Shiite* OR Sunni* OR Salafi* OR Sufi* OR Shi'ite* OR Shii* OR Wahhabi* OR Wahabi* OR hajj OR hadj OR haj OR haji OR umrah OR umra OR 'umrah OR mosque OR masjid OR imam OR Koran OR Qur'an OR Qu'ran OR Quran OR zakat OR zakah OR Taymiyyah OR Taymiyah OR Taymiya OR music OR Ramadan OR kufiya* OR kaffiyeh* OR kafiye* OR keffiyeh* OR kuffiyeh* OR madrassa OR madrasa OR thobe OR kufi OR hijab* OR burqa OR burka OR abaya OR niqab OR niqab OR turban OR kurta OR ghutra OR ghutrah OR egal OR izar OR bisht OR Arab* OR "Middle East*"; OR

2

- o   qaeda OR ISIS OR Hamas OR Hezbollah OR Hizballah OR ISIL OR daesh OR OR "al-shabab" OR "Al-Shabaab" OR shabab OR shabaab OR terror* OR "material support" OR informant* OR mujahedeen OR mujahideen OR mujahidin OR plot* OR sharia OR shariah OR suspect* OR evad* OR evasive*; OR

- o   jihad* OR hajji OR raghead* OR "rag head*" OR towelhead* OR "towel head*" OR "dune coon" OR "camel jockey*" OR "sand ni*" OR tonk*; OR

- o   "civil right* OR "civil libert*" OR "human right*" OR complaint* OR TRIP OR CRCL OR "national security" OR freedom OR constitution* OR "First Amendment" OR "1st Amendment" OR 1A OR lawyer* OR attorney* OR legal OR illegal OR lawful OR unlawful; OR

- o   

- All calendar entries or meeting invitations containing:

    - o   Kariye OR Mouslli OR Shah

    - o   Phone numbers for: 

**Email, Messaging Systems, Work Phones, and Handwritten Notes**

- In addition to the search terms above, which apply to all documents and communications wherever located, we request all documents and communications in email, messaging systems, and work phones, as well as handwritten notes, for the day of each incident alleged in the amended complaint and the 3 days before and after each alleged incident.

- For emails, messaging systems, and work phones, we would also like to include the following additional search terms:

    - o   

3

**Audio/Visual Recording**

- We request all audio and visual recordings of secondary inspections at the relevant border crossing from the day of each incident alleged in the amended complaint, including all audio and visual recordings of secondary inspections of Plaintiffs.
- We also request all audio and visual recordings of primary inspections of Plaintiffs.

**TECS Database / ATS Database**

- For clarification, we also request that the search terms for documents and communications set forth above be applied to the TECS database.
- Insofar as officers would have had access to certain information in the Automated Targeting System (ATS) during the primary or secondary inspections of Plaintiffs, we further request the production of information in ATS or in other government databases that was available to officers at the time of the inspection of Plaintiffs. Plaintiffs reserve their rights to seek other information from the ATS database.

4