COOLEY LLP
JOHN C. BOSTIC (264367)
(jbostic@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ALEXANDER K. BREHNAN (317776)
(abrehnan@cooley.com)
TAYLOR BOYLE (353178)
(TBoyle@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:  +1 650 843 5000
Facsimile:   +1 650 849 7400

JOHN HEMANN (165823)
(jhemann@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000

*(See additional counsel listed below)*

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRAHMAN ADEN KARIYE, MOHAMAD MOUSLLI, and HAMEEM SHAH, <br><br> Plaintiffs, <br><br> v. <br><br> MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity, et al., <br><br> Defendants. | Case No. 2:22-cv-01916-FWS (PVCx) <br><br> District Judge: Fred W. Slaughter <br> Magistrate Judge: Pedro V. Castillo <br><br> **PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM DEADLINE TO PRODUCE WORK PHONE DATA** |

Pursuant to the Court's order, Dkt. No. 217, Plaintiffs file this partial opposition to Defendants' motion for a three-week extension of their deadline to produce work phone data from relevant CBP officers, Dkt. No. 215. Defendants' extension request is unjustified in light of their prior discovery delays and their ongoing obligation to maintain contact with and obtain discovery from the officers. Nevertheless, Plaintiffs originally agreed to a one-week extension. Now, Plaintiffs would not oppose a two-week extension, to April 16, 2026, if Defendants are ordered to conduct a reasonable and proper search of the devices that involves all relevant CBP officers, uses appropriate search terms, and includes devices like tablets. Clarity around Defendants' search obligations would also mitigate the need for further motion practice. A two-week extension is more than enough to complete such a search and further delay is not warranted.

## I.    A three-week extension is not necessary.

Extension of a deadline is unjustified if the party seeking the extension fails to show good cause because it "has been negligent, lacked diligence, acted in bad faith, or abused prior extensions." *Dual Diagnosis Assessment & Treatment Ctr. v. Cal. Dep't of Health Care Serv.*, No. 13-cv-06935, 2015 WL 13764909, at *2 (C.D. Cal. Sep. 8, 2015) (quoting *Parker v. FedEx Nat'l LTL, Inc.*, No. CV 11-638, 2011 WL 11671754, at *3 (C.D. Cal. Apr. 11, 2011)). Here, Defendants have already stalled for months, including by maintaining the unreasonable position that pre-2023 communications from work phones were not "likely to shed significant light on issues relevant to this case[.]" Dkt. No. 134 at 10. This Court rejected Defendants' argument, finding that pre-2023 communications were "without a doubt" relevant and that Defendants' contentions about burden were contradictory. *See* Dkt. No. 208 at 10–11. This Court ordered production of data from the phones. Defendants should not be allowed to delay further.

Defendants have also failed to act diligently. They admit that only *after* this Court's order in March 2026 did Defendants "beg[i]n to search" for phones,

including by "contact[ing] . . . individuals" and asking those individuals if they had been issued work phones prior to May 2023. Dkt. No. 215-1 ¶ 5. But as part of their preservation obligations, Defendants were required to conduct that outreach at the time this litigation became reasonably anticipated. *See, e.g.*, *Montoya v. Orange Cnty. Sheriff's Dep't*, No. SACV 11-1922, 2013 WL 6705992, at *10 (C.D. Cal. Dec. 18, 2013) (defendants have an "obligation to contact the key players involved in [the plaintiff's] claims to ensure that they preserved evidence in their possession and on their computers"); *Taylor v. Shippers Transp. Express, Inc.*, No. CV 13-02092, 2014 WL 12560879, at *5 (C.D. Cal. July 7, 2014) (because "the duty to preserve also includes an obligation to identify, locate, and maintain relevant information," defendant had "the duty to identify and locate relevant written communications even if it did not know they existed," yet "never even asked its employees if they sent text messages" (cleaned up) (emphasis omitted)). Whether Defendants believed the Court might rule in their favor and not require Defendants to search the devices is irrelevant to their preservation obligations. Thus, Defendants should have long ago identified any devices that could contain relevant information.

In addition, Defendants' dilatory conduct throughout this litigation has already forced three extensions of the discovery schedule. *See* Dkt. Nos. 103, 104, 180, 186, 209, 216.[1] As Plaintiffs have previously explained with respect to custodial ESI, Defendants have not even made required productions after this Court ordered them to do so. *See* Dkt. No. 189. Defendants' own lack of diligence is no grounds for further extensions of court-ordered discovery deadlines.

## II. Plaintiffs would not oppose an extension through April 16, 2026 if Defendants are ordered to conduct a proper search.

Defendants should already have identified the devices from all relevant officers. While Plaintiffs believe a one-week extension provides sufficient time to

---

[1] Plaintiffs agreed to stipulate to the extensions to ensure they received document discovery in advance of depositions. But it is Defendants' conduct that created the need for the extensions in the first place.

conduct a reasonable search, a two-week extension is more than enough time for Defendants to carry out a proper search using appropriate search terms on all relevant devices. Plaintiffs respectfully request the Court order Defendants to perform a search in line with the parameters below.

**A. Defendants should have already located the relevant devices.**

Although Defendants should have identified the relevant devices as part of their preservation efforts, identifying those devices now should not be onerous. . As an initial matter, Defendants should be in regular contact with the CBP officers to remind them of their general preservation obligations. *See Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1150–51 (N.D. Cal. 2012) (defendant required "to monitor its employees' preservation efforts" and "follow up with the affected employees"); *United Factory Furniture Corp. v. Alterwitz*, No. 12-cv-00059, 2012 WL 1155741, at \*3 (D. Nev. Apr. 6, 2012) (counsel required to "take affirmative steps to monitor compliance" with preservation obligations).

Further, Defense counsel should already have ongoing interactions with the officers as part of the ordinary course of discovery, including during shutdowns. For example, Defendants recently investigated which officers participated in, were present at, or supervised the questioning of Plaintiffs. *See* Dkt. No. 208 at 8-10, 14 (requiring an amended response to Interrogatory No. 7). As part of that investigation, which occurred during the ongoing shutdown, it is reasonable to assume Defendants spoke to many of the officers they knew to be involved in the secondary inspections of Plaintiffs. Defendants have also confirmed that many of the involved officers did not have handwritten notes from the secondary inspections in their personal possession. *See* Declaration of Alexander K. Brehnan ISO Plfs.' Partial Opp'n to Mot. for Relief from Deadline to Produce Work Phone Data ("Brehnan Decl.") Ex. A at 4. Counsel could only make that statement after checking with the officers themselves. And perhaps most importantly, the individuals in question are also custodians for purposes of custodial ESI collection. Defendants are (or should be) in

touch with the officers as part of that process.

Because Defendants should be in routine communication with the officers, a two-week extension is more than enough time to identify whether the officers have relevant devices.

### B. Defendants must conduct a reasonable search, and a two-week extension is more than sufficient to do so.

Plaintiffs are concerned that Defendants may take an unreasonably restrictive interpretation of their obligation to "search any relevant phones and produce any responsive material on them." Dkt. No. 208 at 11. To avoid further motion practice, Plaintiffs respectfully request that the Court, in ruling on Defendants' extension request, clarify the scope of the search ordered by this Court. *See id.* at 10–11, 14.

*First*, Defendants must identify the devices associated with *all* the relevant CBP officers. In their motion, Defendants agreed to search for the phones associated with all CBP officers listed in their recent amendment to Plaintiffs' Interrogatory No. 7. Dkt. No. 215 at 1. But Defendants' declarant only recounted attempts to contact individuals listed as "Category C" custodians in Plaintiffs' most recently proposed custodial ESI search parameters, without mentioning the individuals listed in the interrogatory response.[2] Dkt. No. 215-1 ¶ 5. To avoid ambiguity, Plaintiffs request that the Court order Defendants to search for CBP officers in both the amended interrogatory response and the list of Category C custodians.

Plaintiffs also anticipate that Defendants will need to further amend their response to Interrogatory No. 7. Plaintiffs have sent Defendants several questions about additional CBP officers who are likely missing from Defendants' interrogatory response. *See* Brehnan Decl. Ex. B at 10–11. Defendants have yet to respond. To the extent additional CBP officers are identified, Plaintiffs request the Court order Defendants to identify and search work devices associated with those officers by either the forthcoming deadline set by the Court to search work devices or two weeks

---

[2] The lists overlap but are not identical.

after the individual is identified.

*Second*, Defendants so far have refused to disclose the search parameters they intend to use for devices they have located, beyond the barebones assertion that their searches will be "reasonable." But in the context of custodial ESI generally, the parties have taken vastly different positions about what search parameters count as "reasonable"; that dispute remains pending before this Court. *See* Dkt. Nos. 182, 188, 189, 194.[3] Regardless of whether Defendants conduct a manual review of the devices or use the "Cellebrite" tool referenced by their declarant, *see* Dkt. No. 215-1 ¶¶ 9-10, Defendants are likely to use search terms to return potentially responsive information.[4] Defendants should conduct a search of the devices based on the terms included in Plaintiffs' most recent proposal of search terms parameters for custodial ESI. Plaintiffs attach, as Exhibit C, a variation of that proposal that Plaintiffs developed based on Defendants' representations about their technical search capabilities associated with phone searches. Brehnan Decl. Ex. C at 19–20.[5] These terms are reasonably targeted to the issues that are relevant to this lawsuit. And given that Defendants have represented that they are unlikely to identify many phones, *see* Dkt. No. 215 at 1, it is not unduly burdensome for Defendants to use these terms.

*Third*, this Court should clarify that Defendants must identify and search any electronic devices with messaging applications, such as tablets. These devices are equivalent to phones. Plaintiffs acknowledge that their initial request was limited to work phones. But because Defendants are already reaching out to the involved CBP officers to identify devices, and to save this Court from future motion practice on this issue, Plaintiffs respectfully request that the Court clarify that its extension order

---

[3] Plaintiffs' position is that the phones contain custodial ESI which, under this Court's order, was required to be produced by November 2025. *See* Dkt. No. 160 (Court's order); Dkt. No. 182 at 1 n.1 (explaining Plaintiffs' calculation of November 2025 deadline given a lapse in appropriations).
[4] Even if Defendants review each message or document on the device, search terms would still likely help Defendants determine what information is responsive.
[5] Because Defense counsel has represented that Defendants cannot search the devices using root expanders or proximity or substantive limiters, the search terms in Exhibit C do not include those expanders or limiters.

applies to all electronic devices that include messaging applications.

Plaintiffs respectfully submit that, by making these clarifications, the Court will reduce the likelihood of further disputes between the parties and thus the need for further extensions.

### III.   Conclusion

Plaintiffs believe it is more than reasonable for Defendants to identify and search the CBP officers' work devices by April 9, 2026. But to ensure that Defendants conduct a proper search—one that includes all relevant CBP officers, uses appropriate search terms, and includes devices like tablets—Plaintiffs would not oppose an extension to April 16, 2026. Plaintiffs enclose a proposed order outlining their requested relief.

Dated: April 6, 2026

COOLEY LLP
JOHN C. BOSTIC (264367)
BRETT H. DE JARNETTE (292919)
ALEXANDER BREHNAN (317776)
TAYLOR BOYLE (353178)
HANNA EVENSEN (*pro hac vice*)


By: */s/ Alexander Brehnan*
      Alexander Brehnan

Ashley Gorski (*pro hac vice*)
(agorski@aclu.org)
Sean M. Lau (*pro hac vice*)
(slau@aclu.org)
Hina Shamsi (*pro hac vice*)
(hshamsi@aclu.org)
ACLU Foundation
125 Broad Street, Floor 18
New York, NY  10004
Telephone: +1 212 549 2500

Mohammad Tajsar (280152)
(mtajsar@aclusocal.org)
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 9500

Daniel Mach (*pro hac vice*)
(dmach@aclu.org)
Heather L. Weaver (226853)
(hweaver@aclu.org)
ACLU Foundation
915 15th St., NW Ste. 600
Washington, DC 20005
Telephone: +1 202 675 2330

Teresa Nelson (*pro hac vice*)
tnelson@aclu-mn.org
ACLU of Minnesota
P.O. Box 14720
Minneapolis, MN 55415
Telephone: +1 651 645 4097

Attorneys for Plaintiffs
ABDIRAHMAN ADEN KARIYE,
MOHAMAD MOUSLLI, and
HAMEEM SHAH

COOLEY LLP
ATTORNEYS AT LAW

7

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF**
**2:22-CV-01916-FWS (PVCx)**